1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

|  |  |
|---|---|
| TESSERA, INC.,<br><br>                   Plaintiff,<br><br>     v.<br><br>SONY CORPORATION,<br><br>               Defendant. | Case No. 5:11-CV-04399-EJD (HRL)<br><br>STIPULATED PROTECTIVE ORDER FOR LITIGATION INVOLVING PATENTS, HIGHLY SENSITIVE CONFIDENTIAL INFORMATION AND/OR TRADE SECRETS |

1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section

14.4, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

STIPULATED PROTECTIVE ORDER
CASE NO. 5:11-cv-04399-EJD (HRL)
2448137.

- 2 -

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> and
<u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" Information or Items</u>:
extremely sensitive "Confidential Information or Items," disclosure of which to another Party
or Non-Party would create a substantial risk of serious harm that could not be avoided by less
restrictive means.

2.9 <u>House Counsel</u>:  attorneys who are employees of a party to this action.
House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Corporate Representatives</u>:  officers, directors, or other employees of a
party to this action.

2.11 <u>Non-Party</u>:  any natural person, partnership, corporation, association, or
other legal entity not named as a Party to this action.

2.12 <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to
this action but are retained to represent or advise a party to this action and have appeared in this
action on behalf of that party or are affiliated with a law firm which has appeared on behalf of
that party.

2.13 <u>Party</u>:  any party to this action, including all of its officers, directors,
employees, consultants, retained experts, and Outside Counsel of Record (and their support
staffs).

2.14 <u>Producing Party</u>:  a Party or Non-Party that produces Disclosure or
Discovery Material in this action.

2.15 <u>Professional Vendors</u>:  persons or entities that provide litigation support
services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and
organizing, storing, or retrieving data in any form or medium) and their employees and
subcontractors.

2.16 <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated
as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or
<u>"HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."</u>

2.17 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.      SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.      DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

5.1   <u>Exercise of Restraint and Care in Designating Material for Protection</u>.   Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for

1    protection only those parts of material, documents, items, or oral or written communications

2    that qualify – so that other portions of the material, documents, items, or communications for

3    which protection is not warranted are not swept unjustifiably within the ambit of this Order.

4            Mass, indiscriminate, or routinized designations are prohibited.  Designations that

5    are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to

6    unnecessarily encumber or retard the case development process or to impose unnecessary

7    expenses and burdens on other parties) expose the Designating Party to sanctions.

8            If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection at all or do not qualify for the level of

10   protection initially asserted, that Designating Party must promptly notify all other parties that it is

11   withdrawing the mistaken designation.

12           5.2  Manner and Timing of Designations.  Except as otherwise provided in this

13   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

14   ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be

15   clearly so designated before the material is disclosed or produced.

16           Designation in conformity with this Order requires:

17           (a)     for information in documentary form (e.g., paper or electronic documents,

18   but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing

19   Party affix the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

20   ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" to each page that

21   contains protected material.  Where it is not practicable to affix a legend to each page, the

22   Producing Party must affix the legend to the Protected Material by a similar means sufficient to

23   clearly identify the designation applied to the Protected Material.  If only a portion or portions of

24   the material on a page qualifies for protection, the Producing Party also must clearly identify the

25   protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for

26   each portion, the level of protection being asserted.

27           A Party or Non-Party that makes original documents or materials available for

28   inspection need not designate them for protection until after the inspecting Party has indicated

1  which material it would like copied and produced.  During the inspection and before the

2  designation, all of the material made available for inspection shall be deemed "HIGHLY

3  CONFIDENTIAL – OUTSIDE COUNSEL ONLY."  After the inspecting Party has identified the

4  documents it wants copied and produced, the Producing Party must determine which documents,

5  or portions thereof, qualify for protection under this Order.  Then, before producing the specified

6  documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL,"

7  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

8  OUTSIDE COUNSEL ONLY") to each page that contains Protected Material.  Where it is not

9  practicable to affix a legend to each page, the Producing Party must affix the legend to the

10  Protected Material by a similar means sufficient to clearly identify the designation applied to the

11  Protected Material.  If only a portion or portions of the material on a page qualifies for protection,

12  the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate

13  markings in the margins) and must specify, for each portion, the level of protection being asserted.

14           (b)      for testimony given in deposition or in other pretrial or trial proceedings,

15  that the Designating Party identify on the record, before the close of the deposition, hearing, or

16  other proceeding, all protected testimony and specify the level of protection being asserted.  When

17  it is impractical to identify separately each portion of testimony that is entitled to protection and it

18  appears that substantial portions of the testimony may qualify for protection, the Designating Party

19  may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right

20  to have up to 21 days to identify the specific portions of the testimony as to which protection is

21  sought and to specify the level of protection being asserted.  Only those portions of the testimony

22  that are appropriately designated for protection within the 21 days shall be covered by the

23  provisions of this Stipulated Protective Order.  Alternatively, a Designating Party may specify, at

24  the deposition or up to 21 days afterwards if that period is properly invoked, that the entire

25  transcript shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS'

26  EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

27           Parties shall give the other parties notice if they reasonably expect a deposition,

28  hearing or other proceeding to include Protected Material so that the other parties can ensure that

1  only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound"

2  (Exhibit A) are present at those proceedings.  The use of a document as an exhibit at a deposition

3  shall not in any way affect its designation as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL –

4  ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

5  ONLY."

6          Transcripts containing Protected Material shall have an obvious legend on the title

7  page that the transcript contains Protected Material, and the title page shall be followed by a list of

8  all pages (including line numbers as appropriate) that have been designated as Protected Material

9  and the level of protection being asserted by the Designating Party.  The Designating Party shall

10 inform the court reporter of these requirements.  Any transcript that is prepared before the

11 expiration of a 21-day period for designation shall be treated during that period as if it had been

12 designated "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" in its entirety unless

13 otherwise agreed.  After the expiration of that period, the transcript shall be treated only as

14 actually designated.

15          (c)    for information produced in some form other than documentary and for any

16 other tangible items, that the Producing Party affix in a prominent place on the exterior of the

17 container or containers in which the information or item is stored the legend "CONFIDENTIAL,"

18 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

19 OUTSIDE COUNSEL ONLY."  If only a portion or portions of the information or item warrant

20 protection, the Producing Party, to the extent practicable, shall identify the protected portion(s)

21 and specify the level of protection being asserted.

22          5.3  Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure

23 to designate qualified information or items does not, standing alone, waive the Designating

24 Party's right to secure protection under this Order for such material.  Upon timely correction of

25 a designation, the Receiving Party must make reasonable efforts to assure that the material is

26 treated in accordance with the provisions of this Order.

27

28

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2   Meet and Confer.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3   Judicial Intervention.  If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.  Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.  Failure by the Designating Party

STIPULATED PROTECTIVE ORDER
CASE NO. 5:11-CV-04399-EJD (HRL)
2448137.

- 8 -

1  to make such a motion including the required declaration within 21 days (or 14 days, if

2  applicable) shall automatically waive the confidentiality designation for each challenged

3  designation.  In addition, the Challenging Party may file a motion challenging a confidentiality

4  designation at any time if there is good cause for doing so, including a challenge to the

5  designation of a deposition transcript or any portions thereof.  Any motion brought pursuant to

6  this provision must be accompanied by a competent declaration affirming that the movant has

7  complied with the meet and confer requirements imposed by the preceding paragraph.

8        The burden of persuasion in any such challenge proceeding shall be on the

9  Designating Party.  Frivolous challenges and those made for an improper purpose (e.g., to harass

10  or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party

11  to sanctions.  Unless the Designating Party has waived the confidentiality designation by failing to

12  file a motion to retain confidentiality as described above, all parties shall continue to afford the

13  material in question the level of protection to which it is entitled under the Producing Party's

14  designation until the court rules on the challenge.

15        7.  <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

16        7.1  <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is

17  disclosed or produced by another Party or by a Non-Party in connection with this case only for

18  prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

19  disclosed only to the categories of persons and under the conditions described in this Order.

20  When the litigation has been terminated, a Receiving Party must comply with the provisions of

21  section 15 below (FINAL DISPOSITION).

22        Protected Material must be stored and maintained by a Receiving Party at a

23  location and in a secure manner that ensures that access is limited to the persons authorized under

24  this Order.

25        7.2  <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise

26  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

27  disclose any information or item designated "CONFIDENTIAL" only to:

28

STIPULATED PROTECTIVE ORDER
CASE NO. 5:11-CV-04399-EJD (HRL)
2448137.

- 9 -

1    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

2 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the

3 information for this litigation;

4    (b)  the officers, directors, and employees (including House Counsel and

5 Corporate Representatives) of the Receiving Party to whom disclosure is reasonably necessary for

6 this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

7 A);

8    (c)  Experts (as defined in this Order) of the Receiving Party to whom

9 disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment

10 and Agreement to Be Bound" (Exhibit A);

11    (d)  the court and its personnel;

12    (e)  court reporters and their staff, professional jury or trial consultants, and

13 Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have

14 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15    (f)  during their depositions, witnesses in the action to whom disclosure is

16 reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

17 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of

18 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be

19 separately bound by the court reporter and may not be disclosed to anyone except as permitted

20 under this Stipulated Protective Order.

21    (g)  the author or recipient of a document containing the information or a

22 custodian or other person who otherwise possessed or knew the information.

23    7.3  Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

24 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

25 the Designating Party, a Receiving Party may disclose any information or item designated

26 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

27    (a)  the Receiving Party's Outside Counsel of Record in this action, as well as

28 employees of said Outside Counsel of Record;

1    (b)    Designated House Counsel of the Receiving Party to whom disclosure is

2 reasonably necessary for this litigation and who has signed the "Acknowledgment and Agreement

3 to Be Bound" (Exhibit A);

4    (c)    Experts of the Receiving Party to whom disclosure is reasonably necessary

5 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

6 (Exhibit A);

7    (d)    the court and its personnel;

8    (e)    court reporters and their staff, professional jury or trial consultants, mock

9 jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

10 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

11    (f)    the author or recipient of a document containing the information or a

12 custodian or other person who otherwise possessed or knew the information.

13    7.4  Disclosure of "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

14 ONLY" Information or Items.  Unless otherwise ordered by the court or permitted in writing by

15 the Designating Party, a Receiving Party may disclose any information or item designated

16 "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" only to:

17    (a)    the Receiving Party's Outside Counsel of Record in this action, as well as

18 employees of said Outside Counsel of Record;

19    (b)    Experts of the Receiving Party to whom disclosure is reasonably necessary

20 for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound"

21 (Exhibit A);

22    (c)    the court and its personnel;

23    (d)    court reporters and their staff, professional jury or trial consultants, mock

24 jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and

25 who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

26    (e)    the author or recipient of a document containing the information or a

27 custodian or other person who otherwise possessed or knew the information.

28

8. **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – OUTSIDE COUNSEL

1   ONLY." Such information produced by Non-Parties in connection with this litigation is protected

2   by the remedies and relief provided by this Order. Nothing in these provisions should be

3   construed as prohibiting a Non-Party from seeking additional protections.

4          (b)     In the event that a Party is required, by a valid discovery request, to produce

5   a Non-Party's confidential information in its possession, and the Party is subject to an agreement

6   with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

7          1.     promptly notify in writing the Requesting Party and the Non-Party

8   that some or all of the information requested is subject to a confidentiality agreement with a Non-

9   Party;

10          2.     promptly provide the Non-Party with a copy of the Stipulated

11   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

12   description of the information requested; and

13          3.     make the information requested available for inspection by the Non-

14   Party.

15          (c)     If the Non-Party fails to object or seek a protective order from this court

16   within 14 days of receiving the notice and accompanying information, the Receiving Party may

17   produce the Non-Party's confidential information responsive to the discovery request. If the Non-

18   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

19   possession or control that is subject to the confidentiality agreement with the Non-Party before a

20   determination by the court. Absent a court order to the contrary, the Non-Party shall bear the

21   burden and expense of seeking protection in this court of its Protected Material.

22        10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

23          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

24   Protected Material to any person or in any circumstance not authorized under this Stipulated

25   Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

26   of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the

27   Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made

28

1   of all the terms of this Order, and (d) request such person or persons to execute the

2   "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

3         · 11.   <u>DISCLOSURE OF PRIVILEGED INFORMATION</u>

4         The production of Disclosure or Discovery Material (including documents) in this

5   action which a Party or Non-Party later claims should not have been produced because of a

6   privilege or protection from discovery, including but not limited to the attorney-client privilege,

7   work product privilege, joint defense privilege, and/or settlement privilege, shall not be deemed to

8   waive any privilege or protection from discovery. A Party or Non-Party may request the return or

9   destruction of such Disclosure or Discovery Material, which request shall identify the Disclosure

10   or Discovery Material and the basis for requesting its return. If a Receiving Party receives

11   Disclosure or Discovery Material that the Receiving Party believes may be subject to a claim of

12   privilege or protection from discovery, the receiving party shall promptly identify the Disclosure

13   or Discovery Material to the Producing Party or Non-Party. Upon identification of the Disclosure

14   or Discovery Material by the Producing Party or Non-Party or by the Receiving Party, a Receiving

15   Party: 1) shall not use, and shall immediately cease any prior use of, such Disclosure or Discovery

16   Material; 2) shall take reasonable steps to retrieve the Disclosure or Discovery Material from

17   others to which the Receiving Party disclosed the Disclosure or Discovery Material; 3) shall

18   within five (5) business days of the Producing Party's or Non-Party's request return to the

19   Producing Party or Non-Party or destroy the Disclosure or Discovery Material and destroy all

20   copies thereof; and 4) shall confirm to the Producing Party or Non-Party the destruction under

21   subsection 3) above of all copies of the Disclosure or Discovery Material not returned to the

22   Producing Party or Non-Party. No one shall use the fact of production of the Disclosure or

23   Discovery Material to argue that any privilege or protection has been waived. Within fourteen

24   (14) days of the identification of the Disclosure or Discovery Material by the Producing Party or

25   Non-Party or by the Receiving Party, and not thereafter, the Receiving Party may file a motion to

26   compel the production of the Disclosure or Discovery Material on the basis that: (a) the

27   information was never privileged or protected from disclosure; or (b) any applicable privilege or

28   immunity has been waived by some act other than the production of the Disclosure or Discovery

1   Material.  The Producing Party or Non-Party and the Receiving Party shall meet and confer in

2   accordance with applicable law or Court rules regarding any such motion to compel.

3   Notwithstanding this provision, no party shall be required to return or destroy any Disclosure or

4   Discovery Material that may exist on any disaster recovery backup system.

5          12.     PROSECUTION BAR

6                  Any document designated HIGHLY CONFIDENTIAL—OUTSIDE COUNSEL

7   ONLY produced by Sony may further have affixed the legend SUBJECT TO PATENT

8   PROSECUTION BAR.  Information that may receive this designation is limited to technical or

9   other information that could be used in or to affect the prosecution of patent applications.  Any

10  individual who reviews a document designated SUBJECT TO PATENT PROSECUTION BAR

11  may not participate in any proceeding before a U.S. or foreign patent office, excluding

12  reexaminations, by contributing, directly or indirectly, to the drafting, preparation, or amending of

13  any patent or application claim, or to providing advice or counsel supporting arguments that such

14  claims distinguish over the prior art, on behalf of any named Party to this Litigation, relating to the

15  design of stacked or three-dimensional semiconductor chip packages and methods of assembling

16  them.  This provision shall remain in effect until three years following entry of an order, judgment,

17  or decree finally disposing of this action, including any appeals therefrom.

18         13.     MISCELLANEOUS

19                 13.1 Right to Further Relief.  Nothing in this Order abridges the right of any

20  person to seek its modification by the court in the future.

21                 13.2 Right to Assert Other Objections.  By stipulating to the entry of this

22  Protective Order no Party waives any right it otherwise would have to object to disclosing or

23  producing any information or item on any ground not addressed in this Stipulated Protective

24  Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any

25  of the material covered by this Protective Order.

26                 13.3 Filing Protected Material.  Without written permission from the Designating

27  Party or a court order secured after appropriate notice to all interested persons, a Party may not

28  file in the public record in this action any Protected Material.  A Party that seeks to file under

1   seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may

2   only be filed under seal pursuant to a court order authorizing the sealing of the specific

3   Protected Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only

4   upon a request establishing that the Protected Material at issue is privileged, protectable as a

5   trade secret, or otherwise entitled to protection under the law.  If a Receiving Party's request to

6   file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court,

7   then the Receiving Party may file the Protected Material in the public record pursuant to Civil

8   Local Rule 79-5(e) unless otherwise instructed by the court.

9        14.    FINAL DISPOSITION

10             Within 60 days after the later of: 1) dismissal of all claims and defenses in this

11  action, with or without prejudice; or 2) final judgment herein after the completion and exhaustion

12  of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for

13  filing any motions or applications for extension of time pursuant to applicable law, each Party and

14  Non-Party must return all materials designated by any other Producing Party or Non-Party under

15  this Order to the Producing Party or Non-Party, or destroy such material, including all copies

16  thereof, and provide to the Producing Party or Non-Party a written certification of compliance

17  with this provision.  Notwithstanding this provision, outside counsel for a party or non-party are

18  entitled to retain archival copies of all pleadings, filings, trial, deposition, and hearing transcripts,

19  legal memoranda, correspondence, expert reports, attorney work product, and consultant and

20  expert work product, and exhibits to any of these materials, even if such materials reflect materials

21  designated under this Order.  Notwithstanding this provision, no Party shall be required to return

22  or destroy any materials designated under this Order that may exist on any disaster recovery

23  backup system.  Any such archival and/or backup copies of materials designated under this Order

24  shall remain subject to the provisions of this Order.

25

26

27

28

1    IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

2    DATED: _05/18/2012_                    _Richard Krebs_ / LES
                                            Attorneys for Plaintiff
3

4    DATED: _5/17/12_
                                            Attorneys for Defendant
5

6    PURSUANT TO STIPULATION, IT IS SO ORDERED.

7

8    DATED: _____            _____
                                            Edward J. Davila
9                                           United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for

the Northern District of California on [date] in the case of *Tessera, Inc. v. Sony Corporation*, No.

5:11-CV-04399-EJD (HRL).  I agree to comply with and to be bound by all the terms of this

Stipulated Protective Order and I understand and acknowledge that failure to so comply could

expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and telephone number]

as my California agent for service of process in connection with this action or any proceedings

related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____

Printed name: _____
           [printed name]

Signature: _____
        [signature]