**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 CALIFORNIA STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

Eileen R. Ridley CA Bar No. 151735
  eridley@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 HUNTINGTON AVE., STE. 2600
BOSTON, MA 02199-7610
TELEPHONE: 617.342.4000
FACSIMILE: 617.342.4001

Matthew B. Lowrie *(Pro Hac Vice)*
  mlowrie@foley.com
Aaron W. Moore *(Pro Hac Vice)*
  amoore@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK ST., STE. 2800
CHICAGO, ILL. 60654-5313
TELEPHONE: 312.832.4568
FACSIMILE: 312.832.4700

Ruben J. Rodrigues *(Pro Hac Vice)*
  rrodrigues@foley.com

ATTORNEYS FOR DEFENDANT SONY CORPORATION

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., A DELAWARE CORPORATION. | ) CASE NO: 5:CV 11-04399-EJD |
| | ) |
| PLAINTIFF, | ) |
| | ) **DEFENDANT SONY CORPORATION'S** |
| VS. | ) **AMENDED NOTICE OF MOTION AND** |
| | ) **MOTION FOR A PROTECTIVE ORDER** |
| SONY CORPORATION, A JAPANESE | ) **CONCERNING THE DEPOSITIONS OF** |
| CORPORATION, | ) **SONY CORPORATION AND ETSUJIRO** |
| | ) **KATSUSHIMA** |
| DEFENDANT. | ) |
| | ) Date:  July 31, 2012 |
| | ) Time: 10:00 A.M. |
| | ) Judge:  Magistrate Judge Howard R. Lloyd |
| | ) |
| | ) Case Filed:  May 25, 2011 |
| | ) |
| | ) |

1

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:  PLEASE TAKE**

**NOTICE THAT** on July 31, 2012[1] at 10:00 a.m., or as soon as the matter may be heard in the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, Defendant SONY CORPORATION ("Sony") will and hereby do move this Court for a protective order concerning the deposition of Sony and Etsujiro Katsushima.

Defendants' Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities set forth below, the Declaration of Aaron Moore, any reply memoranda that may be filed, the complete files and record of this action (including any evidence and argument that may be presented to the Court on this Motion), and all other matters of which the Court may take judicial notice.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Fed. R. Civ. P. 26(c), Defendant Sony Corporation ("Sony") hereby moves for a Protective Order to limit the 30(b)(6) deposition of Sony and the deposition of Etsujiro Katsushima, scheduled to take place in Osaka, Japan beginning on July, 9, 2012 to a total of two days.

This is a breach of contract case in which Plaintiff Tessera, Inc. ("Tessera") alleges that Sony breached a license agreement by failing to pay royalties purportedly found to be owed by an audit conducted under the agreement.  Sony's position is that Tessera misreads and misrepresents the audit report, and that the report only supports a small amount of underpayment resulting from innocent errors, which amount Sony immediately paid upon receipt of the report.

On June 1, 2012, Plaintiff Tessera, Inc. ("Tessera") noticed a 30(b)(6) deposition of Sony and the individual deposition of a Sony employee named Etsujiro Katsushima.[2]  Copies of the

---

[1] Sony has also concurrently filed an administrative motion seeking an order shortening time for hearing and disposition of this motion.

[2] On June 21, 2012, Tessera served an "amended" 30(b)(6) notice, which purports to substantially expand the scope of the deposition.

DEFENDANT SONY CORP.'S MOTION FOR PROTECTIVE ORDER
CASE NO.5:CV 11-04399-EJD _____

4826-6038-8112.1

deposition notices are attached as Exhibits A and B to the accompanying Declaration of Aaron W. Moore (the "Moore Declaration").

The 30(b)(6) notice includes nineteen topics, all of which relate to either (a) the collection of documents for production in this case (topics 1-6) or (b) Sony's participation in the audit that was conducted by a third-party (topics 7-19).

Mr. Katsushima is the General Manager of the Planning and Control Department of Sony's Semiconductor Business Group. Because Mr. Katsushima is best positioned to be the corporate representative, Sony has designated him to be the 30(b)(6) witness. Mr. Katsushima does not have information relevant to this case beyond the topics that are included in the 30(b)(6) deposition notice. However, in addition to the 30(b)(6) notice, Mr. Katsushima's individual deposition was noticed because he supervised Sony's participation in the audit. As Mr. Katsushima has been designated as Sony's 30(b)(6) witness for all the topics in the 30(b)(6) notice, his individual depositions notice has been rendered duplicative.

The Court's January 31, 2012 Case Management Order (Dkt. #30) provides that depositions of witnesses who require translation will be allotted two times the normal seven hour limit. In this particular instance, however, application of that rule would subject Mr. Katsushima to *four days of deposition given both the 30(b)(6) notice and Mr. Katsushima's individual deposition notice*.

The rationale for the extra deposition time is that the questioning may be slowed by the time required for translations. That rationale does not extend to requiring Mr. Katsushima to sit for four days of deposition, however, because his personal knowledge and the information that he would offer as a 30(b)(6) witness are coincident. It is not as though Tessera will need to ask each question twice.

When Tessera continued to insist on four days with this witness, Sony asked Tessera to identify any relevant lines of questioning of Mr. Katsushima that would not be covered by the topics in the 30(b)(6) notice. (*See* June 21, 2012 email from Aaron Moore to Richard Krebs, included in Moore Declaration, Ex. C.) Tessera did not respond. (Moore Declaration ¶ 5.)

3

1   Thus, even though Tessera asserts in the correspondence that these are "two depositions," it is

2   unable to identity *any* relevant area of inquiry of Mr. Katsushima as an individual that would not

3   already be covered in the 30(b)(6) deposition.

4          Because there are no other legitimate areas of inquiry—and, again, Tessera does not even

5   try to claim otherwise -Tessera's demand that Mr. Katsushima sit in deposition for four days

6   effectively doubles the extra time allotted for translated depositions.  Tessera seeks to be able to

7   ask this individual an entire day's worth of questions, and also have what amounts to three extra

8   days for translations.

9          Under these circumstances, two days of deposition is more than adequate, and the

10  additional two days that Tessera seeks to impose on Mr. Katsushima, a Japanese citizen for

11  whom the American deposition process will be unfamiliar and highly intrusive, is unwarranted

12  and would be unduly burdensome.

13         Moreover, it is almost certain that even if Tessera did have four solid days with Mr.

14  Katsushima, it would be unable to use them.  The subjects covered by the 30(b)(6) deposition

15  notice—what Sony did to collect documents and what information Sony provided to the

16  auditor—are simply not broad enough to consume four solid days.  Because Tessera is surely

17  aware of that, it's refusal to agree in advance to three days is vexatious, substantially and

18  unjustifiably complicating international travel for counsel and unnecessarily impairing Sony's

19  business operations.

20                                   **<u>CONCLUSION</u>**

21         For the foregoing reasons, Sony respectfully requests that its Motion for a Protective

22  Order be GRANTED and that Tessera be limited to two days for the depositions of Sony

23  Corporation and Etsujiro Katsushima.

24         A Proposed Order is submitted herewith.

25

26

27

28

DEFENDANT SONY CORP.'S MOTION FOR PROTECTIVE ORDER
CASE NO.5:CV 11-04399-EJD _____

1   DATE: June 26, 2012

**FOLEY & LARDNER LLP**
Eileen R. Ridley

2

3

4

By:  /s/ Eileen R. Ridley

5                 Eileen R. Ridley
Attorneys for Defendant SONY

6                 CORPORATION

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT SONY CORP.'S MOTION FOR PROTECTIVE ORDER
CASE NO.5:CV 11-04399-EJD _____

4826-6038-8112.1