IRELL & MANELLA LLP
Morgan Chu (70446) (mchu@irell.com)
Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
Lisa S. Glasser (223406) (lglasser@irell.com)
Richard W. Krebs (278701) (rkrebs@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Tessera, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | Case No. 5:11-CV-04399-EJD (HRL) |
| Plaintiff, | PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY CORPORATION'S MOTION FOR A PROTECTIVE ORDER CONCERNING THE DEPOSITIONS OF SONY CORPORATION AND ETSUJIRO KATSUSHIMA |
| v. | |
| SONY CORPORATION, | |
| Defendant. | |
| | Magistrate Judge Howard R. Lloyd |

## I. Introduction

Tessera, Inc. ("Tessera") respectfully submits this opposition to the motion by Sony Corporation ("Sony") for a protective order concerning the 30(b)(6) deposition of Sony and individual deposition of Sony employee Etsujiro Katsushima. Sony's request to limit these translated depositions to one day each (under Japanese consulate procedures, about five hours of deposition time, half of which will be expended with translating questions and answers) is baseless. Sony does not, and cannot, demonstrate the good cause required for modifying Judge Davila's Rule 16 Case Management Order, which expressly provides for fourteen hours of deposition time for each translated deposition. *See* Sony Mot. at 3 (acknowledging that "[t]he Court's January 31, 2012 Case Management Order (Dkt #30) provides that depositions of witnesses who require translation will be allotted two times the normal seven hour limit").

Sony has no legal basis for modifying the Case Management Order, or unilaterally combining a separate deposition of Sony Corporation with a deposition of an individual. To the contrary, every reason exists to preserve Tessera's right to take complete depositions. The 30(b)(6) deposition concerns twenty topics spanning numerous core issues, including Sony's conduct during the audit at issue, technical details of Sony's products, and Sony's document collection and retention practices. The individual deposition of Mr. Katsushima also is central to this case, as Mr. Katsushima is one of only two Sony employees identified in Sony's Rule 26 disclosures. Limiting Tessera to less than half the standard time for translated depositions thus would materially prejudice Tessera's ability to prosecute its case.

Sony's substantively baseless motion also is procedurally defective. It is not directed to the judge who issued the Case Management Order, as Federal Rule of Civil Procedure 16(b)(4) requires before an order entered pursuant to Rule 16 may be modified. Moreover, it was filed without any substantive meet and confer, months after Tessera initially noticed the depositions, and in clear violation of this Court's Standing Order Regarding Civil Discovery Disputes ("Standing Order").

For all of these reasons, Sony's motion should be denied.

## II. Background

Tessera initially noticed these two separate depositions on April 5, 2012. Exs. 1-2.[1] Because Sony failed to produce any documents for use at the depositions, Tessera was forced to postpone the depositions. On June 1, Tessera re-noticed the depositions for the week of July 9, which was the next date block it could obtain at the U.S. Consulate in Osaka. Exs. 3-5.

On June 21, approximately two weeks before the depositions, Sony for the first time identified Mr. Katsushima as its Rule 30(b)(6) corporate designee on all topics. Sony then advanced, also for the first time, its position that Tessera should have less than fourteen hours of time for each deposition. Ex. 6. On June 25, Sony informed Tessera that it intended to file a motion limiting Tessera to two days total for the upcoming depositions. Tessera asked Sony to identify any good cause for its contemplated motion, but Sony failed to respond. Sony's failure to respond merely confirmed the obvious: as detailed below, there is no good cause for changing Judge Davila's Order and depriving Tessera of its right to fourteen hours for these translated English-Japanese depositions.

## III. Sony Has Not Shown Good Cause To Modify The Court's Case Management Order

Sony provides no justification at all, much less an unusual circumstance satisfying the stringent "good cause" requirement for amending the Rule 16 Case Management Order, for limiting Tessera to less than half the permitted deposition time. Accordingly, Sony's motion should be denied.

The Case Management Order provides that "deposition of witnesses who require translation will be allotted two (2) times the normal seven (7) hour limit." Ex. 7 at 1. A Rule 16 order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Sony has not even attempted to satisfy this standard. Tessera asked Sony multiple times to inform Tessera of any alleged good cause for modifying the Case Management Order. Ex. 8 ("If you contend there is good cause for modifying that provision of the scheduling order, please let us know immediately so that we can discuss it"); Ex. 9 ("You have not provided us with any

---

[1] All exhibits are attached to the Krebs Declaration submitted with this opposition.

good cause for modifying the scheduling order and depriving Tessera of its right to fourteen hours of tape time for each deposition"). Sony provided no substantive response. Ex. 10.

Sony's motion also ignores its burden to show good cause. Instead, the only argument that Sony advances for limiting Tessera's deposition time is Sony's contention that Mr. Katsushima's "personal knowledge and the information that he would offer as a 30(b)(6) witness are coincident." Sony Mot. at 3. Sony cites no evidence in support of this conclusory assertion, and it is flatly wrong. While Mr. Katsushima's relationship, if any, to the noticed topics has not been disclosed by Sony to Tessera (indeed, Sony's production of documents supposedly encompassing *all* deposition topics included only *one* document with Mr. Katsushima's name on it), it is axiomatic that the majority of his 30(b)(6) testimony will relate to the corporation as a whole, or to other employees within the company. *See Mitchell Eng'g v. City & County of San Francisco*, 2010 WL 455290, at *1 (N.D. Cal. Feb. 2, 2010) ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent, the questions asked and the answers given might not") (citing *Sabre v. First Dominion Capital, LLC*, 2001 WL 1590544, at *1 (S.D.N.Y. Dec. 12, 2001) ("A deposition pursuant to Rule 30(b)(6) is substantially different from a witness's deposition as an individual. A 30(b)(6) witness testifies as a representative of the entity, his answers bind the entity and he is responsible for providing all the relevant information known or reasonably available to the entity")). Tessera is entitled to explore each of these topics fully, just as it is entitled to explore fully Mr. Katsushima's unique personal knowledge for which he was disclosed by Sony as one of its two employee witnesses, in an individual deposition.

Sony has advanced no conceivable reason for limiting Tessera to less than half the deposition time provided for in the Case Management Order. To the contrary, these are core depositions where it is critical that Tessera have adequate time for questioning. Tessera's 30(b)(6) deposition notice contains twenty topics and sub-topics concerning many of the key issues in the case. Ex. 11. Tessera's individual deposition of Mr. Katsushima also is important; indeed, Mr. Katsushima is one of only two Sony witnesses identified on Sony's initial disclosures. Ex. 12. Sony's decision to use Mr. Katsushima as its 30(b)(6) witness does not change the fact that

Tessera has noticed two separate depositions, depositions which are both procedurally and substantively distinct.

Sony cites no cases in its motion, and for good reason. Numerous courts, including this Court, have held that "[t]he depositions of an individual who is noticed as an individual witness pursuant to [Federal Rule 30(b)(1)] and who is also produced as a corporate representative pursuant to [Federal Rule 30(b)(6)] *are presumptively subject to independent seven-hour time limits*." *Wesley v. Gates*, 2009 WL 1955997, at *1 (N.D. Cal. Jul. 2, 2009) (emphasis added) (quotations omitted); *see Landmark Screens, LLC v. Morgan, Lewis & Brokius LLP*, 2010 WL 3221859, at *2 (N.D. Cal. Aug. 13, 2010) (Lloyd, J.) ("It is clear that the fact that a party has already taken depositions of individuals does not insulate a corporation from producing *the same individuals* as corporate representatives to give Rule 30(b)(6) depositions on *the same topics*") (emphasis in original); *Mitchell Eng'g*, 2010 WL 455290, at *1. This comports with the plain language of Federal Rule 30(b)(6) that conducting a deposition pursuant to Federal Rule 30(b)(6) "does not preclude a deposition by any other procedure allowed by these rules." Fed. R. Civ. P. 30(b)(6). Sony's suggestion that it can unilaterally transform these two depositions into one by designating Mr. Katsushima as a 30(b)(6) witness is flatly contrary to law.

Finally, Sony's argument that Tessera is being "vexatious" by seeking to depose Mr. Katsushima twice is nonsensical. Tessera noticed Mr. Katsushima's individual deposition. Sony, not Tessera, later decided to additionally designate Mr. Katsushima as its 30(b)(6) witness on every topic in Tessera's notice, even though Mr. Katsushima appears from Sony's document production to have little, if any, personal knowledge about many of the topics. If Sony does not wish to have Mr. Katsushima deposed for more than fourteen hours, then Sony could simply designate another witness, or multiple witnesses, for the 30(b)(6) deposition. Indeed, even the small handful of emails that Sony has produced show that other Sony employees were actively involved in the audit.

Translated depositions proceed at a much slower pace than non-translated depositions and hence require much more time. The difficulties of translated depositions are further compounded in this case because depositions conducted in Osaka, Japan must begin at 9:00 a.m. and conclude

at 5:00 p.m. sharp. Ex. 13 (stating depositions can occur only between the hours of 9:00 a.m. and noon and 1:30 p.m. and 5:00 p.m., including equipment set-up and breaks). Even if the depositions begin promptly at 9:00 a.m. and no breaks are taken, Tessera would have only six-and-a-half hours each day of actual deposition time. When breaks are taken into account, it is more likely that there will be about five hours of actual deposition time each day. If Sony's motion were granted, Tessera thus would be left with roughly ten hours of deposition time total—*eighteen hours less* than it is entitled to under the Court's Case Management Order. This would result in extreme prejudice to Tessera, given the centrality of these topics and this witness to the case.

Finally, Sony's hypothesis that "it is almost certain that even if Tessera did have four solid days with Mr. Katsushima, it would be unable to use them" is both incorrect and irrelevant. Sony Mot. at 3. The issue is whether there is good cause for limiting Tessera to less than half of its rightful time *in advance of the depositions*. Of course, if Tessera ultimately does not need its allotted time, then the depositions can end early—just like any other deposition under the Federal Rules. In summary, Sony's effort to limit Tessera to less than half the time to which it is entitled under the Court's Case Management Order in advance of the depositions is baseless. Sony presents no justification, let alone a showing of good cause, as to why it would be appropriate to severely curtail the depositions in such a manner.

## IV.     Conclusion

For the foregoing reasons, Tessera respectfully requests that the Court deny Sony's procedurally improper and substantively baseless motion for a protective order.

Dated: July 3, 2012

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
Benjamin W. Hattenbach
Lisa S. Glasser
Richard W. Krebs

By: /s/ Richard W. Krebs
     Richard W. Krebs
     Attorneys for Plaintiff Tessera, Inc.