**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 CALIFORNIA STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507

Eileen R. Ridley CA Bar No. 151735
    eridley@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 HUNTINGTON AVE., STE. 2600
BOSTON, MA 02199-7610
TELEPHONE: 617.342.4000
FACSIMILE: 617.342.4001

Matthew B. Lowrie *(Pro Hac Vice)*
    mlowrie@foley.com
Aaron W. Moore *(Pro Hac Vice)*
    amoore@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK ST., STE. 2800
CHICAGO, ILL. 60654-5313
TELEPHONE: 312.832.4568
FACSIMILE: 312.832.4700

Ruben J. Rodrigues *(Pro Hac Vice)*
    rrodrigues@foley.com

ATTORNEYS FOR DEFENDANT SONY CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., A DELAWARE CORPORATION. | ) CASE NO: 5:CV 11-04399-EJD |
| PLAINTIFF, | ) |
| vs. | ) **SONY CORPORATION'S REPLY IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER CONCERNING THE DEPOSITIONS OF SONY CORPORATION AND ETSUJIRO KATSUSHIMA** |
| SONY CORPORATION, A JAPANESE CORPORATION, | ) |
| DEFENDANT. | ) Hearing Date: None |
| | ) Judge: Magistrate Judge Howard R. Lloyd |
| | ) Case Filed: May 25, 2011 |

1
DEFENDANT SONY CORP.'S REPLY RE: MOTION FOR PROTECTIVE ORDER
CASE NO.5:CV 11-04399-EJD

4814-7734-2224.1

Tessera's five page opposition is unable to address the central issue—that there is no legitimate reason why Mr. Katsushima should be required to sit for *four straight days of deposition* where he does not have discoverable information that would not already be captured by the 30(6)(6) topics. Both before filing and in the motion for a protective order, Sony challenged Tessera to identify *even one* topic that it would address with Mr. Katsushima individually beyond the topics in the 30(b)(6) notice, and Tessera has come up empty, asserting the depositions are "substantively distinct," but failing to identify *any* distinction.

Mr. Katsushima is involved in this case *only* because he was responsible for Sony's response to the audit. This is not a case in which the witness might have discoverable information that goes beyond the 30(b)(6) topics.

The "good cause" that Tessera asserts is missing is, instead, evident. And Sony did explain this to Tessera, multiple times. (*See* Moore Declaration, Ex. C.) Tessera is seeking four days of testimony with one witness. Under these circumstances, where the witness does not have "personal" knowledge that extends beyond the topics in the 30(b)(6) notice, this is excessive and unnecessary.

The cases Tessera cites are not analogous to this one. In *Wesley v. Gates*, 2009 WL 1955997 (N.D. Cal. July 2, 2009), the Court denied a motion for a protective order concerning a 30(b)(6) deposition of a third-party entity owned and operated by the plaintiff that was needed to obtain mitigation and damages information that had not otherwise been produced. *Landmark Screens LLC v. Morgan, Lewis & Brokius LLP*, 2010 WL 3221859 (N.D. Cal. Aug 13, 2010), concerned a motion to compel the plaintiff to produce 30(b)(6) witness on sixteen topics for which they had refused to produce a witness at all, and the fact that witnesses has already been deposed individually did not allow the plaintiff to avoid its obligation to produce a corporate witness for certain topics. In *Mitchell Eng.'g v. County of San Francisco*, 2010 WL 455290 (N.D. Cal. Feb 2, 2010) the fact that the plaintiff had previously deposed individuals in a state court case did not allow the defendant to avoid producing 30(b)(6) witnesses in a federal court case. None of these cases involved a situation like that presented here, where the party taking

2

DEFENDANT SONY CORP.'S REPLY RE: MOTION FOR PROTECTIVE ORDER
CASE NO.5:CV 11-04399-EJD

4814-7734-2224.1

1 the deposition was seeking to take unfair advantage of time allotted for translation to obtain
2 significant additional deposition time, subjecting a single witness to four straight days of
3 deposition.

4     As fallback positions, Tessera complains that Sony's motion is "procedurally defective,"
5 because it was not addressed to the judge who issued the Case Management Order, and because
6 it "was filed without any substantive meet and confer." Neither of those arguments has merit.
7 The Standing Order specifically provides that all discovery disputes, like this one, are referred to
8 the assigned Magistrate Judge, and Tessera's claim that the parties did not confer is belied by the
9 correspondence attached to the declarations submitted in connection with this motion. (*See*
10 Moore Declaration, Ex. C.) Tessera refused an offer to compromise on the number of days for
11 the deposition and simply ignored a request that it identify *any* individual deposition topic not
12 also encompassed by the 30(b)(6) deposition.

13     Nor are Tessera's complaints about timeliness of the motion well-founded. More than
14 two weeks before the deposition, Sony informed Tessera that Mr. Katsushima would be the
15 corporate witness and that Sony expected to produce him for two days. Two business days later,
16 after Tessera refused to agree to two days or any compromise, Sony informed Tessera that it
17 would seek the Court's assistance in resolving the dispute. Sony filed its motion the next day.

18     Although not relevant for purposes of this motion, Tessera's description of the
19 cancellation of the earlier depositions is not correct. Tessera previously noticed these same
20 depositions to take place in May, failed to take the procedural steps necessary to actually have
21 them take place, and then unilaterally canceled them. Tessera tries to use the document
22 production as an excuse for its failure to take the depositions as it originally noticed them, but
23 Sony was ready to produce documents—Tessera repeatedly ignored Sony's requests to discuss a
24 schedule for production.

25 ///
26 ///
27 ///
28

Sony respectfully requests that its Motion for a Protective Order be GRANTED and that Tessera be limited to two days for the depositions of Sony Corporation and Etsujiro Katsushima.

DATE: JULY 5, 2012

FOLEY & LARDNER LLP
EILEEN R. RIDLEY


By: /s/ Eileen R. Ridley
EILEEN R. RIDLEY
ATTORNEYS FOR DEFENDANT SONY CORPORATION