**\*\* E-filed July 9, 2012\*\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C11-04399 EJD (HRL) |
| Plaintiff, | **ORDER DENYING SONY'S MOTION FOR A PROTECTIVE ORDER** |
| v. | |
| SONY CORP., | **[Re: Docket No. 45]** |
| Defendant. | |

Plaintiff Tessera, Inc. ("Tessera") sued defendant Sony Corporation ("Sony") for breach of contract, alleging that Sony failed to pay royalties owed under a license agreement between the parties. Tessera noticed an individual deposition of Sony employee Etsujiro Katsushima and Sony then designated Katsushima to act as one of its Fed. R. Civ. P. 30(b)(6)[1] witnesses. The depositions are scheduled to begin in Osaka, Japan on July 9, 2012. The Case Management Scheduling Order in this action states that "deposition[s] of witnesses who require translation will be allotted two (2) times the normal seven (7) hour limit." Dkt. No. 30. Katsushima is a Sony employee who lives in Japan and will require translation. Katsushima will be deposed at the American Consulate General Osaka-Kobe, where depositions may only occur during business hours, 9:00am-12:00pm, and 1:30pm to 5:00pm. Dkt. No. 49 (Declaration of Richard Krebs, hereinafter "Krebs Decl."), Exh. 13.

---

[1] Pursuant to Fed. R. Civ. P. 30(b)(6), a party may issue a subpoena to an organization, and the organization "must then designate one or more officers, directors, or managing agents . . . to testify on its behalf." In this case, Sony designated Katsushima as one of two 30(b)(6) witnesses after Tessera had noticed an individual deposition of Katsushima.

**United States District Court**
For the Northern District of California

Sony moves for a protective order limiting Katsushima's deposition to two days, rather than the four seven-hour days that would otherwise be permitted under the Scheduling Order. Tessera opposes the motion. As this court noted in its Order Denying Sony's Motion to Shorten Time, the motion for a protective order is deemed suitable for determination without oral argument pursuant to Civil L. R. 7-1(b), and the court issues this written ruling despite Sony's failure to comply with the undersigned's Standing Order re: Civil Discovery Disputes. The parties are once again reminded that all further discovery disputes *must* be presented to the court in compliance with that Standing Order. Based on the moving papers and all applicable authority, the court rules as follows.

LEGAL STANDARD

Under Fed. R. Civ. P. 16(b)(4), a scheduling order such as the one issued in this case "may be modified only for good cause and with the judge's consent." Rule 16(b)'s "'good cause' standard primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. Id. (citing Gestetner Corp. v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)).

DISCUSSION

As the referral discovery judge in this action, the undersigned will resolve all discovery disputes, even though the presiding judge entered the scheduling order. Here, Sony seeks a protective order limiting the time Tessera may spend deposing Kastsushima by slightly more than half. In the United States, a full day of deposition lasts seven hours. The Scheduling Order in this action states that for each deposition that requires translation, the parties shall have twice the normal time, or, two seven-hour days. Katsushima is to be deposed both as an individual and as one of the 30(b)(6) witnesses designated by Sony. At the American Consulate in Osaka, Japan, where Katsushima will be deposed, depositions may only be conducted during office hours, 9:00am-12:00pm, and 1:30pm-5:00pm, a total of 6.5 hours per day. Therefore, under the plain wording of the Scheduling Order, Tessera should be able to depose Katsushima for a total of 28 hours, 14 for his individual testimony and another 14 for his corporate testimony. Under the Consulate's

2

schedule, this would amount to slightly more than four full days. Tessera opposes Sony's request, arguing that it is an impermissible attempt to substantially limit Tessera's time in advance of the depositions themselves.

Rule 16(b)(4)'s "good cause" standard is not a stringent one. Rather, it is intended to allow modifications that facilitate advancement of litigation when such modifications are necessary despite the "due diligence" of the parties to comply with the applicable Scheduling Order. See Johnson, 975 F.2d 604, 609 (stating that "if the [moving] party is not diligent, the inquiry should end"). Here, Sony's arguments in favor of the modification it seeks do not illustrate any diligence on its part to comply with the Scheduling Order as it stands. In addition, Sony has failed in its Motion and Reply to address whether its efforts meet the good cause standard.

Sony contends that the full time allotted for Katsushima's depositions is excessive because: (1) "his personal knowledge and the information he would offer as a 30(b)(6) witness are coincident;" (2) the topics Tessera intends to cover "are not broad enough" to fill the entire permitted time; and (3) "the American deposition process will be unfamiliar and highly intrusive" to Katsushima, a Japanese citizen. Dkt. No. 44, p. 3. Sony offers no legal authority in support of these contentions, and indeed, fails even to offer any factual support for its arguments.

To address Sony's first contention, the fact that the same person is designated to testify as an individual and as an agent pursuant to Rule 30(b)(6) does not create a presumption that the testimonies will be coincident. See Mitchell Eng'g v. City & County of San Francisco, 2010 U.S. Dist. LEXIS 20782, *3-4 (N.D. Cal. Feb. 2, 2010) (citing Sabre v. First Dominion Capital, LLC, 2001 U.S. Dist. LEXIS 20637, *1 (S.D.N.Y. Dec. 12, 2001) ("Even if the general topics to be addressed at the 30(b)(6) deposition will overlap to some extent [with the individual deposition topics], the questions asked and the answers given might not."). Sony argues that Mitchell Engineering is distinguishable because it involves individual depositions taken in a state court action and a 30(b)(6) deposition taken in federal court. The court finds that this difference does not render the proposition inapplicable to the present motion, where the issue is whether one person can be deposed twice, once in his individual capacity and once as the designated agent of defendant Sony.

Sony's second and third arguments lack support and are not persuasive. As Tessera argues in

its Opposition, if there is not enough material to fill the full time allotted for Katsushima's depositions, the parties can end early. See Dkt. No. 48. Sony has not presented any information that Tessera will actually have far more time than it needs. Neither has it offered any evidence that suggests to this court that there is a risk associated with Tessera potentially having more time than it will ultimately need to conduct its depositions. Finally, Sony's contention that Katsushima will not enjoy the "American deposition process" for cultural reasons is not particularly relevant to the inquiry. Not only has Sony offered no factual support whatsoever for this contention, it also has not given the court any authority that a deposition should be limited due only to a deponent's slight cultural discomfort with the kind of questioning that depositions entail. Indeed, had Sony believed that Katsushima would suffer significant discomfort as a result of being deposed, it could have chosen to designate a different agent to testify under Rule 30(b)(6). Sony has failed to satisfy the "good cause" standard required for modifying a Rule 16 Scheduling Order.

Accordingly, Sony's motion for a protective order is DENIED. Tessera shall have two seven-hour periods, or fourteen hours in total, for each of its depositions, as permitted under the Scheduling Order.

**IT IS SO ORDERED.**

Dated: July 9, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C11-04399 EJD (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Melissa McCormick | mmccormick@irell.com |
| Benjamin Hattenbach | bhattenbach@irell.com |
| Brian Ledahl | bledahl@irell.com |
| Morgan Chu | mchu@irell.com |
| Nathan Lowenstein | nlowenstein@irell.com |
| Richard Krebs | rkrebs@irell.com |
| Eileen Ridley | eridley@foley.com |
| Aaron Moore | amoore@foley.com |
| Matthew Lowrie | mlowrie@foley.com |
| Ruben Rodrigues | rrodrigues@foley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**