UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | ) Case No. 5:11-CV-04399-EJD (HRL) |
| Plaintiff, | ) |
| | ) DISCOVERY DISPUTE REPORT #1 |
| v. | ) |
| | ) |
| SONY CORPORATION, | ) Judge: Howard L. Lloyd |
| | ) |
| Defendant. | ) |

**Issue:** Whether the depositions of five witnesses employed by Defendant and Counterclaimant Sony Corp. ("Sony") should occur in the United States or in Japan.

**Joint Meeting:** Ben Hattenbach, co-lead counsel for Tessera, and Matt Lowrie, lead counsel for Sony, met in person on July 12, 2012 in Osaka, Japan, for fifteen minutes. During that meeting, Mr. Lowrie stated that Sony would not produce witnesses in the United States, but asked to continue the discussion by telephone. Counsel further met and conferred by email and telephone on July 19 and 23, 2012. The parties reached impasse on July 23, 2012, when Sony finally confirmed it will not "bring these individual Sony employees to the United States for depositions."

**Close Of Discovery:** The fact discovery cut-off is October 19, 2012.

**Attestation Of Compliance:** Undersigned counsel for Tessera hereby certify that they have read and complied with Judge Lloyd's Standing Order Re: Civil Discovery Disputes. Sony previously informed Tessera that it contends that the Standing Order has not been satisfied.

**Background And Dispute**

In this breach of contract case, (1) Tessera has filed claims alleging that Sony has breached the parties' Master License Agreement (the "Agreement") by, among other things, failing to pay royalties owed and found owing in an audit report, and (2) Sony has filed a counterclaim alleging that Tessera breached the implied covenant of good faith and fair dealing. The present dispute involves the depositions of Sony witnesses Ryusuke Kawahara, Yukihiro Matsumura, Tadashi Saito, Takako Suzuki, and Yoshiaki Shimura. Tessera requested dates and availability for the witnesses in California (and during meet and confer also proposed Hawaii as a compromise), but Sony refuses to produce any of the witnesses in the United States.

**Tessera's Position**

On July 9 and 10, Tessera took the translated, personal deposition of Etsujiro Katsushima, the *only employee* Sony identified in its Rule 26 disclosures as knowledgeable about the audit at issue. Sony also identified Mr. Katsushima as Sony's *only* Japanese witness in response to Tessera's Interrogatory No. 3 requiring identification of all persons with "knowledge or information relating to the audit."[1] Based on Sony's representations that Mr. Katsushima was its *only* Japanese witness, Tessera agreed to depose Mr. Katsushima in Japan as a courtesy to Sony. The process of reserving dates at the consulate in Japan, as required by Japanese law, obtaining a Court order and visa, and all of the other necessary steps, took more than four months.

At Mr. Katsushima's deposition, Mr. Katsushima testified that he has *no* personal knowledge of the audit. Instead, Mr. Katsushima identified five other Sony employees as having knowledge about the audit. Remarkably, at Mr. Katsushima's deposition, Sony's counsel completely disavowed Sony's prior representations that Mr. Katsushima was its sole percipient witness to the audit, stating on the record that "this witness has really *no knowledge* on a personal basis." (Katsushima Tr. at 06:22-25.) When asked what his involvement in the audit was, Mr. Katsushima testified that "I have never been present, directly present, at any audit." *Id.* at 48:15-

---

[1] Based on this Court's standing order, Tessera has not submitted herewith the Rule 26 disclosure, Interrogatory responses, or deposition transcripts cited herein. If any such materials would be helpful to the Court, Tessera will submit them forthwith.

19. Mr. Katsushima testified that he was merely the manager of some of the employees who worked on the audit, and had no personal knowledge or direct involvement. *Id.* at 49:14-22 ("I didn't have any direct responsibilities [with respect to the audit]"); *id.* at 64:24-65:06 (testifying that other than supervising two Sony employees, "I don't believe there was any other involvement [by me]" in the audit). He testified that ***Messrs. Kawahara and Matsumura*** were the persons who worked on the audit and had knowledge of the same, that ***Mr. Shimura*** served as their "advisor" during the audit, and that ***Mr. Saito*** was the semiconductor business group's director at the time of the audit. *Id.* at 52:15-18, 86:06-07; 30(b)(6) Tr. at 80:17-24. Additionally, during and in the week following Mr. Katsushima's deposition, Sony for the first time produced e-mails identifying Sony personnel who worked directly with the auditors, which showed that ***Ms. Suzuki*** was responsible for addressing the auditors' requests for information and was involved in many of the direct communications with the auditors. ***None* of those individuals was identified in Sony's discovery responses purporting to identify all persons knowledgeable about the audit**.[2]

Tessera initiated a meet and confer immediately after Mr. Katsushima's testimony revealed that Sony's witness disclosures had been erroneous. During an in-person meet and confer between Tessera's co-lead counsel, Ben Hattenbach, and Sony's lead counsel, Matt Lowrie,[3] Tessera requested that Sony commit to producing the witnesses in California to avoid further prejudice to Tessera. Sony refused, and continues to refuse, to do so.

Sony's refusal to bring its witnesses to the United States to testify is contrary to law. As this Court has explained, "a party may unilaterally choose the place for deposing the opposing party, subject to the granting of a protective order by the Court pursuant to Federal Rule of Civil Procedure 26(c)(2)." *HTC Corp. v. Tech. Props.*, 2008 WL 5244905, at *1 (N.D. Cal. 2007)

---

[2] Mr. Katsushima also was Sony's sole 30(b)(6) designee.

[3] On July 24, Sony attempted to delay the filing of this motion by arguing for the first time that Mr. Hattenbach is not Tessera's co-lead counsel. This is baseless—Mr. Hattenbach, who has represented Tessera for eight years and been lead or co-lead counsel for Tessera in more than ten cases, is serving as co-lead counsel with Mr. Chu in this case. Sony also initially suggested that Mr. Lowrie is not lead counsel, a position which Mr. Lowrie later appeared to retract. Mr. Lowrie has presented himself as Sony's lead counsel throughout these proceedings and advertises on his Foley & Lardner website that he is "lead counsel in over one hundred patent cases" and "chair of the firm's Intellectual Property Litigation Practice."

(Lloyd, J.). "When the opposing party is a corporation, both its officers and directors and its employees have been treated as 'opposing parties.'" *Id*.

Here, it would be contrary to fairness and logic as well as the law to grant Sony's request for all depositions to take place in Japan. Sony regularly avails itself of the benefit of litigating in the United States—including by filing complaints as a plaintiff and as a counterclaimant in this district.[4] In fact, Sony has filed a counterclaim in this case, "consciously cho[osing] to avail itself of the services of this court, much in the same way as a plaintiff would." *Armsey v. Medshares Mgmt. Servs., Inc.*, 184 F.R.D. 569, 572 (W.D. Va. 1998). ***Indeed, in the license agreement between Tessera and Sony at issue in this case, Sony agreed that all litigation relating thereto "shall take place in San Jose, California."*** Sony is the paradigmatic example of "a foreign corporation . . . doing business in the United States . . . subject to the court's jurisdiction, and [which] has freely taken advantage of our federal rules of discovery," which can and should be "compelled for deposition on American soil." *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000); *Armsey*, 184 F.R.D. at 571 (finding that because litigation is part of business it is "likely that [defendant's] corporate officers fully understood that doing business in the Western District of Virginia could subject themselves and other corporate representatives to judicial proceedings within the Western District").

Because Sony is located in Japan, which has very constrained discovery procedures, permitting Sony to avail itself of the liberal United States discovery procedures while refusing to produce its witnesses in the United States would result in particularly uneven treatment of the parties. It is widely recognized that "the burden of procedures required to conduct a deposition in Japan are daunting," "constitut[ing] a substantial obstacle to the smooth conduct of proceedings." *Dean Foods Co. v. Eastman Chem. Co.*, 2001 U.S. Dist. LEXIS 25447, at *23-24 (N.D. Cal. Aug. 13, 2001) (listing nine requirements for taking depositions in Japan not applicable to depositions

---

[4] Examples of cases in which Sony is either a plaintiff or counterclaimant include: *Sony Corp. v. ChinaVest, Inc.*, No. 3:10-mc-80256-WHA (N.D. Cal.); *Sony Corp. v. Li*, No. 3:10-mc-80136-JSW (N.D. Cal.); *Sony Corp. et al v. Amtran Tech., Ltd.*, No. 5:08-cv-05706-JF (N.D. Cal.); *Sony Corp. v. Funai Electric Co. Ltd.*, No. 4:93-cv-03676-SBA (N.D. Cal.); *Sony Corp. v. Quantum Corp.*, No. 5:90-cv-20153-JW (N.D. Cal.); *Drexler Tech. Corp. v. Sony Corp. et al*, No. 3:98-cv-02936-MMC (N.D. Cal.).

in the United States). Not only do depositions in Japan create a substantial burden, as a practical matter they simply do not provide the dynamic and robust discovery process intended by the Federal Rules. Depositions in Japan must be scheduled months in advance, because there are only three rooms in the entire country of Japan which are authorized for deposition use, and there is extremely high demand for those three rooms. *See New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 463 n.4 (N.D. Ill. 2007) (describing the initial legal hurdles for taking a deposition in Japan, and noting that, once cleared, "the matter of scheduling becomes the problem, and it is not an insignificant hurdle"). Thus any minor hiccup can lead to months of delay, at best, or the complete loss of ability to depose witnesses.

The obstacles to taking depositions in Japan are not hypothetical in this case; they are concrete issues that would materially prejudice Tessera if Sony is relieved of its obligation to produce witnesses in this district. As discussed above, in response to Tessera's Interrogatory No. 3 seeking "***all Persons*** who have knowledge or information relating to the Audit," Sony identified only one Japanese witness: Mr. Katsushima. Sony similarly identified Mr. Katsushima in its Rule 26 disclosures as the ***only*** Sony employee with knowledge of the audit. As a courtesy to Sony, Tessera agreed on the basis of Sony's representations to depose Mr. Katsushima in Japan, undertaking the expensive and time-consuming process of reserving dates at the consulate, obtaining a Court order, arranging travel visas, and making other necessary arrangements. It was only during Mr. Katsushima's deposition that Tessera learned Mr. Katsushima had no knowledge about the audit at issue, and that Sony had failed to disclose at least five Japanese witnesses who (unlike Mr. Katsushima) apparently had extensive involvement and knowledge of the audit.

With less than three months remaining in the discovery period, Sony's refusal to bring its witnesses to the United States is particularly prejudicial. As noted above, there are only three authorized deposition rooms available in Japan (one in Tokyo and two in Osaka), each of which need to be reserved months in advance. Moreover, these depositions of the Sony witnesses who actually participated in the audit at issue must be scheduled with sufficient time to conduct any necessary follow-up discovery before the discovery cut-off. Notably, Sony still has not corrected its interrogatory response erroneously describing Mr. Katsushima as the only Sony witness with

1  personal knowledge of the audit. Moreover, although Sony represented to Tessera that it had
2  produced all relevant documents before Mr. Katsushima's deposition, Sony produced new
3  documents regarding the audit during and in the week following the deposition. Tessera thus is
4  relying on facts pieced together from Mr. Katsushima's deposition and the documents that Sony
5  belatedly produced in the last two weeks, which information itself likely is incomplete.

6  Finally, while Tessera is hopeful that the depositions can proceed without further court
7  involvement, the Court's accessibility in the event that a dispute arise also supports applying the
8  standard rule that a party who invokes the Court's jurisdiction, as Sony has done here and in
9  numerous other cases in this district, must produce its witnesses for deposition in the district in
10 which the action is pending. At a minimum, the Court's availability will provide a disincentive
11 for Sony to continue to withhold information. *See HTC*, 2008 WL 5244905, at *2 (noting that
12 "this court's authority to resolve any disputes arising during a deposition could be compromised
13 by sovereignty issues if depositions took place in [a foreign country], rather than in the United
14 States"); *Delphi Auto. Sys. LLC v. Shinwa Int'l Holdings Ltd.*, 2008 WL 2906765, at *2 (S.D. Ind.
15 Jul. 23, 2008) ("The most significant factor in making the determination as to where the
16 depositions at issue should take place . . . is the ability of the Court to intervene should a dispute
17 arise"); *New Medium Techs.*, 242 F.R.D. at 467.

18 **Tessera's Final And "Most Reasonable" Proposal For Resolution**

19 As discussed above, standard practice and basic considerations of fairness in this case
20 make California the appropriate location for depositions of Sony's witnesses in this case. In a
21 final effort to resolve the issue without court involvement, however, Tessera offered to conduct the
22 depositions in Hawaii—the closest United States location to Japan—to reduce travel time for the
23 witnesses.

24 **Tessera's Explanation For Its Unilateral Filing Of This Report**

25 Sony refused to participate in the filing of this report. The parties reached impasse on the
26 issue presented on Monday, July 23. Tessera immediately notified Sony that in order to comply
27 with the Court's Standing Order, the parties were required to prepare and submit a joint report by
28 July 30. On July 23, Tessera asked Sony to provide any sections it wished to include in the joint

report by Friday, July 27. Sony refused. Instead, Sony asserted the baseless position discussed above that Mr. Hattenbach is not Tessera's co-lead counsel, and attempted to delay the filing of the motion by demanding a separate meet and confer with another Tessera attorney, Melissa McCormick.

On July 26, Tessera again contacted Sony and urged Sony to participated in a simultaneous exchange of sections on July 27 so that the joint report could be timely filed on July 30. Sony stated that it would not participate in a simultaneous exchange, demanding that Tessera provide its draft section first.[5] As an accommodation to Sony, and despite any authority requiring Tessera to submit its section first, Tessera agreed to do so on July 27, with Sony to provide its section on July 30 by 9:00 a.m. Tessera then served Sony with the draft joint report, with Tessera's sections filled in, at approximately noon on July 27. By the afternoon of July 30, the deadline for submitting the joint report, Sony had provided no response, no material to be included in the joint report, and no explanation for its failure to do so. Accordingly, to meet the timetable established in Section 2.D of the Court's Standing Order requiring submission of the report within five business days after reaching impasse, Tessera has proceeded with this submission.

**Conclusion**

Tessera respectfully requests that the Court direct Sony to produce its witnesses in California for depositions.

Dated: July 30, 2012

IRELL & MANELLA LLP
Morgan Chu
Melissa R. McCormick
Benjamin W. Hattenbach
Lisa S. Glasser
Richard W. Krebs

By: ___/s/ Richard W. Krebs___
    Richard Krebs
    *Attorneys for Plaintiff Tessera, Inc.*

---

[5] Sony also stated, without explanation, it did not intend to provide its section until "the end of the day on Tuesday [July 31]." In response, on July 27, Tessera reminded Sony that the report was due on July 30 and again urged Sony to provide its section by 9:00 am on July 30 so that it could be included. Sony never responded.