UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | | |
|---|---|---|
| TESSERA, INC., | ) | Case No. 5:11-CV-04399-EJD (HRL) |
| | ) | |
| Plaintiff, | ) | **[REDACTED]** DISCOVERY DISPUTE |
| | ) | JOINT REPORT #2 |
| v. | ) | |
| | ) | Fact Discovery Cut-off: October 19, 2012 |
| SONY CORPORATION, | ) | |
| | ) | Judge: Howard L. Lloyd |
| Defendant. | ) | |
| | ) | |

**Issue:** Whether the Court should compel Defendant and Counterclaimant Sony Corp. ("Sony") to produce four categories of documents requested by Plaintiff Tessera, Inc. ("Tessera").

**Joint Meeting:** Ben Hattenbach, co-lead counsel for Tessera, and Matt Lowrie, lead counsel for Sony, met in person on July 12, 2012 in Osaka, Japan. The parties then engaged in five weeks of further meet and confer by email regarding the topic of this joint report, including six detailed emails from Tessera to Sony. Tessera also proposed a total of 13 different dates for a second in-person meeting of lead counsel. Sony's position is that Mr. Hattenbach is not "LEAD COUNSEL" and that Tessera refused to make lead counsel available. Sony did not agree to meet on any of the suggested dates and did not propose any alternate dates. The parties reached impasse on August 17, 2012. Sony's position is that Tessera refused to meet-and-confer as required by the Standing Discovery Order and that Tessera cannot refuse to negotiate and then unilaterally declare an "impasse."

1   **Close Of Discovery:**  The fact discovery cut-off is October 19, 2012.

2   **Attestation Of Compliance:**  Undersigned counsel for Tessera hereby certify that they have read

3   and complied with Judge Lloyd's Standing Order Re: Civil Discovery Disputes.

4   **Background And Dispute**

5       In this breach of contract case, (1) Tessera has filed claims alleging that Sony breached the

6   parties' Master License Agreement (the "Agreement") by, among other things, failing to pay

7   royalties owed and found owing in an audit report and failing to cooperate with the audit of Sony,

8   and (2) Sony has filed a counterclaim alleging that Tessera breached the implied covenant of good

9   faith and fair dealing.  The present dispute involves Sony's refusal and failure to produce

10   documents in response to Tessera's requests for production of documents.  Tessera requests that

11   Sony be ordered to produce four categories of documents directly related to the audit.

12   **Tessera's Position**

13       Sony refuses to produce documents that go to the core of this case.  In the Agreement,

14   Tessera agreed to permit Sony to use certain Tessera technology in exchange for, among other

15   things, royalty payments based on Sony's manufacture or use of products covered by the

16   Agreement.  The Agreement gives Tessera the right to examine and audit all records of Sony that

17   may contain information bearing upon Sony's royalty obligations, and requires Sony to pay

18   Tessera any amounts found by the auditor to be payable, within thirty days after receiving a final

19   audit report.

20       In August 2010, an independent auditor, Connor Group NV ("Connor Group"), performed

21   an on-site audit at Sony in Japan.  The Connor Group concluded in a final audit report that Sony

22   had failed to pay Tessera more than ▮▮▮▮▮▮ in royalties.  Sony refused to pay the royalties

23   the auditors found owing.  Tessera thus filed this lawsuit alleging breach of contract and breach of

24   the implied covenant of good faith and fair dealing.  Sony now refuses to produce basic documents

25   related to the Agreement and audit at issue.

26       Specifically, Tessera has asked Sony to produce: (i) documents showing the number and

27   type of Royalty Bearing Tessera Licensed Products made for or used by Sony, whether made by

28

1   Sony or a third party; (ii) documents concerning or constituting internal communications relating

2   to the Agreement; (iii) documents concerning or constituting internal communications relating to

3   the audit; and (iv) documents relating to information requested or received by the Connor Group

4   from Sony, including communications between Sony and the Connor Group and the information

5   the auditors state on pages 3-4 and 7-8 of the audit report that they requested from Sony and did

6   not receive.  As discussed below, Sony has failed and refused to produce these highly relevant

7   documents.

8          **1.  Documents Showing the Number and Type of Royalty Bearing Products**.

9          Under the Agreement, Sony is required to pay royalties for ███████████████

10  ████████████████████████████████████████████████████████████████

11  ████████████████████████████████████████████████████████████████

12  ███████████████████   Thus, in the audit that is the subject of this case, a key issue for the auditors

13  was identifying all Royalty Bearing Tessera Licensed Products made by Sony or used in Sony's

14  products.  To make this determination, the auditors requested information from Sony.  Sony

15  refused to provide much of the requested information.  For example, pages 3-4 and 7-8 of the audit

16  report state that Sony failed to provide the auditors with: ███████████████████

17  ████████████████████████████████████████████████████████████████

18  ████████████████████████████████████████████████████████████████

19  ██████████████████████████████████████████████████████████   Tessera has

20  asked Sony to produce this same information in this case.  With less than two months remaining in

21  the discovery period, Sony still has not done so.

22         Sony's apparent position in this litigation is that Sony's own calculation of royalties owed

23  was correct, and that the auditors were incorrect in concluding that additional royalties are due.

24  Just as it refused to provide information to the auditors, Sony now seeks to prevent Tessera from

25  testing Sony's unilateral determination of the Sony products on which Sony decided to pay

26  Tessera royalties.  Sony refuses to produce any documents from which Tessera (and the trier of

27  fact in this case) could determine the number and type of Royalty Bearing Tessera Licensed

28  Products made for or used by Sony, instead insisting that the auditors and Tessera must take at

1  face value Sony's determination of the Sony products on which Sony must pay royalties—in

2  effect, rendering both the audit and this litigation pointless.

3       Sony's position finds no support in the law or common sense.  No party in litigation is

4  required to accept the opposing party's self-serving contentions as to whether the requirements of

5  a contract have been satisfied.  In particular, where claims relate to an accounting of royalties due

6  pursuant to a license, and a plaintiff seeks unpaid royalties, documents showing "comparisons

7  between product lines" and product "sales information . . . must be provided to [the plaintiff]."

8  *Columbia Cascade Co. v. Interplay Design, Ltd.*, No. 90-148-FR, 1990 WL 200099, at *3 (D. Or.

9  Dec. 6, 1990); *see* Fed. R. Civ. P. 34.  In a contract case, a party must also produce all writings

10  reflecting "technical . . . analyses it has under taken" if those documents are "relevant to the issue

11  of whether the [party] has fulfilled its [contractual] obligation[s]," particularly if the information

12  is, as here, otherwise unavailable from other sources.  *Nat. Utility Serv., Inc. v. Wisconsin*

13  *Centrifugal Foundry, Inc.*, 49 F.R.D. 30, 30-32 (E.D. Wisc. 1970).

14       Documents relevant to ascertaining the number and type of Royalty Bearing Tessera

15  Licensed Products made or used by Sony, whether made by Sony or a third party (*e.g.*, documents

16  sufficient to identify potentially royalty bearing products under the Agreement and how many of

17  each such product were made or used by Sony), were central to the audit and are key, relevant

18  documents in this case.[1]  Sony should be directed to produce these documents, including bills of

19  materials showing which Sony products contain BGA and LGA packages, schematics and product

20  samples for each such product, and records quantifying Sony's manufacture and use of such

21  products, for the time period of the audit (January 1, 2006 to June 30, 2010).

22

23

24

---

25  [1] These documents are responsive to at least Tessera's RFP No. 2 ("All Documents relating to Tessera's claims.") and No. 8 ("All Documents relating to the Audit."), as well as to Tessera's

26  Second Set of Requests for Production.  Exs. A & C.  Subject only to boilerplate objections, Sony agreed to produce all relevant, non-privileged documents responsive to RFP Nos. 2 and 8.  Ex. B.

27  On August 20, 2012, Sony served only objections and refused to provide *any documents at all* in response to *any* of Tessera's Second Set of Requests for Production, which include detailed

28  requests for documents sufficient to show which Sony products are covered by the Agreement. Exs. C & D.

1    **2.   Internal Sony Communications Relating to the Agreement**

2          Sony also refuses to produce documents concerning or constituting internal Sony

3    communications relating to the Agreement.  For example, Sony refuses to produce its internal

4    documents addressing how Sony determined the products on which it paid royalties under the

5    Agreement (which determination, as noted above, Sony asks Tessera and the trier of fact to accept

6    as dispositive).  Similarly, Sony refuses to produce its internal documents reflecting its

7    understanding of the scope, nature, and identification of royalty bearing products under the

8    Agreement.  Such documents were central to the audit and are key documents relating to Tessera's

9    claim in this case that Sony did not pay royalties on all of the products on which royalties are

10   owed.  Sony should therefore be directed to produce these documents.[2]

11   **3.   Internal Sony Communications Relating to the Audit**

12         Similarly, Sony refuses to produce documents concerning or constituting internal Sony

13   communications relating to the audit.  For example, Sony refuses to produce its internal

14   communications addressing how Sony determined which documents to provide to the auditors and

15   which licensed products to report to the auditors, as well as internal communications discussing

16   how to prepare for the audit or respond to the auditors' requests.  Such documents were central to

17   the audit and are key documents relating to Tessera's claim in this case that Sony did not pay

18   royalties on all of the products on which royalties are owed, and failed to cooperate fully with the

19   auditors.  Sony should be directed to produce these documents as well.[3]

20   **4.   Information Requested or Received by the Auditors from Sony**

21         Finally, Sony has not produced all documents relating to information requested or received

22   by the Connor Group from Sony.  The Connor Group's final audit report noted several types of

23   information the auditors requested from Sony that Sony did not provide.  The facts surrounding

24   Sony's failure to cooperate fully with the audit and provide the Connor Group with the

25

26

27         [2] These documents are responsive to at least Tessera's RFP Nos. 2 and 8.  Ex. A.

28         [3] These documents are responsive to at least Tessera's RFP Nos. 2, 8, 9, 10, and 12-14.
     Ex. A.

1   information they requested are central to evaluating whether Sony acted in bad faith by failing to

2   assist the auditors or otherwise violated the Agreement by not cooperating with the audit fully.

3       Tessera's RFP Nos. 11 and 14 request "all communications between Sony and the Connor

4   Group" and "[a]ll documents relating to assessing, fulfilling, denying, considering, responding to,

5   or otherwise addressing the Connor Group's requests for information in connection with the

6   [a]udit." Ex. A. Although Sony agreed to produce responsive documents (subject to various

7   boilerplate objections, *see* Ex. B), the only documents Sony has produced thus far are an

8   implausibly small handful of e-mails between Sony and the Connor Group. Sony has not

9   produced or made available to Tessera all of the information Sony provided to the Connor Group

10  during the audit. Sony also continues to refuse to produce any of the information that the Connor

11  Group requested but which Sony failed to provide to the Connor Group. Sony should be directed

12  to produce all such information.

13  **Sony's Position**

14      Sony declines to participate in this filing because it is being made on an unjustifiably short

15  schedule that was unilaterally imposed by Tessera and is plainly calculated to impair Sony's

16  ability to respond to Tessera's positions, which it refuses to articulate, and to prevent Sony's

17  counsel from conferring with its client in Japan on its response. Sony intends to file its response

18  on or before August 29, 2012.

19  **Tessera's Final And "Most Reasonable" Proposal For Resolution**

20      Tessera's final proposal is that Sony be required to produce: (i) all internal Sony

21  communications relating to Sony's determination of the royalties owed under the License

22  Agreement and relating to the audit; and (ii) all information requested by the Connor Group,

23  including information identified on pages 3-4 and 7-8 of the audit report as information the

24  auditors requested from Sony.

25  **Sony's Final And "Most Reasonable" Proposal For Resolution**

26      Sony provided only the above statement of its position.

27

28

**Tessera's Explanation For Filing This Joint Report Without Sony's Substantive Participation**

Sony refused to substantively participate in this joint report.  During an in-person meeting in Osaka, Japan on July 12, 2012, Ben Hattenbach, co-lead counsel for Tessera, and Matt Lowrie, lead counsel for Sony, discussed Sony's failure to comply with Tessera's document requests. Following the in-person meeting, Tessera sent Sony six detailed emails regarding the issues presented in this joint report over a span of five weeks.  Tessera also proposed 13 dates for a second in-person meeting, but Sony never responded to those offers.  The parties reached impasse on these issues on Friday, August 17.

Tessera notified Sony that day that in order to comply with the Court's Standing Order, the parties were required to prepare and submit a joint report by Friday, August 24.  After Sony did not respond at all for four days, Tessera asked Sony on August 21 to provide its sections of the joint report by noon on August 23.  Sony did not respond to Tessera until August 22, at which time Sony for the first time asserted that it could not provide its sections by the August 24 filing deadline and proposed an extended filing schedule.  Sony's proposed extended schedule would have caused the parties to violate Section 2.D of the Court's Standing Order requiring the submission of this joint report within five business days after reaching impasse.  Tessera promptly so advised Sony, again requesting that Sony participate in the joint report process outlined in the Court's Standing Order and provide its sections of the joint report.

On August 23, Sony informed Tessera that it would not timely provide sections substantively addressing the discovery dispute, and instead instructed Tessera to include the above statement of Sony's position.  In a further attempt to obtain Sony's cooperation, Tessera provided Sony with Tessera's portion of the joint report on the date and time to which Tessera had previously committed (August 23 at 12:00 p.m.), reiterating that Sony should participate in the joint process, and offering to extend Sony's time to provide its sections of the joint report until 5:00 p.m.  Sony did not respond, and never provided Tessera with any sections to include in this joint report.

[REDACTED] DISCOVERY DISPUTE JOINT REPORT #2
CASE NO. 5:11-cv-04399-EJD (HRL)

On August 24, 2012, Sony provided edits to the first page of this joint report, but again refused to provide any substantive discussion of the discovery dispute.  As today is the last day under the Standing Order to provide this joint report, Tessera thus is proceeding with the filing.

Dated:  August 24, 2012

IRELL & MANELLA LLP
Morgan Chu
Benjamin W. Hattenbach
Melissa R. McCormick
Lisa S. Glasser
Richard W. Krebs

By: _/s/ Benjamin W. Hattenbach____
    Benjamin W. Hattenbach
    *Attorneys for Plaintiff Tessera, Inc.*

Dated:  August 24, 2012

FOLEY & LARDNER LLP

By:_/s/ Aaron W. Moore_____
    Aaron W. Moore
    *Attorneys for Defendant Sony Corp.*

**Attestation Of Concurrence In Filing**

Pursuant to Civil L.R. 5-1(i)(3), I, Benjamin W. Hattenbach, hereby attest that concurrence in the filing of this Discovery Dispute Joint Report #2 has been obtained from Aaron W. Moore, counsel for Sony.

Dated:  August 24, 2012

IRELL & MANELLA LLP

By:_ /s/ Benjamin W. Hattenbach____
    Benjamin W. Hattenbach
    *Attorneys for Plaintiff Tessera, Inc.*

Exhibit A

1  IRELL & MANELLA LLP
   Morgan Chu (70446) (mchu@irell.com)
2  Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
   Melissa R. McCormick (180384) (mmccormick@irell.com)
3  Richard W. Krebs (278701) (rkrebs@irell.com)
4  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
5  Telephone: (310) 277-1010
   Facsimile: (310) 203-7199
6
7  *Attorneys for Plaintiff Tessera, Inc.*

8
9              UNITED STATES DISTRICT COURT

10            NORTHERN DISTRICT OF CALIFORNIA

11                  SAN JOSE DIVISION

12  TESSERA, INC.,                  )  Case No. 5:11-CV-04399-EJD (HRL)
                                    )
13          Plaintiff,              )  PLAINTIFF TESSERA, INC.'S FIRST
                                    )  SET OF REQUESTS FOR
14      v.                          )  PRODUCTION TO DEFENDANT SONY
                                    )  CORPORATION
15  SONY CORPORATION,               )
                                    )
16          Defendant.              )
                                    )
17  ――――――――――――――――――――――――――――――――)

18

19          Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Tessera, Inc. ("Tessera")

20  hereby propounds the requests for production below and requests that Defendant Sony

21  Corporation ("Sony") produce for inspection and/or copying the following described Documents

22  and things at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los

23  Angeles, California 90067, as well as a written response within 30 days.

24                      **DEFINITIONS AND INSTRUCTIONS**

25          The definitions and instructions below are provided for purposes of responding to the requests

26  for production that follow.

27

28

A.      "Sony", "You" or "Your" refers to Defendant Sony Corporation; all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof.

B.      "The Agreement" refers to an agreement titled Master License Agreement, which was entered into by Tessera and Sony on or about October 15, 1997, the First Addendum to the Master License Agreement, which was entered into on or about October 15, 1997, and the Second Addendum to the Master License Agreement, which was entered into on or about January 28, 2004.

C.      "Audit" refers to the royalty audit conducted by the Connor Group pursuant to Section VI of the Agreement.

D.      "Complaint" means Tessera's Complaint in this action.  To the extent Tessera files amended Complaints, references to the Complaint also extend to such amended Complaints, and references to specific language in the Complaint extend to analogous language in such amended Complaints.

E.      "Answer" means Your Answer to Tessera's Complaint in this action.  To the extent that You file further Answers, references to the Answer also extend to such further Answers, and references to specific language in the Answer extend to analogous language in such further Answers.

F.      In producing Documents and things responsive to these requests, Sony shall furnish all Documents within its possession, custody, or control, regardless of whether these Documents are possessed directly by Sony, or by its present or past agents, employees, affiliates, related companies, subsidiaries, representatives, investigators, contractors, sub-contractors, or attorneys.  Where knowledge or information in Your possession is requested, the request extends to knowledge or information in the possession of Your predecessors and/or successors, as well as to information in the possession of Your officers, directors, agents, employees, servants, representatives and, unless privileged, attorneys.  Whenever an answer to these requests for production contains information

1   which is not based upon Your personal knowledge, state the source and nature of such

2   information.

3      G.     "Document" means any tangible thing that comes within the meaning of "writing"

4   contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "Document" or

5   "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure (including without

6   limitation, all items referenced in Rule 34(a)), along with every form of recording any form of

7   communication or representation upon any tangible thing, including every form of recording

8   letters, words, pictures, sounds, or symbols, or combinations thereof by means such as

9   handwriting, printing, photostatting, photographing, magnetic taping or writing, optically burning

10   or encoding, or any other form of storing, compiling, or mechanically or electrically recording

11   data onto any media including paper, film, plastic, magnetic tape, computer disks, compact discs

12   (CDs), digital video discs (DVDs) and the like.  For example, the term "Document" includes

13   without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters,

14   telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures,

15   periodicals, receipts, returns, summaries, pamphlets, books, notebooks, lab notebooks, invention

16   disclosures, prospectuses, interoffice, and intra-office communications, offers, notations of any

17   sort of conversations, working papers, applications, permits, surveys, indices, telephone calls,

18   meetings, printouts, teletypes, telefax, telefax records, invoices, work sheets, graphic or oral

19   representations of any kind (including without limitation, pictures, photographs, charts,

20   microfiche, microfilm, videotape, audiotape, recordings, motion pictures, plans, drawings,

21   surveys), and electronic, mechanical or electric records or representations of any kind (including,

22   without limitation, electronic mail or e-mail, Instant Messages, tapes, cassettes, discs, and

23   recordings).

24      H.     Every draft, version, revision or non-identical copy of a "Document," including copies

25   that differ from the original because of hand notation(s), shall be considered a separate

26   "Document," as that term is used herein, but exhibits, appendices and attachments to a

27   "Document" shall be considered part of the "Document" itself.

28

1  I.    Electronic mail or messages produced under these requests for production shall include

2  extracted text and metadata, fields showing the date and time that the Document was sent and

3  received, the complete distribution list, and attachments.

4  J.    "Person" means any natural individual, or any corporation, company, firm, partnership,

5  proprietorship, business association, association, foundation, legal entity, or government entity,

6  agency, officer, department, or affiliate, or any other group or organization.

7  K.    In producing the Documents requested herein, produce them with, and in sequence,

8  copies of their original file folders, if any, or in lieu thereof, copies of all information appearing on

9  or otherwise associated with the original file folder.  In addition, the Documents shall be produced

10  in the same sequence as they are contained or found in the original file folder.  The integrity and

11  internal sequence of the requested Documents within each file folder shall not be disturbed.  Under

12  no circumstances shall Documents from any file folder be commingled with Documents from any

13  other file folder.

14  L.    If a Document or thing responsive to any request is not produced on any ground, such

15  as attorney-client privilege or work product immunity, identify the Document or thing to the

16  extent the request is not objected to, and provide, at the time at which the responses to these

17  requests are served, a log which separately, for each Document or thing not produced, sets forth:

18  (1) the specific ground(s) for not producing the Document or thing in full; (2) the identity

19  (including the name, address, and title) of the author or creator thereof, the addressees and parties

20  thereto, each Person to whom or from which a copy of the Document or thing has been sent or

21  received; and any Person who helped in the preparation of the Document or thing; (3) the title or

22  other Identifying data sufficient to describe the Document or thing for purposes of a subpoena

23  *duces tecum*; (4) the date of the Document or thing, or if no date appears thereon, the approximate

24  date (including information concerning its relationship to other events); (5) the identity of each

25  Person to whom the Document or thing, or any copy thereof, was transmitted, shown, or disclosed

26  by any entity; (6) the identity and location of each Person having or last having possession, care,

27  custody, or control of the Document or thing and each of any copies thereof; (7) the purpose for

28  which the Document or thing was prepared; and (8) each and every fact or basis upon which the

1  privilege or ground for refusing to fully identify is asserted, in such detail as would be required for

2  Tessera to test the claim of privilege on a motion to compel.

3       M.      In the event that any Document or thing or portion thereof called for by this set of

4  requests is known to have been lost or destroyed (either as a result of a Document destruction

5  policy or otherwise), provide a written statement setting forth the following information for each

6  such item:  (1) the identity of the item; (2) the nature of the item (e.g. letter, memorandum, chart,

7  engineering drawing, etc.); (3) the identity of each Person(s) who received, reviewed or inspected

8  the item including any sender(s), author(s), or addressee(s) whether indicated as such or not; (4)

9  the date that the item was created, or if there is no record of this information, the approximate date

10  (including information concerning its relationship to other events); (5) a description of the subject

11  matter of the item; (6) if the item is a Document, the number of pages; (7) information regarding

12  whether any attachments or appendices to the item exist or existed, along with a description of any

13  such attachments or appendices; (8) all Persons to whom the item was distributed, shown, or

14  explained; and (9) the circumstances of the loss or destruction of the item including the date of

15  destruction or loss, the identity of the Person(s) who lost or destroyed the item, and if the item was

16  destroyed, the identity of the Person(s) who authorized the destruction.

17  **REQUESTS FOR PRODUCTION**

18       1.      All Documents relating to Your Answer in this action, including all Documents

19  identified in, used or relied upon in preparation of Your Answer, including all Documents relating

20  to and all Documents You contend support any of Your affirmative defenses, contentions, denials,

21  or counterclaim.

22       2.      All Documents relating to Tessera's claims.

23       3.      All Documents relating to Your responses to any Tessera discovery request.

24       4.      All Documents identified in, used, and/or relied upon in the preparation of any

25  responses to any Tessera discovery request.

26       5.      Documents sufficient to show Sony's policies regarding the retention or destruction

27  of Documents.

28       6.      Documents sufficient to show Sony's electronic records management policies.

7. Documents sufficient to show Sony's document management systems or processes for handling documents relating to licensing agreements, sales, audits, and/or royalties.

8. All Documents relating to the Audit.

9. All Documents relating to the Connor Group.

10. All Documents relating to Nigel Shepherd, Edgar Ooms, Tammy Costanzo, or Suling Chang.

11. All communications between Sony and the Connor Group.

12. All Documents mentioning any Sony personnel in connection with the Audit.

13. All Documents relating to Yukihiro Matsumura, Ryusuke Kawahara, Takako Suzuki, Tomoko Tsuhara, Etsujiro Katsushima, Mutsuyoshi Itoh, Yoshiaki Shimura, Jo Takeuchi, Peter Toto and/or other Sony personnel in connection with the Audit.

14. All Documents relating to assessing, fulfilling, denying, considering, responding to, or otherwise addressing the Connor Group's requests for information in connection with the Audit.

15. All Documents provided to the Connor Group or any Connor Group employee.

16. All agreements, contracts, non-disclosure agreements, and any other agreement, promise, covenant or contract between Sony and the Connor Group.

Dated: January 27, 2012

IRELL & MANELLA LLP
Morgan Chu
Benjamin W. Hattenbach
Melissa R. McCormick
Richard W. Krebs

By: ___/s/ Richard W. Krebs_____
Richard Krebs
*Attorneys for Plaintiff Tessera, Inc.*

1

### PROOF OF SERVICE

2

      I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1800 Avenue of the Stars, Suite 900,

3

Los Angeles, California 90067-4276.

4

      On January 27, 2012, I served the foregoing document described as **PLAINTIFF TESSERA, INC.'S FIRST SET OF REQUESTS FOR PRODUCTION TO DEFENDANT**

5

**SONY CORPORATION** on each interested party, as follows:

6

Eileen R. Ridley                               Aaron W. Moore
FOLEY & LARDNER LLP               FOLEY & LARDNER LLP

7

555 California Street, Suite 1700          111 Huntington Ave, Suite 2600
San Francisco, California 94104-1520    Boston, Massachusetts 02199-7610

8

E-Mail:  eridley@foley.com               E-Mail:  amoore@foley.com

9

10

Matthew B. Lowrie
FOLEY & LARDNER LLP

11

111 Huntington Ave, Suite 2600
Boston, Massachusetts 02199-7610

12

E-Mail:  mlowrie@foley.com

13

14

      X        (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically  mailing a true and correct copy through Irell &

15

Manella LLP's electronic mail system to the e-mail address(es), as stated above, and the transmission was reported as complete and no error was reported.

16

      Executed on January 27, 2012, at Los Angeles, California.

17

      I declare under penalty of perjury under the laws of the State of California that the

18

foregoing is true and correct.

19

20

    Richard W. Krebs (rkrebs@irell.com)         /s/ Richard W. Krebs
         (Type or print name)                    (Signature)

21

22

23

24

25

26

27

28

2562915.1  01

Exhibit B

1  **FOLEY & LARDNER LLP**
   555 CALIFORNIA STREET, STE. 1700
2  SAN FRANCISCO, CA 94104-1520
   TEL.: (415) 438-6469
3  FAX: (415) 434-4507
   EILEEN R. RIDLEY (CA BAR NO. 151735)
4  ERIDLEY@FOLEY.COM

5  **FOLEY & LARDNER LLP**
   111 HUNTINGTON AVE, STE. 2600
6  BOSTON, MA 02199-7610
   TEL.: (617) 342-4000
7  FAX: (617) 342-4001
   MATTHEW B. LOWRIE (*PRO HAC VICE*)
8  MLOWRIE@FOLEY.COM
   AARON W. MITS SEEKS(*PRO HAC VICE*)
9  AMOORE@FOLEY.COM

10 **FOLEY & LARDNER LLP**
   321 NORTH CLARK ST., STE. 2800
11 CHICAGO, IL 60654-5313
   TEL.: (312) 832-4568
12 FAX: (312) 832-4700
   RUBEN J. RODRIGUES (*PRO HAC VICE*)
13 RRODRIGUES@FOLEY.COM

14

15 ATTORNEYS FOR DEFENDANT SONY CORPORATION

                    UNITED STATES DISTRICT COURT
16                 NORTHERN DISTRICT OF CALIFORNIA
                        SAN JOSE DIVISION
17

18 Tessera, Inc., a Delaware corporation,          | Case No. 5:CV 11-04399-EJD

19         Plaintiff

20         v.                                        **SONY CORPORATION'S RESPONSE TO TESSERA'S FIRST SET OF REQUESTS FOR PRODUCTION (NOS. 1-16)**

21 Sony Corporation, a Japanese corporation,

22         Defendants.

23

24

25         Defendant Sony Corporation ("Sony"), by and through its attorneys, responds to Tessera,

26 Inc.'s ("Tessera") First Set of Requests for Production of January 27, 2012 as follows:

27

28

---

SONY'S RESPONSE TO TESSERA'S
                                                                                                                            FIRST SET OF REQUESTS FOR PRODUCTION

4843-6320-1038.2

## **GENERAL OBJECTIONS**

1.      Sony incorporates by reference its General Objections contained in its Responses and Objections to Tessera's First Set of Interrogatories to Sony Corporation, dated March 1, 2012.

2.      Sony further objects to the Tessera's Requests to the extent that they call for the production of "all" documents pertaining to a specific subject, on the ground that such language is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  To the extent that a search is required, Sony will search those files in its possession, custody, or control where there is a reasonable likelihood that responsive documents may be located.

3.      Sony further objects to these Requests to the extent that they are directed to products other than those covered by the license agreement in dispute on the ground that such requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.      Sony further objects to these Requests to the extent they seek information that is proprietary to a third party and/or that is subject to a confidentiality agreement with a third party.

5.      Sony further objects to these Requests to the extent that they call for information outside the possession, custody, and control of Sony on the ground that such requests are overly broad, unduly burdensome, would subject Sony to undue annoyance, oppression, burden and expense, seek to impose upon Sony an obligation to investigate information and materials from third parties or services that are equally accessible to Tessera, and are not reasonably calculated to lead to the discovery of admissible evidence.

6.      Sony further objects to these Requests to the extent that they seek any information protected by attorney-client privilege and/or attorney work product immunity.  To the extent that privileged or work product immune information is called for by Tessera's Requests, and is embodied in documents, the documents will be identified in a listing of privileged and work product documents (a "Privileged Document Log") as required by law.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege,

1   work product immunity, or any other applicable privilege or immunity.

2                **RESPONSES TO REQUESTS FOR PRODUCTION**

3   **REQUEST NO. 1:**

4          All Documents relating to Your Answer in this action, including all Documents identified

5   in, used or relied upon in preparation of Your Answer, including all Documents relating to and

6   all Documents You contend support any of Your affirmative defenses, contentions, denials, or

7   counterclaim.

8   **RESPONSE TO REQUEST NO. 1:**

9          In addition to its General Objections, Sony objects to this Request on the grounds that it

10  is overbroad and unduly burdensome, and seeks information that is neither relevant nor

11  reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

12  the Request seeks "All documents."

13         Sony also objects to this Request to the extent it seeks information protected by the

14  attorney-client privilege, the work product doctrine, a common interest or joint defense

15  agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent

16  that its seeks publicly available information, information available from a third party, or

17  information equally available to Tessera.

18         Subject to and without waiving any of its General and Specific Objections, and to the

19  extent that Sony understands this request, Sony will produce relevant non-privileged documents

20  responsive to this Request, if any exist, following the entry of a suitable protective order.

21  **REQUEST NO. 2:**

22         All Documents relating to Tessera's claims.

23  **RESPONSE TO REQUEST NO. 2:**

24         In addition to its General Objections, Sony objects to this Request on the grounds that it

25  is overbroad and unduly burdensome, and seeks information that is neither relevant nor

26  reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

27  the Request seeks "All documents."  Sony further objects to this Request as the term "Tessera's

28  claims" is vague, ambiguous, and undefined.

1    Sony also objects to this Request to the extent it seeks information protected by the

2    attorney-client privilege, the work product doctrine, a common interest or joint defense

3    agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent

4    that its seeks publicly available information, information available from a third party, or

5    information equally available to Tessera.

6    Subject to and without waiving any of its General and Specific Objections, and to the

7    extent that Sony understands this request, Sony will produce relevant non-privileged documents

8    responsive to this Request, if any exist, following the entry of a suitable protective order.

9    **REQUEST NO. 3:**

10    All Documents relating to Your responses to any Tessera discovery request.

11    **RESPONSE TO REQUEST NO. 3:**

12    In addition to its General Objections, Sony objects to this Request on the grounds that it

13    is overbroad and unduly burdensome, and seeks information that is neither relevant nor

14    reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

15    the Request seeks "All documents."

16    Sony also objects to this Request to the extent it seeks information protected by the

17    attorney-client privilege, the work product doctrine, a common interest or joint defense

18    agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent

19    that its seeks publicly available information, information available from a third party, or

20    information equally available to Tessera.

21    Subject to and without waiving any of its General and Specific Objections, and to the

22    extent that Sony understands this request, Sony will produce relevant non-privileged documents

23    responsive to this Request, if any exist, following the entry of a suitable protective order.

24    **REQUEST NO. 4:**

25    All Documents identified in, used, and/or relied upon in the preparation of any responses

26    to any Tessera discovery request.

27

28

**RESPONSE TO REQUEST NO. 4:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent the Request seeks "All documents."

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege. Sony also objects to this Request to the extent that it seeks publicly available information, information available from a third party, or information equally available to Tessera.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

**REQUEST NO. 5:**

Documents sufficient to show Sony's policies regarding the retention or destruction of Documents.

**RESPONSE TO REQUEST NO. 5:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

**REQUEST NO. 6:**

Documents sufficient to show Sony's electronic records management policies.

**RESPONSE TO REQUEST NO. 6:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sony further objects to this Request as the term "electronic records management policies" is vague, ambiguous, and undefined.

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

**REQUEST NO. 7:**

Documents sufficient to show Sony's document management systems or processes for handling documents relating to licensing agreements, sales, audits, and/or royalties.

**RESPONSE TO REQUEST NO. 7:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Sony further objects to this Request as the term "document management systems or processes for handling documents relating to licensing agreement, sales, audits, and/or royalties" is vague, ambiguous, and undefined.

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

1    **REQUEST NO. 8:**

2        All Documents relating to the Audit.

3    **RESPONSE TO REQUEST NO. 8:**

4        In addition to its General Objections, Sony objects to this Request on the grounds that it

5    is overbroad and unduly burdensome, and seeks information that is neither relevant nor

6    reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

7    the Request seeks "All documents."   Sony further objects to this Request as the term "relating to

8    the Audit" is vague, ambiguous, and undefined.

9        Sony also objects to this Request to the extent it seeks information protected by the

10   attorney-client privilege, the work product doctrine, a common interest or joint defense

11   agreement, and/or any other applicable privilege.

12       Subject to and without waiving any of its General and Specific Objections, and to the

13   extent that Sony understands this request, Sony will produce relevant non-privileged documents

14   responsive to this Request, if any exist, following the entry of a suitable protective order.

15   **REQUEST NO. 9:**

16       All Documents relating to the Connor Group.

17   **RESPONSE TO REQUEST NO. 9:**

18       In addition to its General Objections, Sony objects to this Request on the grounds that it

19   is overbroad and unduly burdensome, and seeks information that is neither relevant nor

20   reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

21   the Request seeks "All documents."   Sony further objects to this Request as the term "relating to

22   the Connor Group" is vague, ambiguous, and undefined.

23       Sony also objects to this Request to the extent it seeks information protected by the

24   attorney-client privilege, the work product doctrine, a common interest or joint defense

25   agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent

26   that its seeks publicly available information, information available from a third party, or

27   information equally available to Tessera.

28

1    Subject to and without waiving any of its General and Specific Objections, and to the

2    extent that Sony understands this request, Sony will produce relevant non-privileged documents

3    responsive to this Request, if any exist, following the entry of a suitable protective order.

4    **REQUEST NO. 10:**

5    All Documents relating to Nigel Shepherd, Edgar Ooms, Tammy Costanzo, or Suling

6    Chang.

7    **RESPONSE TO REQUEST NO. 10:**

8    In addition to its General Objections, Sony objects to this Request on the grounds that it

9    is overbroad and unduly burdensome, and seeks information that is neither relevant nor

10   reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

11   the Request seeks "All documents."   Sony further objects to this Request as the term "relating

12   to" is vague, ambiguous, and undefined in this context.

13   Sony also objects to this Request to the extent it seeks information protected by the

14   attorney-client privilege, the work product doctrine, a common interest or joint defense

15   agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent

16   that its seeks publicly available information, information available from a third party, or

17   information equally available to Tessera.

18   Subject to and without waiving any of its General and Specific Objections, and to the

19   extent that Sony understands this request, Sony will produce relevant non-privileged documents

20   responsive to this Request, if any exist, following the entry of a suitable protective order.

21   **REQUEST NO. 11:**

22   All communications between Sony and the Connor Group.

23   **RESPONSE TO REQUEST NO. 11:**

24   In addition to its General Objections, Sony objects to this Request on the grounds that it

25   is overbroad and unduly burdensome, and seeks information that is neither relevant nor

26   reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

27   the Request seeks "All communications."

28

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.  Sony also objects to this Request to the extent that its seeks publicly available information, information available from a third party, or information equally available to Tessera.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

**REQUEST NO. 12:**

All Documents mentioning any Sony personnel in connection with the Audit.

**RESPONSE TO REQUEST NO. 12:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent the Request seeks "All documents."   Sony further objects to this Request as the term "in connection with the Audit" is vague, ambiguous, and undefined.

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order.

**REQUEST NO. 13:**

All Documents relating to Yukihiro Matsumura, Ryusuke Kawahara, Takako Suzuki, Tomoko Tsuhara, Etsujiro Katsushima, Mutsuyoshi Itoh, Yoshiaki Shimura, Jo Takeuchi, Peter Toto and/or other Sony personnel in connection with the Audit.

1   **RESPONSE TO REQUEST NO. 13:**

2           In addition to its General Objections, Sony objects to this Request on the grounds that it

3   is overbroad and unduly burdensome, and seeks information that is neither relevant nor

4   reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

5   the Request seeks "All documents."  Sony further objects to this Request as the terms "relating

6   to" and "in connection with the Audit" is vague, ambiguous, and undefined.

7           Sony also objects to this Request to the extent it seeks information protected by the

8   attorney-client privilege, the work product doctrine, a common interest or joint defense

9   agreement, and/or any other applicable privilege.

10          Subject to and without waiving any of its General and Specific Objections, and to the

11  extent that Sony understands this request, Sony will produce relevant non-privileged documents

12  responsive to this Request, if any exist, following the entry of a suitable protective order.

13  **REQUEST NO. 14:**

14          All Documents relating to assessing, fulfilling, denying, considering, responding to, or

15  otherwise addressing the Connor Group's requests for information in connection with the Audit.

16  **RESPONSE TO REQUEST NO. 14:**

17          In addition to its General Objections, Sony objects to this Request on the grounds that it

18  is overbroad and unduly burdensome, and seeks information that is neither relevant nor

19  reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent

20  the Request seeks "All documents."  Sony further objects to this Request as the terms "relating

21  to assessing, fulfilling, denying, considering, responding to or otherwise addressing" and "in

22  connection with the Audit" is vague, ambiguous, and undefined.

23          Sony also objects to this Request to the extent it seeks information protected by the

24  attorney-client privilege, the work product doctrine, a common interest or joint defense

25  agreement, and/or any other applicable privilege.

26          Subject to and without waiving any of its General and Specific Objections, and to the

27  extent that Sony understands this request, Sony will produce relevant non-privileged documents

28  responsive to this Request, if any exist, following the entry of a suitable protective order

**REQUEST NO. 15:**

All Documents provided to the Connor Group or any Connor Group employee.

**RESPONSE TO REQUEST NO. 15:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent the Request seeks "All documents."

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

Subject to and without waiving any of its General and Specific Objections, and to the extent that Sony understands this request, Sony will produce relevant non-privileged documents responsive to this Request, if any exist, following the entry of a suitable protective order

**REQUEST NO. 16:**

All agreements, contracts, non-disclosure agreements, and any other agreement, promise, covenant or contract between Sony and the Connor Group.

**RESPONSE TO REQUEST NO. 16:**

In addition to its General Objections, Sony objects to this Request on the grounds that it is overbroad and unduly burdensome, and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence, particularly to the extent the Request seeks "All documents."  Sony further objects to this Request as the terms "any other agreement, promise, covenant or contract" is vague, ambiguous, and undefined.

Sony also objects to this Request to the extent it seeks information protected by the attorney-client privilege, the work product doctrine, a common interest or joint defense agreement, and/or any other applicable privilege.

1    Subject to and without waiving any of its General and Specific Objections, and to the

2    extent that Sony understands this request, Sony will produce relevant non-privileged documents

3    responsive to this Request, if any exist, following the entry of a suitable protective order.

4    Dated:  March 2, 2012

5                                                    By:  /s/ *Aaron W. Moore*
                                                         _____

6                                                         AARON W. MOORE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## CERTIFICATE OF SERVICE

2

3        I certify that I caused to be served copies of the foregoing document on March 2, 2012,

4   upon the following by electronic mail:

5

6                                Counsel of Record
                                 Irell & Manella LLP
7                       1800 Avenue of the Stars, Suite 900
                            Los Angeles, CA  90067-4276
8                            Telephone:  (310) 277-1010
                                 Fax:  (310) 203-7199

9                          #Tessera-SonyAudit@irell.com

10

11  Dated:  March 2, 2012

                                 By:  /s/ Ruben J. Rodrigues
12                                  _____

13                                   Ruben J. Rodrigues

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                          1

Exhibit C

1   IRELL & MANELLA LLP
    Morgan Chu (70446) (mchu@irell.com)
2   Melissa R. McCormick (180384) (mmccormick@irell.com)
    Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
3   Lisa S. Glasser (223406) (lglasser@irell.com)
    Richard W. Krebs (278701) (rkrebs@irell.com)
4   1800 Avenue of the Stars, Suite 900
    Los Angeles, California 90067-4276
5   Telephone: (310) 277-1010
    Facsimile: (310) 203-7199
6
7   *Attorneys for Plaintiff Tessera, Inc.*

8

9                   UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                        SAN JOSE DIVISION

12
    TESSERA, INC.,                  )   Case No. 5:11-CV-04399-EJD (HRL)
13                                   )
                Plaintiff,           )   PLAINTIFF TESSERA, INC.'S SECOND
14                                   )   SET OF REQUESTS FOR
           v.                        )   PRODUCTION TO DEFENDANT SONY
15                                   )   CORPORATION
    SONY CORPORATION,                )
16                                   )
                Defendant.           )
17   _____)

18

19
            Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiff Tessera, Inc. ("Tessera")
20
    hereby propounds the requests for production below and requests that Defendant Sony
21
    Corporation ("Sony") produce for inspection and/or copying the following described Documents
22
    and things at the offices of Irell & Manella LLP, 1800 Avenue of the Stars, Suite 900, Los
23
    Angeles, California 90067, as well as a written response within 30 days.
24
                        **DEFINITIONS AND INSTRUCTIONS**
25
         The definitions and instructions below are provided for purposes of responding to the requests
26
    for production that follow.
27

28

A. "Sony", "You" or "Your" refers to Defendant Sony Corporation; all past or present divisions, departments, parents, subsidiaries, affiliates, partnerships, joint ventures, predecessors or successors thereof, and all past and present officers, directors, employees, agents, representatives, consultants, managers, partners, or attorneys thereof.

B. "Billable Pin" refers to any electrical connection to an IC bond pad made or contained within a package.

C. "IC" refers to integrated circuit.

D. "BGA" refers to ball grid array.

E. "LGA" refers to land grid array.

F. "Sony Product" refers to any products or goods, finished or unfinished, that were made, used, sold, offered for sale, imported or exported, or transferred by Sony between October 15, 1997 and September 24, 2010.

G. "Thing" shall be construed under the broadest possible construction under the Federal Rules of Civil Procedure.

H. The terms "Identify" or "Identity" when used in connection with a Thing (including without limitation any products made, used, sold, offered for sale, imported or exported, or transferred by Sony), means to state:  the date that the Thing was made; the date the Thing was sold, used, or transferred by Sony; all numbers or codes used to refer to the Thing; all brand names used to advertise or market the Thing; all parts used to make the Thing; and all processes used to make the Thing.

I. "Document" means any tangible thing that comes within the meaning of "writing" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "Document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure (including without limitation, all items referenced in Rule 34(a)), along with every form of recording any form of communication or representation upon any tangible thing, including every form of recording letters, words, pictures, sounds, or symbols, or combinations thereof by means such as handwriting, printing, photostatting, photographing, magnetic taping or writing, optically burning or encoding, or any other form of storing, compiling, or mechanically or electrically recording

data onto any media including paper, film, plastic, magnetic tape, computer disks, compact discs

(CDs), digital video discs (DVDs) and the like.  For example, the term "Document" includes

without limitation, correspondence, memoranda, notes, diaries, minutes, statistics, letters,

telegrams, contracts, reports, studies, checks, statements, tags, labels, invoices, brochures,

periodicals, receipts, returns, summaries, pamphlets, books, notebooks, lab notebooks, invention

disclosures, prospectuses, interoffice, and intra-office communications, offers, notations of any

sort of conversations, working papers, applications, permits, surveys, indices, telephone calls,

meetings, printouts, teletypes, telefax, telefax records, invoices, work sheets, graphic or oral

representations of any kind (including without limitation, pictures, photographs, charts,

microfiche, microfilm, videotape, audiotape, recordings, motion pictures, plans, drawings,

surveys), and electronic, mechanical or electric records or representations of any kind (including,

without limitation, electronic mail or e-mail, Instant Messages, tapes, cassettes, discs, and

recordings).

J.      In producing Documents and things responsive to these requests, Sony shall furnish all

Documents within its possession, custody, or control, regardless of whether these Documents are

possessed directly by Sony, or by its present or past agents, employees, affiliates, related companies,

subsidiaries, representatives, investigators, contractors, sub-contractors, or attorneys.  Where

knowledge or information in Your possession is requested, the request extends to knowledge or

information in the possession of Your predecessors and/or successors, as well as to information in

the possession of Your officers, directors, agents, employees, servants, representatives and, unless

privileged, attorneys.  Whenever an answer to these requests for production contains information

which is not based upon Your personal knowledge, state the source and nature of such

information.

K.      Every draft, version, revision or non-identical copy of a "Document," including copies

that differ from the original because of hand notation(s), shall be considered a separate

"Document," as that term is used herein, but exhibits, appendices and attachments to a

"Document" shall be considered part of the "Document" itself.

1     L.     Electronic mail or messages produced under these requests for production shall include

2 extracted text and metadata, fields showing the date and time that the Document was sent and

3 received, the complete distribution list, and attachments.

4     M.     In producing the Documents requested herein, produce them with, and in sequence,

5 copies of their original file folders, if any, or in lieu thereof, copies of all information appearing on

6 or otherwise associated with the original file folder. In addition, the Documents shall be produced

7 in the same sequence as they are contained or found in the original file folder. The integrity and

8 internal sequence of the requested Documents within each file folder shall not be disturbed. Under

9 no circumstances shall Documents from any file folder be commingled with Documents from any

10 other file folder.

11     N.     If a Document or thing responsive to any request is not produced on any ground, such

12 as attorney-client privilege or work product immunity, identify the Document or thing to the

13 extent the request is not objected to, and provide, at the time at which the responses to these

14 requests are served, a log which separately, for each Document or thing not produced, sets forth:

15 (1) the specific ground(s) for not producing the Document or thing in full; (2) the identity

16 (including the name, address, and title) of the author or creator thereof, the addressees and parties

17 thereto, each Person to whom or from which a copy of the Document or thing has been sent or

18 received; and any Person who helped in the preparation of the Document or thing; (3) the title or

19 other Identifying data sufficient to describe the Document or thing for purposes of a subpoena

20 *duces tecum*; (4) the date of the Document or thing, or if no date appears thereon, the approximate

21 date (including information concerning its relationship to other events); (5) the identity of each

22 Person to whom the Document or thing, or any copy thereof, was transmitted, shown, or disclosed

23 by any entity; (6) the identity and location of each Person having or last having possession, care,

24 custody, or control of the Document or thing and each of any copies thereof; (7) the purpose for

25 which the Document or thing was prepared; and (8) each and every fact or basis upon which the

26 privilege or ground for refusing to fully identify is asserted, in such detail as would be required for

27 Tessera to test the claim of privilege on a motion to compel.

28

O.     In the event that any Document or thing or portion thereof called for by this set of requests is known to have been lost or destroyed (either as a result of a Document destruction policy or otherwise), provide a written statement setting forth the following information for each such item:  (1) the identity of the item; (2) the nature of the item (e.g. letter, memorandum, chart, engineering drawing, etc.); (3) the identity of each Person(s) who received, reviewed or inspected the item including any sender(s), author(s), or addressee(s) whether indicated as such or not; (4) the date that the item was created, or if there is no record of this information, the approximate date (including information concerning its relationship to other events); (5) a description of the subject matter of the item; (6) if the item is a Document, the number of pages; (7) information regarding whether any attachments or appendices to the item exist or existed, along with a description of any such attachments or appendices; (8) all Persons to whom the item was distributed, shown, or explained; and (9) the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the Person(s) who lost or destroyed the item, and if the item was destroyed, the identity of the Person(s) who authorized the destruction.

## **REQUESTS FOR PRODUCTION**

17.     Documents sufficient to Identify each Sony Product.

18.     Documents sufficient to show the quantity of each Sony Product made, used, sold, offered for sale, imported or exported, or transferred by Sony, by quarter from October 15, 1997 to September 24, 2010.

19.     Documents sufficient to show, for each Sony Product, each BGA and LGA package that the product contains, and the quantity of each such package contained within each such product.

20.     Documents sufficient to show, for each BGA and LGA package included in any Sony Product, the manufacturer of the package.

21.     Documents sufficient to show, for each BGA and LGA package included in any Sony Product, the number of Billable Pins contained in the package.

22.     Documents sufficient to show, for each BGA and LGA package included in any Sony Product, whether the chip(s) within the package are in a face up or face down orientation; the

1  location and pitch of the terminals relative to the IC(s) in the package; and whether the package

2  substrate is reinforced, and if so, its thickness.

3

4  Dated: July 18, 2012                    IRELL & MANELLA LLP
                                          Morgan Chu
5                                          Melissa R. McCormick
                                          Benjamin W. Hattenbach
6                                          Lisa S. Glasser
                                          Richard W. Krebs
7

8                                          By:    /s/ Richard W. Krebs
                                                 Richard Krebs
9                                                *Attorneys for Plaintiff Tessera, Inc.*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 1800 Avenue of the Stars, Suite 900, Los Angeles, California 90067-4276.

On July 18, 2012, I served the foregoing document described as **PLAINTIFF TESSERA, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION TO DEFENDANT SONY CORPORATION** on each interested party, as stated on the attached service list.

> Aaron W. Moore
> Foley & Lardner LLP
> 111 Huntington Avenue
> Boston, MA 02199
> Email: (amoore@foley.com)
> Email: (BOST-File-Sony-Tessera-NDCal@foley.com)

[X]     (BY ELECTRONIC MAIL)  I caused the foregoing document to be served electronically by electronically  mailing a true and correct copy through Irell & Manella LLP's electronic mail system to the e-mail address(es), as stated on the attached service list, and the transmission was reported as complete and no error was reported.

Executed on July 18, 2012, at Los Angeles, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.


Richard Krebs (rkrebs@irell.com)
(Type or print name)                                    (Signature)

2674985.2 04

Exhibit D

**FOLEY & LARDNER LLP**
555 California Street, Ste. 1700
San Francisco, CA 94104-1520
Tel.:  (415) 438-6469
Fax:  (415) 434-4507
Eileen R. Ridley (CA Bar No. 151735)
eridley@foley.com

**FOLEY & LARDNER LLP**
111 Huntington Ave, Ste. 2600
Boston, MA 02199-7610
Tel.:  (617) 342-4000
Fax:  (617) 342-4001
Matthew B. Lowrie (*Pro Hac Vice*)
mlowrie@foley.com
Aaron W. Mits seeks(*Pro Hac Vice*)
amoore@foley.com

**FOLEY & LARDNER LLP**
321 North Clark St., Ste. 2800
Chicago, IL 60654-5313
Tel.:  (312) 832-4568
Fax:  (312) 832-4700
Ruben J. Rodrigues (*Pro Hac Vice*)
rrodrigues@foley.com

Attorneys for Defendant Sony Corporation

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| Tessera, Inc., a Delaware corporation, <br><br> Plaintiff <br><br> v. <br><br> Sony Corporation, a Japanese corporation, <br><br> Defendants. | Case No. 5:CV 11-04399-EJD <br><br> **SONY CORPORATION'S RESPONSE TO TESSERA'S SECOND SET OF REQUESTS FOR PRODUCTION (NOS. 17-22)** |

Defendant Sony Corporation ("Sony"), by and through its attorneys, responds to Tessera, Inc.'s ("Tessera") Second Set of Requests for Production of July 18, 2012 as follows:

## GENERAL OBJECTIONS

1.     Sony incorporates by reference its General Objections contained in its Responses to Tessera's First Set of Requests For Production to Sony Corporation, dated March 2, 2012, its Responses to Tessera's Second Set of Requests For Production, date August 20, 2012, its Responses to Tessera's First Set of Interrogatories, dated March 2, 2012, and its Responses to Tessera's Second Set of Interrogatories, dated August 20, 2012.

2.     Sony further objects to the Tessera's Requests to the extent that they call for the production of "all" documents pertaining to a specific subject, on the ground that such language is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  To the extent that a search is required, Sony will search those files in its possession, custody, or control where there is a reasonable likelihood that responsive documents may be located.

3.     Sony further objects to these Requests to the extent that they are directed to products other than those covered by the license agreement in dispute on the ground that such requests are overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.

4.     Sony further objects to these Requests to the extent they seek information that is proprietary to a third party and/or that is subject to a confidentiality agreement with a third party.

5.     Sony further objects to these Requests to the extent that they call for information outside the possession, custody, and control of Sony on the ground that such requests are overly broad, unduly burdensome, would subject Sony to undue annoyance, oppression, burden and expense, seek to impose upon Sony an obligation to investigate information and materials from third parties or services that are equally accessible to Tessera, and are not reasonably calculated to lead to the discovery of admissible evidence.

6.     Sony further objects to these Requests to the extent that they seek any information protected by attorney-client privilege and/or attorney work product immunity.  To the extent that privileged or work product immune information is called for by Tessera's Requests, and is embodied in documents, the documents will be identified in a listing of privileged and work

product documents (a "Privileged Document Log") as required by law.  Any inadvertent disclosure of such information shall not be deemed a waiver of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.

7.    Sony objects to the definition of "Sony," "You," or "Your" as overly broad and unduly burdensome to the extent it calls for information not in Sony's possession, custody, or control, would subject Sony to undue annoyance, oppression, burden, and expense, and seek to impose upon Sony an obligation to investigate information and materials from third parties or services that are equally accessible to Tessera.

8.    Sony objects to the definition of "Billable Pin" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to any claim or defense of any party and as vague, ambiguous, and confusing to the extent Tessera's definition attempts to conflate the definition of this term as it is used in agreements between Tessera and Sony.

9.    Sony objects to the definition of "Sony Product" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to the claim or defense of any party.  Sony further objects to this definition to the extent the terms "finished or unfinished" and "transferring" are vague and ambiguous.

10.    Sony objects to the definition of "Document" to the extent it attempts to impose any requirements beyond those of the Federal Rules.

11.    Sony objects to the definition of "Identify" or "Identity" as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, not relevant to the claim or defense of any party and vague, and ambiguous for reciting "general description."

12.    Sony objects to Tessera's requests to the extent they are overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any claim or defense of any party.

1   <u>**RESPONSES TO REQUESTS FOR PRODUCTION**</u>

2   <u>**REQUEST NO. 17**</u>:

3         Documents sufficient to Identify each Sony Product.

4   <u>**RESPONSE TO REQUEST NO. 17**</u>:

5         In addition to its General Objections, and in particular the objection to the term 'Sony

6   Product," Sony further objects to this request as overly broad, unduly burdensome, not

7   reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any

8   claim or defense of any party.

9   <u>**REQUEST NO. 18**</u>:

10        Documents sufficient to show the quantity of each Sony Product made, used, sold,

11  offered for sale, imported or exported, or transferred by Sony, by quarter from October 15, 1997

12  to September 24, 2010.

13  <u>**RESPONSE TO REQUEST NO. 18**</u>:

14        In addition to its General Objections, and in particular the objection to the term 'Sony

15  Product," Sony further objects to this request as overly broad, unduly burdensome, not

16  reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any

17  claim or defense of any party. Sony further objects to the extent the term "transferred" is vague

18  and ambiguous.

19  <u>**REQUEST NO. 19**</u>:

20        Documents sufficient to show, for each Sony Product, each BGA and LGA package that

21  the product contains, and the quantity of each such package contained within each such product.

22  <u>**RESPONSE TO REQUEST NO. 19**</u>:

23        In addition to its General Objections, and in particular the objection to the term 'Sony

24  Product," Sony further objects to this request as overly broad, unduly burdensome, not

25  reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any

26  claim or defense of any party.  Sony further objects to this request to the extent the term

27  "package" is vague and ambiguous.

28

**REQUEST NO. 20:**

Documents sufficient to show, for each BGA and LGA package included in any Sony Product, the manufacturer of the package.

**RESPONSE TO REQUEST NO. 20:**

In addition to its General Objections, and in particular the objection to the term 'Sony Product," Sony further objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any claim or defense of any party.  Sony further objects to the extent the terms "package" and "manufacturer" are vague and ambiguous.

**REQUEST NO. 21:**

Documents sufficient to show, for each BGA and LGA package included in any Sony Product, the number of Billable Pins contained in the package.

**RESPONSE TO REQUEST NO. 21:**

In addition to its General Objections, and in particular the objection to the term 'Sony Product," Sony further objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any claim or defense of any party.  Sony further objects to this request to the extent the term "package" is vague and ambiguous.

**REQUEST NO. 22:**

Documents sufficient to show, for each BGA and LGA package included in any Sony Product, whether the chip(s) within the package are in a face up or face down orientation; the location and pitch of the terminals relative to the IC(s) in the package; and whether the package substrate is reinforced, and if so, its thickness.

**RESPONSE TO REQUEST NO. 22:**

In addition to its General Objections, and in particular the objection to the term 'Sony Product," Sony further objects to this request as overly broad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, and not relevant to any claim or defense of any party.  Sony further objects to the extent the terms "face up or face down

orientation," "location and pitch," "relative to the IC(s)," "whether the package substrate is reinforced," and "thickness" are vague and ambiguous.

.

Dated:  August 20, 2012

By: /s/ *Aaron W. Moore*

AARON W. MOORE

## CERTIFICATE OF SERVICE

  I certify that I caused to be served copies of the foregoing document on August 20, 2012, upon the following by electronic mail:

Counsel of Record
Irell & Manella LLP
1800 Avenue of the Stars, Suite 900
Los Angeles, CA  90067-4276
Telephone:  (310) 277-1010
Fax:  (310) 203-7199

#Tessera-SonyAudit@irell.com

Dated:  August 20, 2012

         By:  /s/ *Ruben J. Rodrigues*
            Ruben J. Rodrigues