*E-filed: October 1, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C11-04399 EJD (HRL) |
| Plaintiff, | **ORDER ON DDJRs 1-4, and MOTION TO STRIKE** |
| v. | |
| SONY CORP., | **[Dkts. 53, 55, 60, 69, 71]** |
| Defendant. | |

In this breach of contract case Plaintiff Tessera, Inc. ("Tessera") sues Defendant Sony Corporation ("Sony") for alleged failure to pay royalties under a Master License Agreement ("Agreement") and for breaching the covenant of good faith and fair dealing. The dispute arose when Tessera arranged for Connor Group NV ("Auditor" or "Connor") to audit records of Sony that bear on Sony's royalty obligations under the Agreement. The parties dispute the audit process and its results. Tessera claims that the audit reveals underpayment of royalties under the Agreement and that Sony withheld information from the Auditor. Sony counterclaims that Tessera breached the implied covenant of good faith and fair dealing by causing to be prepared an audit report that is not independent and then using the audit report as a basis to demand payment for more than it's entitled to under the Agreement.

The parties bring to the Court four discovery disputes and a motion to strike. The Court addresses each in turn.

### 1. Discovery Dispute Joint Report #1

The first discovery dispute submitted to this Court concerned whether and where Tessera would depose five Sony witnesses. The Court found that the depositions of four of the five witnesses should occur in Japan. As to the fifth witness, Mr. Tadashi Saito, the Court ordered Sony to submit a declaration describing in detail Saito's knowledge of the events underlying this case. Having reviewed Saito's declaration, the Court finds no basis for requiring Sony to submit him for a deposition.

### 2. Tessera's Motion to Strike and Discovery Dispute "Joint" Report #2

The parties did not submit a joint report for resolution of their second dispute. Instead, they made separate submissions, in violation of this Court's Standing Orders. Tessera moved to strike Sony's submission (Dkt. 60). Tessera's Motion to Strike is denied, but both parties are warned that further noncompliance with this Court's Standing Orders may result in sanctions, including adverse rulings on any further discovery disputes.

Although Tessera requests a range of documents in its submission to the Court, it ultimately focuses on the following:

#### a. All internal Sony communications relating to Sony's determination of the royalties owed under the License Agreement[1]

When initially asked for communications "relating to the Agreement," Sony stated that it would consider "collecting and producing a negotiated subset of documents relating to the Agreement." The request for communications relating to Sony's determination of the royalties owed under the Agreement is such a reasonable subset. Further, the request for communications relating to Sony's determination of the royalties owed under the Agreement bears directly on the primary issue in this case – whether Sony paid the royalties owed. Accordingly, Sony is directed to

---

[1] Tessera ties this request to its Request For Production numbers 2 and 8, which sought "All Documents relating to Tessera's claims" and "All Documents relating to the Audit," respectively.

produce all internal Sony communications relating to Sony's determination of the royalties owed under the License Agreement.

### b. All internal Sony communications relating to the audit

In its separate submission, Sony states that it has agreed to produce these documents, has produced some of these documents, and will complete the production shortly.

### c. All information requested by the Connor Group[2]

In response to this request, Sony claims that it is in the process of producing its internal communication and that it has already produced all of its correspondence with the Connor Group, "which includes all written requests for information from the auditor and all of the material provided to the auditor by Sony." Here, the difference between Tessera's request and Sony's response seems to be that Tessera wants all of the information *requested* by the Auditor, and Sony is providing all of the information *provided* to the Auditor. To the extent that Sony has information requested by the Auditor, but not provided to the Auditor, Sony is ordered to produce that information.

## 3. Discovery Dispute Joint Report #3

In the third discovery dispute submitted to the Court, Sony requests audit reports of Tessera's third party licensees, including any audits reports created by Connor for Tessera. The Court has reviewed the competing contentions of the parties and finds that these documents are not relevant to any party's claim or defense.

## 4. Discovery Dispute Joint Report #4

Finally, in the fourth discovery dispute, Tessera seeks information which it claims is necessary to calculate the amount of royalties owed under the Agreement. Tessera seeks this information through its Second Set of Requests for Production and Interrogatories. The parties disagree over the definition of a term used throughout Tessera's second set of discovery requests, as

---

[2] Tessera ties this request to its Request For Production number 8: "All Documents relating to the Audit."

well as the proper scope of the requests, which include six requests for production and eight interrogatories.

In general, Tessera requests discovery over what it thinks it is owed under the Agreement. Sony wants to limit discovery to what Sony believes it was required to pay under the Agreement. Because the parties disagree over what is royalty-bearing under the Agreement, the parties disagree on what materials are necessary to calculate the amount owed under the Agreement.

This Court is in no position to determine the meaning of provisions in the Agreement. The Court does find, however, that Tessera is entitled to information that would enable it to calculate damages under its theory of the case. At the same time, Sony should not be required to produce discovery concerning thousands of irrelevant products. The parties should agree to a definition of "Sony Product" that, when applied to the discovery requests, enables Tessera to acquire information on a range of products broader than the definition of royalty-bearing products according to Sony's theory of the case, but not so broad as to unduly burden Sony. The parties, who are presumably familiar with the documents and technical definitions in the Agreement, should be in an informed position to negotiate such parameters.

With these concepts in mind, the parties are directed to further meet and confer to resolve the issues raised in Discovery Dispute Joint Report #4, no later than October 4, 2012. By noon that day the parties should submit a Discovery Dispute Joint Report #4 Supplement that provides a status report. If, after diligent efforts, the parties are unable to agree on a discovery plan, the parties should outline the narrowed issues in the Supplement and, if necessary, the Court will hold a hearing on October 5, 2012 at 10:00 a.m. to rule on any unresolved issues.

**IT IS SO ORDERED.**

Dated: October 1, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

4

**C11-04399 EJD (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Melissa McCormick | mmccormick@irell.com |
| Benjamin Hattenbach | bhattenbach@irell.com |
| Brian Ledahl | bledahl@irell.com |
| Morgan Chu | mchu@irell.com |
| Nathan Lowenstein | nlowenstein@irell.com |
| Richard Krebs | rkrebs@irell.com |
| Eileen Ridley | eridley@foley.com |
| Aaron Moore | amoore@foley.com |
| Matthew Lowrie | mlowrie@foley.com |
| Ruben Rodrigues | rrodrigues@foley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**

5