*E-filed: October 10, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | No. C11-04399 EJD (HRL) |
| Plaintiff, | **ORDER ON DDJR #4** |
| v. | [Dkt. 77] |
| SONY CORP., | |
| Defendant. | |

In 1997 Tessera and Sony entered a licensing agreement. In it Sony agreed to pay Tessera a royalty each time Sony sold, transferred, or used a "ball grid array" or "land grid array" semiconductor package which had a particular orientation or grouping of its structural components (the "technology") *and* that had been "made by or for Sony." All went well for years, but then a supposedly independent audit commissioned by Tessera for the years 2006 thru June 2010 concluded that Sony had been underpaying. This lawsuit resulted.

Presently before this court is Discovery Dispute Joint Report #4 (DDJR#4). In its Second Set of Requests for Production and Second Set of Interrogatories Tessera sought documents and information to enable it to calculate its claimed measure of damages. The parties have met and conferred and to a certain extent narrowed the scope of the discovery and agreed on a framework for responding, but they are stuck on two issues.

First, Sony says discovery should be limited to technology either made by Sony or made by someone else specifically to Sony's specifications. Not so, says Tessera, who argues that third-

party-supplied *off-the-shelf* components that contain the technology are also subject to the license. While this court thinks Tessera is pushing for a rather extreme interpretation of the language of the licensing agreement, it is not prepared to rule as a matter of law that the agreement must be interpreted as Sony urges. The question of which of Sony's products are royalty-bearing under the Tessera license is for the moment an open one, and Tessera is entitled to reasonable damages discovery based on its interpretation.

Second, Tessera wants damages information going all the way back to when the agreement was entered in 1997. Nonsense, says Sony. The lawsuit was triggered by the final audit (2006-2010). The complaint seems to focus on that period of time. Anything earlier would be barred by the statute of limitations or because all earlier periods were audited and the audits were accepted. Well, says Tessera, the license agreement waives the statute of limitations and we never knew we were being shortchanged all those years until now, so now is not too late.

As with the first issue, the second one raises legitimate points going to the merits of the case, points that will be decided some time in the future. For now, and remembering that this is discovery for potential damages that may never be admissible, this court concludes that plaintiff is entitled to reasonable damages discovery for the full life of the license agreement.

In addition to arguing the sought-after discovery is irrelevant as a matter of law (which this court rejects), Sony also claims that the burden of production would be too great. Neither of Sony's two submissions to the court articulated this burden, other than to say that Sony would be required to analyze "10,000 or more third-party chips." At the hearing on DDJR#4 the court pressed defendant's counsel to explain the burden. Exactly what would be involved in producing the information/documents plaintiff seeks to flesh out figures to put to its damage claims? How would Sony go about it? What procedures, how much time, what cost? Counsel could not so much as sketch an outline for compliance with the task. Accordingly, the court rejects defendant's claim of undue burden.

Because Tessera's discovery requests do cut a wide swath, this court believes the best solution would be for the two sides to agree on a fair selection of representative Sony products that

1  contain the technology, including third-party-supplied off-the-shelf technology, and produce
2  responsive documents/information for them for the lifetime of the agreement.
3     If the parties cannot agree, then to the extent it has not already done so, Sony shall produce
4  responsive documents/information for all Sony products that contain the technology, including
5  third-party-supplied off-the-shelf technology, for the lifetime of the agreement.
6     Sony shall make its production no later than November 8, 2012.
7  **IT IS SO ORDERED.**
8  Dated: October 10, 2012

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3

**C11-04399 EJD (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Melissa McCormick | mmccormick@irell.com |
| Benjamin Hattenbach | bhattenbach@irell.com |
| Brian Ledahl | bledahl@irell.com |
| Morgan Chu | mchu@irell.com |
| Nathan Lowenstein | nlowenstein@irell.com |
| Richard Krebs | rkrebs@irell.com |
| Eileen Ridley | eridley@foley.com |
| Aaron Moore | amoore@foley.com |
| Matthew Lowrie | mlowrie@foley.com |
| Ruben Rodrigues | rrodrigues@foley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**