**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 CALIFORNIA STREET, 17TH FLOOR
SAN FRANCISCO, CA 94104
TELEPHONE: 415.434.4484
FACSIMILE: 415.434.4507
Eileen R. Ridley CA Bar No. 151735
  eridley@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 HUNTINGTON AVE., STE. 2600
BOSTON, MA 02199-7610
TELEPHONE: 617.342.4000
FACSIMILE: 617.342.4001
Matthew B. Lowrie *(Pro Hac Vice)*
  mlowrie@foley.com
Aaron W. Moore *(Pro Hac Vice)*
  amoore@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 NORTH CLARK ST., STE. 2800
CHICAGO, ILL. 60654-5313
TELEPHONE: 312.832.4568
FACSIMILE: 312.832.4700
Ruben J. Rodrigues *(Pro Hac Vice)*
  rrodrigues@foley.com

ATTORNEYS FOR DEFENDANT SONY CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TESSERA, INC., A DELAWARE CORPORATION. <br><br> PLAINTIFF, <br><br> VS. <br><br> SONY CORPORATION, A JAPANESE CORPORATION, <br><br> DEFENDANT. | CASE NO: 5:11-CV-04399-EJD (HRL) <br><br> SONY CORPORATION'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE LLOYD'S OCTOBER 10, 2012 ORDER <br><br> Demand for Jury Trial <br><br> Judge: Magistrate Judge Howard R. Lloyd |

Pursuant to Civil Local Rule 7-9, Defendant Sony Corporation ("Sony") hereby requests leave to file a Motion for Reconsideration of this Court's October 10, 2012 Order ("Order"), D.I. 83.

The Order would require Sony to search an extremely wide range of electronics products for certain off-the-shelf IC packages, even though the agreement that Tessera alleges to have been breached in this case pertains only to components "made by or for Sony." For thirteen years the parties followed the plain language of the Agreement, with Sony paying and Tessera accepting royalties only on products made "by or for Sony," until Sony informed Tessera that it was declining its option to renew the Agreement and Tessera immediately responded by seeking to dramatically expand the scope of the Agreement, retroactively, either as punishment or coercion. The Order also would require Sony to produce documents dating back to October 1997, the effective date of the Agreement, where the actual breaches alleged by Tessera relate exclusively to royalties Sony paid between January 2006 and June 2010, the period of the audit that gives rise to Tessera's claims. (*See* Complaint, at ¶¶ 20-21.)

The Court's Order relied in part on the failure of Sony itself to precisely articulate the burden that would be involved in producing documents concerning these thousands of products for the past fifteen years. (D.I. 83, p. 2.) Sony would have willingly provided such evidence, but was prohibited from filing a declaration or other supporting material in support of its position in Discovery Dispute Joint Report #4 by Section 2(D)(iv) of the Court's Standing Order Re: Civil Discovery Disputes, which states that "[t]he only exhibit permitted to the Joint Report is an exact copy of the discovery request(s) in issue."

Sony now requests the Court's permission to file a motion for reconsideration, including a sworn declaration from Sony explaining the extreme burden that would be attendant to complying with the Court's Order, so that the Court may weigh this burden against the likelihood that the categories of documents sought may lead to the discovery of admissible evidence, or reconsider, in view of what Sony actually would be required to do to comply with the Order, whether the appropriate course at this point in the case would be to make a legal determination of the meaning of "made by for Sony" in the Agreement, where the Court has already characterized

1  Tessera's interpretation as "rather extreme." (D.I. 83, at 2.)

2  Sony respectfully requests that Hon. Magistrate Judge Howard R. Lloyd consider this
3  evidence before Sony is required to search a vast amount of material for the information that
4  would be encompassed by the Order. *See* Fed. R. Civ. P. 26(b)(C)(iii) (stating, in relevant part,
5  that "the court must limit the frequency or extent of discovery otherwise allowed by these rules
6  or by local rule if it determines that . . . the burden or expense of the proposed discovery
7  outweighs its likely benefit").

8  For these reasons, Sony requests that its Motion For Leave to File a Motion For
9  Reconsideration be GRANTED, so that the Court may decide this issue based on a complete
10 factual record.

11

12 Dated: October 19, 2012            FOLEY & LARDNER LLP
                                      Matthew B. Lowrie
13                                    Eileen R. Ridley
                                      Aaron W. Moore
14                                    Ruben J. Rodrigues

15                                    By:  */s/ Aaron W. Moore*
16                                         Aaron W. Moore

17                                    *Attorneys For Defendant Sony Corp.*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of October 2012, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

DATE: OCTOBER 19, 2012

By: */s/ Ruben J. Rodrigues*
RUBEN J. RODRIGUES