1  IRELL & MANELLA LLP
   Morgan Chu (70446)
2  Benjamin W. Hattenbach (186455)
   Melissa R. McCormick (180384)
3  Richard Krebs (278701)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:   (310) 277-1010
5  Facsimile:   (310) 203-7199

6  Attorneys for Plaintiff
   Tessera, Inc.

7

8              UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN JOSE DIVISION

11 TESSERA, INC.,                    ) Case No. 5:11-CV-04399-EJD (HRL)
                                     )
12         Plaintiff,                ) TESSERA, INC.'S OPPOSITION TO
                                     ) SONY'S MOTION FOR LEAVE TO FILE A
13    vs.                            ) MOTION FOR RECONSIDERATION OF
                                     ) MAGISTRATE JUDGE LLOYD'S
14 SONY CORPORATION ,                ) OCTOBER 10, 2012 ORDER
                                     )
15         Defendant.                ) Magistrate Judge Howard R. Lloyd
                                     )

**IRELL & MANELLA LLP**
A Registered Limited Liability
Law Partnership Including
Professional Corporations

2712847

TESSERA'S OPP. TO MOT. FOR LEAVE TO FILE MOT.
FOR RECONSIDERATION
CASE NO. 5:11-CV-04399-EJD (HRL)

This Court, following an hour-and-a-half-long hearing and two sets of briefing from both parties, ordered Sony to produce documents that are indisputably necessary to determine damages under Tessera's theory of the case. *See* Dkt. 69 at 2-6; Dkt. 77 at 1-6; Dkt. 83. Sony's latest motion merely repeats the arguments it has already made thrice before, which this Court rejected for good reason. Sony's arguments have not improved with age, and its motion is procedurally improper in multiple respects.

First, Civil L.R. 7-9, which Sony cites, requires "That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." Here Sony does not even attempt to identify an ***immaterial*** difference in fact or law that has arisen since the hearing, let alone a material one. Furthermore, the alleged facts Sony now seeks to present have been in Sony's possession for years, and could have been presented to this Court in Sony's multiple sets of briefing or at the hearing. Sony's failure to present them had nothing to do with the Court's Standing Order. Rather, Sony elected to represent to this Court that the requested production would be extremely burdensome without having any idea whether that was correct, and without having made any effort to investigate the actual facts. Sony has exercised the opposite of reasonable diligence.

Second, to the extent the Order imposes any meaningful burden on Sony, Sony has only itself to blame. Sony chose not to pay royalties owed; then chose not provide the auditors with the information necessary to calculate amounts of royalties owed; and asserted counterclaims against Tessera that required, for Tessera's defense (in addition to the information being necessary for an adjudication of Tessera's affirmative claims), discovery regarding the amount of royalties owed. In addition, Tessera has offered more than a half-dozen times to stipulate to a reasonable set of representative products for this analysis, and has made multiple, specific, neutral proposals in this regard. Before the hearing, Sony ignored each of those compromise offers. As the Court will recall, Sony similarly failed to respond to such proposals at the hearing. But Sony's refusal to work cooperatively did not end there. The Court's Order, of course, suggests that Sony work with

1 Tessera on identifying representative products, to avoid any need for Sony to make what it
2 complains would be a "burdensome" production. Sony, however, continues to refuse to do so.
3 Following the guidance in the Court's October 10 Order, Tessera tried to engage Sony in a
4 discussion of representative products, only to be ignored twice and then on the third occasion to be
5 told by Sony's counsel: "We are going to appeal Judge Lloyd's order, so it does not seem to make
6 sense to discuss representative products at this point…." 10/18/12 Moore email to Hattenbach.

7 Third, Sony's continued misstatement of the facts does not warrant reconsideration. Sony
8 continues to represent, for example, that "the actual breaches alleged by Tessera relate exclusively
9 to royalties Sony paid between January 2006 and June 2010." Tessera's earlier briefs
10 demonstrated this to be untrue. Dkt. 69 at 2-6; Dkt. 77 at 1-6. Indeed, as Sony knows perfectly
11 well, Tessera's responses to several of Sony's interrogatories state, "Tessera intends to seek
12 recovery at trial of all royalties which Sony failed to report or pay, whether before, during and
13 after the audit, including without limitation all royalty-bearing products made by Sony and all
14 royalty-bearing products made by third parties and incorporated into Sony's products."

15 Today is the close of fact discovery in this case. At this point, Sony still has not produced
16 any of the materials it was ordered to produce in either of this Court's two discovery orders, but
17 that is not all. Sony has also failed to produce even those subsets of its documents to which Sony
18 argued its production should be limited—documents that for many weeks Sony itself has conceded
19 are indisputably discoverable. Sony's discovery blockade should not be allowed to stand. Expert
20 reports are due in early December, and as Tessera explained at the hearing, this information is
21 required in order for Tessera's experts to prepare their opinions. Tessera is concerned that Sony is
22 now seeking reconsideration of the Court's Order as a mechanism for attempting to delay
23 production of the documents and information it knows Tessera urgently needs. Tessera
24 respectfully requests that the motion be denied.

25 Dated: October 19, 2012        IRELL & MANELLA LLP

26                                By:     /s/ Benjamin W. Hattenbach
                                          Benjamin W. Hattenbach
27
                                          Attorneys for Plaintiff Tessera, Inc.
28

2712847 - 2 - TESSERA'S OPP. TO MOT. FOR LEAVE TO FILE MOT. FOR RECONSIDERATION
CASE NO. 5:11-CV-04399-EJD (HRL)