*E-filed: October 29, 2012*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br> v. <br><br> SONY CORP., <br><br> Defendant. | No. C11-04399 EJD (HRL) <br><br> **ORDER DENYING LEAVE TO FILE A MOTION FOR RECONSIDERATION** <br><br> **[Dkt. 89]** |

Sony seeks leave to file a motion for reconsideration of this Court's order on Discovery Dispute Joint Report ("DDJR") #4 (Dkt. 83), but Sony is really seeking leave to beef up an argument previously made to and rejected by the Court. In DDJR #4, the parties disputed (1) Tessera's contention as to which products were potentially royalty-bearing as well as (2) Tessera's entitlement to damages discovery for the full life of the license agreement between the two parties. After considering DDJR #4, a court-ordered supplemental DDJR #4, and lengthy oral arguments, the Court concluded that Tessera was entitled to reasonable damages discovery for the products as defined by Tessera and for the full life of the license agreement, rejecting Sony's arguments that such a broad range of discovery was both irrelevant as a matter of law and unduly burdensome.[1]

In its request for leave to file a motion for reconsideration, Sony largely repeats the arguments it had made before without success. Now, however, Sony also argues that the Court's

---

[1] As an alternative to full-scale production, the Court encouraged the two sides to agree on a fair selection of representative Sony products and produce responsive documents/information for them for the lifetime of the agreement. If the parties could not agree on representative products, then Sony was ordered to produce responsive documents/information for the lifetime of the agreement.

1  Standing Order Re: Civil Discovery Disputes ("Standing Order") "prohibited" Sony from filing a
2  declaration or other supporting material in support of its contention that the discovery sought was
3  too burdensome. The Court disagrees with Sony's characterization of its Standing Order.
4        Although the Standing Order requires a party to seek leave from the court before filing a
5  declaration in support of a discovery dispute, Sony was not precluded from articulating the burden
6  imposed by Tessera's requests in either the DDJR, the supplemental DDJR, or at the hearing. Sony
7  did not explain this burden in writing. Because the Court felt the issues in dispute deserved a full
8  hearing, it specially set one. At the hearing, when the Court repeatedly pressed Sony's counsel to
9  explain the burden imposed by Tessera's requests, counsel could not so much as sketch an outline
10 for compliance with the task. It is almost inconceivable, considering the magnitude of the burden
11 now claimed by Sony, that its counsel was unable at the very least to roughly describe it at the
12 hearing. (By that point in the hearing the Court had clearly indicated it was inclined to give Tessera
13 the scope of damages discovery it wanted, so Sony's counsel was "on notice" that some
14 substantiation of the "burden" argument was crucial to swaying the Court toward a ruling in Sony's
15 favor.) In short, Sony failed to offer enough of a preview of what a declaration might say to prompt
16 the Court to ask for one. And, Sony did not request leave to file one.[2]

17       Further, Sony knows how to seek leave from the Court to file a declaration in support of its
18 discovery arguments. It did so in the first DDJR presented to this Court, and, the Court granted its
19 request.[3] Although the Standing Order requires a party to seek leave before filing a declaration, the

---

[2] At the hearing, Sony offered to submit a declaration if the Court wanted one, but it did not seek leave to file one. *See* Transcript of October 5, 2012 hearing: The Court: "I don't know how burdensome it is . . . I don't know what the data involved is. I don't know how it's collated, organized . . . how it could be retrieved, whether it could be put [on] one or more spreadsheets. I don't know and I don't think you do either." Counsel for Sony: "I could not tell you that under an oath. I'm happy to provide you with a declaration from Sony to tell you what it would take to go through all of that." Dkt. 101, pp. 53-54.

[3] *See* DDJR#1: "If the Court is inclined to consider an 'apex' deposition of Mr. Saito—a senior executive of Sony Corporation with no connection to this case, Sony requests a chance to submit a declaration attesting to his lack of any relevant knowledge." (Dkt. 53); order on DDJR#1: "Less clear from the papers is whether Sony should be required to submit Saito for deposition at all. The Court requires Sony to submit a declaration describing in detail Saito's knowledge of the events underlying this case no later than September 21, 2012." (Dkt. 64); Further order on DDJR#1: "As to the fifth witness, Mr. Tadashi Saito, the Court ordered Sony to submit a declaration describing in detail Saito's knowledge of the events underlying this case. Having reviewed Saito's declaration, the Court finds no basis for requiring Sony to submit him for a deposition." (Dkt. 72).

Court grants such leave when necessary to reach a decision. Sony goes too far when it claims that the Court's Standing Order "prohibited" it from presenting evidence in support of its position.

A party may move for leave to file a motion for reconsideration if it can show a material difference in the facts or law that formed the basis of an opinion or a "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court " before issuance of the order. Civ. L. R. 7-9. Sony has shown neither here, and its suggestion that the Court's rules prevented it from making a convincing showing are disingenuous.

For the foregoing reasons, Sony's motion for leave to file a motion for reconsideration is DENIED.

**IT IS SO ORDERED.**

Dated: October 29, 2012



HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**C11-04399 EJD (HRL) Notice will be electronically mailed to:**

| | |
|---|---|
| Melissa McCormick | mmccormick@irell.com |
| Benjamin Hattenbach | bhattenbach@irell.com |
| Brian Ledahl | bledahl@irell.com |
| Morgan Chu | mchu@irell.com |
| Nathan Lowenstein | nlowenstein@irell.com |
| Richard Krebs | rkrebs@irell.com |
| Eileen Ridley | eridley@foley.com |
| Aaron Moore | amoore@foley.com |
| Matthew Lowrie | mlowrie@foley.com |
| Ruben Rodrigues | rrodrigues@foley.com |

**Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.**