1  IRELL & MANELLA LLP
   Morgan Chu (70446) (mchu@irell.com)
2  Carlos R. Moreno (66912) (cmoreno@irell.com)
   Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
3  Melissa R. McCormick (180384) (mmccormick@irell.com)
4  1800 Avenue of the Stars, Suite 900
   Los Angeles, California 90067-4276
5  Telephone:  (310) 277-1010
   Facsimile:   (310) 203-7199
6
7  *Attorneys for Plaintiff Tessera, Inc.*

8
                  UNITED STATES DISTRICT COURT
9
                NORTHERN DISTRICT OF CALIFORNIA
10
                       SAN JOSE DIVISION
11

12  TESSERA, INC.,                    )   Case No. 5:11-CV-04399-EJD (HRL)
                                      )
13            Plaintiff,              )   PLAINTIFF TESSERA, INC.'S
                                      )   OPPOSITION TO SONY
14       v.                           )   CORPORATION'S MOTION TO STAY
                                      )   ORDER ON DDJR#4 (DKT. 83)
15  SONY CORPORATION,                 )
                                      )
16            Defendant.              )   Magistrate Judge Howard R. Lloyd
                                      )
17  _____ )

18

19

20

21

22

23

24

25

26

27

28

1    **I.      INTRODUCTION**

2           Sony's own Rule 26 disclosures identify documents "relating to the products that Tessera

3    alleges are covered by the License Agreement" as relevant and discoverable, yet Sony has not yet

4    produced a single such document in this case.  On October 10, 2012, this Court ordered Sony to

5    produce them by November 8, 2012.  *See* Dkt. No. 83 ("Order") at 3.  The documents are needed

6    for expert reports due December 5, 2012.

7           Sony now asks this Court to stay its Order, based on Sony's assertion that Judge Davila

8    may not rule on Sony's objection to the Order until close to the November 8 deadline,[1] and that

9    complying with the Order will be burdensome for Sony.  These circumstances exist in virtually

10   every case in which a party disagrees with a magistrate judge's discovery order.  They fall far

11   short, however, of satisfying the stringent standard for staying a discovery order, which requires

12   (1) a "strong showing" that the moving party's objection will succeed, (2) proof that the moving

13   party will be "irreparably injured absent a stay," (3) lack of harm to the non-moving party; and (4)

14   consideration of the public interest.  *Coleman v. Schwarzenegger*, 2008 WL 4415324, at *5 (N.D.

15   Cal. Sept. 25, 2008); *see also Granato v. City & County of Denver*, 2011 WL 1335854, at *2 (D.

16   Colo. Apr. 7, 2011) ("A stay of a magistrate judge's discovery order should be granted sparingly,"

17   only "where there is a serious issue about the propriety of the ruling ***and*** where a failure to render

18   a stay could result in serious, irreversible injury to the party seeking the stay") (emphasis in

19   original).  Accordingly, Sony's motion for stay should be denied.

20   **II.     SONY FAILS TO SHOW A STRONG LIKELIHOOD OF REVERSAL**

21          Sony does not even attempt to establish the requisite "strong showing" that the Order will

22   be reversed.  Sony just conclusorily asserts Judge Davila "likel[y] will at least modify the Order,"

23   and that "Tessera ***may*** be denied [the ordered] discovery."  Dkt. No. 96 at 4 (emphasis added).

24   Sony provides no argument or authority supporting this assertion.  Indeed, Sony's submission to

25

26          _____

            [1] This circumstance was created by Sony's decision to wait to file its objection to the Order
27   until after 9:00 pm PST on the last day to object.  Had Sony filed its objection sooner, Judge
     Davila already would have addressed it.  See L.R. 72-2 ("If no order denying the [objection]
28   motion or setting a briefing schedule is made within 14 days of filing the motion, the motion shall
     be deemed denied").

PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY
CORP.'S MOTION TO STAY JUDGE LLOYD'S ORDER ON
DDJR#4
CASE NO. 5:11-CV-04399-EJD (HRL)

1   Judge Davila does not even argue that the Order was clearly erroneous or contrary to law, which is

2   the applicable standard. *See* Fed. R. Civ. P. 72. Instead, Sony argues to Judge Davila that this

3   Court "abused its discretion" by allegedly barring Sony from presenting evidence of burden and

4   not engaging in a full-scale contract interpretation analysis. Dkt. No. 95 (Sony objection).

5           Sony does not, and cannot, cite a single case (or any other law) that even allegedly shows

6   any impropriety in this Court's Order. *See id.* The Order is not clearly erroneous or contrary to

7   law. This Court considered detailed written submissions, held an hour-and-a-half long hearing,

8   and correctly found that Tessera may take discovery on the full scope of products alleged by

9   Tessera to be royalty-bearing.

10          Sony's assertion that the Court barred Sony from presenting evidence of Sony's burden is

11  demonstrably incorrect. As the Court observed in its October 29, 2012 Order denying Sony's

12  Motion for Reconsideration of the Order, Sony's "suggestion that the Court's rules prevented it

13  from making a convincing showing are disingenuous." Dkt. No. 103 at 3. Sony never filed any

14  declaration during the discovery proceedings, nor did Sony seek leave to present additional

15  evidence.[2] Indeed, Sony never presented ***any*** concrete facts regarding its alleged burden, in

16  multiple sets of briefing or at oral argument, despite the Court's repeated requests that Sony do so.

17  As the Court stated in its Order:

18          "[T]he court pressed defendant's counsel to explain the burden. Exactly what
            would be involved in producing the information/documents plaintiff seeks to flesh
19          out figures to put to its damage claims? How would Sony go about it? What
            procedures, how much time, what cost? Counsel could not so much as sketch an
20          outline for compliance with the task."

21  (Dkt. No. 83 at 2.) In other words, Sony elected to proceed through briefing and to appear at oral

22  argument without so much as investigating what would be involved in complying with Tessera's

23  requests.

24          Sony's suggestion that this Court should have engaged in a contract interpretation analysis

25  also is unsupported and incorrect. This Court properly addressed the ***discovery issues*** presented to

26  

27          [2] Sony knew that it could seek leave to file a declaration, since Sony did so in connection
    with Tessera's first motion to compel. *See* Dkt. No. 103 at 2 ("Sony knows how to seek leave
28  from the Court to file a declaration in support of its discovery arguments. It did so in the first
    DDJR presented to this Court, and, the Court granted its request").

PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY
CORP.'S MOTION TO STAY JUDGE LLOYD'S ORDER ON
DDJR#4
CASE NO. 5:11-CV-04399-EJD (HRL)

2716629                                    - 2 -

1    it, and did not rule on Sony's contract interpretation defenses—ultimate issues which neither side

2    has presented for adjudication.  If and when such issues are presented for adjudication, Tessera

3    will present extensive evidence refuting Sony's alleged contract interpretation defenses.[3]  In sum,

4    Sony has not established any likelihood—much less the requisite "strong showing"—that Judge

5    Davila will reverse the Order.

6    **III.    SONY FAILS TO SHOW IRREPARABLE HARM**

7         Sony's failure to even argue, much less demonstrate, irreparable harm also requires denial

8    of Sony's motion.  *See Adams v. Gateway, Inc.*, 2004 WL 733990, at *2 (D. Utah Jan. 5, 2004)

9    (adopting four part test and rejecting stay request because the moving party made no showing of

10   irreparable harm).  Sony only argues that substantial effort may be involved in collecting

11   responsive documents.  Sony cites no authority for the proposition that time spent by employees of

12   a large, multinational corporation such as Sony to gather documents constitutes irreparable injury,

13   and none exists.  Unlike an order compelling disclosure of allegedly privileged materials, there is

14   no "bell" that cannot be un-rung and thus nothing irreparable about proceeding under the status

15   quo.

16        Sony's only evidence of burden, moreover, is the procedurally and substantively deficient

17   declaration of Shinaj Ina (Dkt. No. 95-1 ("Ina Decl.")).  First, Mr. Ina was never disclosed as a

18   witness in the case.  Second, his declaration is predicated upon inadmissible hearsay from

19   unidentified "others within Sony."  Ina Decl. ¶ 3.  Third, the declaration addresses hypothetical

20   and irrelevant scenarios in which Sony evaluates the internal structure of every semiconductor

21   package within Sony, rather than the limited subset of packages that are the subject of the Order;

22   Tessera's requests and this Court's Order relate to a narrow, readily identifiable, category of Sony

23   packages known as ball grid array ("BGA") or land grid array ("LGA") packages only.  *See* Dkt.

24   No. 77 (Supplemental Joint Discovery Report) at 2:19.  Fourth, contrary to Sony's claim that the

25

26        [3] Moreover, even Sony's contract interpretation arguments would not fully resolve
     Tessera's motion.  The Ina Declaration, which is replete with qualifying terms such as "generally,"
27   "in some cases," and "in most cases," implicitly concedes that Sony's finished product business
     groups *sometimes specify the internal structures of the chip packages made by third parties for*
28   *Sony*.  Ina Decl. ¶¶ 7, 8, 12, 18.  Even under Sony's interpretation of "made for," these products
     are relevant, but Sony has provided no discovery about them.

PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY
CORP.'S MOTION TO STAY JUDGE LLOYD'S ORDER ON
DDJR#4
CASE NO. 5:11-CV-04399-EJD (HRL)

2716629                              - 3 -

1   Order would require it to "research and compare to the Tessera [license] definition thousands and

2   thousands of third-party chips," Dkt. No. 96 at 4:4-5, the Order expressly proposes that Sony **not**

3   do so, stating: "this Court believes the **best solution** would be for the two sides to agree on a fair

4   selection of representative Sony products that contain the technology, including third-party-

5   supplied off-the-shelf technology." Dkt. No. 83 at 2-3 (emphasis added). Following the Court's

6   guidance in the Order, Tessera repeatedly attempted to engage Sony in a discussion about

7   representative products. After Tessera's first two efforts were ignored, on the third occasion, Sony

8   finally told Tessera: "We are going to appeal Judge Lloyd's order, so it does not seem to make

9   sense to discuss representative products…." (10/18/12 Moore email to Hattenbach).

10      Sony has mischaracterized the Order because the sensible representative products approach

11   proposed by this Court is, in fact, **not** burdensome to Sony. It would, however, require Sony to

12   provide Tessera with information that Sony does not want Tessera to have, presumably because it

13   will show—contrary to Sony's claims to the auditors and Tessera—that Sony has been

14   underpaying royalties for many years. Sony's desire to avoid being held accountable for its

15   conduct, of course, does not constitute "irreparable harm" supporting the extreme remedy of

16   staying this Court's discovery order.

17   **IV.    A STAY WOULD PREJUDICE TESSERA**

18      A third, independently dispositive, reason that Sony's motion for stay should be denied is

19   that suspending Sony's November 8, 2012 production deadline would severely prejudice Tessera's

20   ability to prepare its case for trial. The deadline for serving opening expert reports is December 5,

21   2012—a date to which Sony stipulated on October 3, 2012. *See* Dkt. No. 79. Even production by

22   Sony of the required materials on November 8, 2012 will put considerable demands on Tessera

23   and its experts to analyze the materials and prepare expert reports by December 5, 2012 (which is

24   one of the reasons that Tessera sought this material from Sony months ago). Further delays in

25   Sony's production simply are not workable.

26      The harm to Tessera of further delays in Sony's production would be particularly severe

27   because Sony has not yet produced a single piece of paper in response to the Court's discovery

28   orders. Sony has not yet complied with the Court's first Order granting Tessera's motion to

1  compel production from Sony (Dkt. No. 72 (October 1, 2012 Order)). Sony also has not produced

2  any documents responsive to the Order at issue in this motion (Dkt. No. 83 (October 10, 2012

3  Order))—including the documents that Sony admits are responsive and discoverable. For

4  example, the Ina declaration shows that, even under Sony's own contract interpretation, additional

5  products made by Sony's finished products divisions and subject to the license agreement exist.

6  *See supra* note 3.

7      Tessera has spent months diligently seeking to obtain basic discovery about Sony's use of

8  Tessera's technology, information that Sony should have been disclosing to Tessera during the life

9  of the license agreement. Sony's attempt to further delay its production, until it is too late for

10  Tessera and its experts to review this centrally relevant information, should be denied.

11

12  Dated: October 30, 2012                    Respectfully submitted,

13                                              IRELL & MANELLA LLP
                                                Morgan Chu
14                                              Carlos R. Moreno
                                                Benjamin W. Hattenbach
15                                              Melissa R. McCormick

16
                                                By: /s/ Benjamin W. Hattenbach
17                                                  Benjamin W. Hattenbach
                                                    Attorneys for Plaintiff Tessera, Inc.
18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY
CORP.'S MOTION TO STAY JUDGE LLOYD'S ORDER ON
DDJR#4
CASE NO. 5:11-CV-04399-EJD (HRL)