IRELL & MANELLA LLP
Morgan Chu (70446) (mchu@irell.com)
Carlos R. Moreno (66912) (cmoreno@irell.com)
Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
Melissa R. McCormick (180384) (mmccormick@irell.com)
1800 Avenue of the Stars, Suite 900
Los Angeles, California 90067-4276
Telephone: (310) 277-1010
Facsimile: (310) 203-7199

*Attorneys for Plaintiff Tessera, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONY CORPORATION, <br><br> Defendant. | Case No. 5:11-CV-04399-EJD (HRL) <br><br> **PLAINTIFF TESSERA, INC.'S OPPOSITION TO SONY CORPORATION'S MOTION RE: COURT ORDER REGARDING DEPOSITIONS OF THIRD PARTIES (DKT. 79) AND THE DISCOVERY CUT-OFF** <br><br> Magistrate Judge Howard R. Lloyd |

Plaintiff Tessera, Inc. ("Tessera") respectfully submits this opposition to defendant Sony Corporation's "Motion to Enforce This Court's Order Regarding Depositions of Third Parties and the Discovery Cut-off" ("Motion").  Sony asks this Court to preclude Tessera from examining third party witnesses Connor Group NV LLC, Nigel Shepherd, and Edgar Ooms at their November 7 and 16 depositions.  In support of that request, Sony argues that (1) the parties' stipulated order modifying the scheduling order, which was entered by Judge Davila (Dkt. No. 79 ("Stipulated Order")) prohibits Tessera from deposing these witnesses, and (2) Tessera's subpoenas to the witnesses are not enforceable.  Sony's Motion should be denied for at least four independent reasons.

*First*, Sony's contention that Tessera agreed not to depose these witnesses is false and illogical.  Expressly to the contrary, the Stipulated Order granted leave for both parties to take these depositions.  The Stipulated Order explicitly states, for example, that "*[t]he parties* respectfully request an Order granting leave to take depositions of third parties Connor Group NV, LLC, Nigel Shepherd, and Edgar Ooms by November 21, 2012" and "*the Parties* respectfully request that the Court enlarge the time to take the third-party depositions of Connor Group NV, LLC, Nigel Shepherd, and Edgar Ooms."  Dkt. No. 79 at 2-3 (emphasis added).

Nowhere in the Stipulated Order is there is any suggestion that Tessera would not ask questions at the depositions.  Nor would it have made any sense for Tessera to have stipulated to extend the discovery period to permit third party depositions at which it would have no opportunity to question the witnesses.  When third party witnesses (particularly, as here, third party witnesses outside the Court's subpoena power) are deposed to preserve testimony for trial, it is axiomatic that both sides have the same opportunity to question the witness, just as they would at trial.  Fed. R. Civ. P. 30(c)(1) ("The examination and cross-examination of a deponent proceed as they would at trial under the Federal Rules of Evidence . . . .").[1]  If this were not the case, one

---

[1] Sony's purported "understanding that Tessera would not be seeking to take its own depositions of these witnesses" (Sony Mot. at 5) is irrelevant.  Sony's undisclosed, supposed subjective understanding of any agreement does not change the language of the agreement or its effect.  *See Berman v. Bromborg*, 65 Cal. Rptr. 2d 777, 783 (1997) ("evidence of undisclosed subjective intent of the parties is irrelevant to determining the meaning of contractual language") (citation omitted).  Sony's purported understanding certainly was not Tessera's understanding, and the Stipulated Order entered by the Court unambiguously states that "the parties"—not just

2718315

- 1 -

TESSERA, INC.'S OPPOSITION TO SONY CORP.'S MOTION
RE: COURT ORDER
CASE NO. 5:11-cv-04399-EJD (HRL)

side could use the deposition to create an incomplete and misleading record for trial, preserving testimony only with respect to facts deemed helpful to that party, and avoiding all pertinent facts harmful to its positions in the case. Consistent with the applicable rules, none of the deponents has raised any objection to Tessera asking questions at the depositions. To the contrary, the deponents' counsel informed the parties that "it has been our expectation that all questioning, ***by both Sony and Tessera***, would be completed within the allotted 7 hours ***based on some agreed-upon time split***." (11/5/2012 Williams email to Moore & Krebs) (emphasis added).

*Second*, Sony's contention that Tessera's subpoenas to the Connor Group NV LLC, Mr. Shepherd, and Mr. Ooms are untimely also is contradicted by the Stipulated Order. As explained above, the expressly stated purpose of the Stipulated Order was to extend the discovery period until November 21, 2012 with respect to depositions of these specific witnesses. *See id*. Sony's reliance on Civil L.R. 37-3, which pertains to deposition notices served *after* the relevant discovery deadline, therefore is misplaced.[2] None of the deponents has objected to the timing of Tessera's subpoenas.

*Third*, Sony's challenge to Tessera's subpoenas is ultimately irrelevant to the issue presented by the Motion, which is Sony's contention that Tessera should not be permitted to question the witnesses at their depositions. Sony cites no authority for the proposition that only a subpoenaing party may ask questions at a deposition, because all authority is to the contrary. As the Federal Rules, case law, and treatises recognize, it is a fundamental tenet of civil procedure that "[a]ll parties present at the deposition have the right to cross-examine the deponent the same as at trial." Rutter Group Practice Guide, Federal Civil Procedure Before Trial, at 11:1549; *see also* Fed. R. Civ. P. 30(c)(1); *F.C.C. v. Mizuho Medy Co.*, 257 F.R.D. 679, 681-82 (S.D. Cal. 2009) ("There is no formal requirement for a party seeking to cross-examine a deponent to serve a notice") (sanctioning noticing party who sought to prevent opposing party from questioning third party witness); *United States v. Procter & Gamble Co.*, 180 F. Supp. 195 (D.N.J. 1959) (holding

---

Sony— intended to take depositions of Connor Group NV, LLC, Nigel Shepherd, and Edgar Ooms. Dkt. No. 79 at 2.

[2] Sony has not filed a motion to quash any of Tessera's subpoenas to these witnesses and has not asserted any challenge to the subpoenas in the courts from which they issued.

that depositions must be taken on notice to the adversary and afford him a right to be heard and to cross-examine the witness, and that the deposition may be suppressed if such rights are denied). Furthermore, "unlike at trial, cross-examination is not limited to topics raised on direct. The cross-examination may extend to *any* topic." Rutter Group at 11:1549 (emphasis in original); *see also Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 641 n.1 (N.D. Ind. 1991) ("cross-examination of a deposition witness is not restricted to the scope of the direct"). Indeed, "the principles which underlie modern discovery practice demand that each party represented at a deposition be afforded a full and fair opportunity for examination of the witness." *Smith*, 139 F.R.D. at 642.

*Fourth*, continuing a pattern of disregard for this Court's procedures that Sony has exhibited throughout this litigation, Sony violated this Court's meet and confer requirements in bringing this motion. (*See* Standing Order Re: Civil Discovery Disputes ¶¶ 2.B-C). After Sony objected to Tessera's proposal that the parties split their time at the deposition and stated that it intended to file a motion, Tessera attempted to resolve the matter without court intervention by agreeing that Sony would have one of hour of deposition time beyond what Tessera would have (*i.e.*, Sony would have four hours, and Tessera would limit its time to three hours), stating:

> "[I]n an effort to resolve this matter without burdening the court or these third party witnesses, Tessera is willing to limit its time to 3 hours during the depositions, leaving Sony with 4 hours. Of course, if Sony rejects this very reasonable proposal, Tessera reserves all rights to seek the full amount of time it is entitled to under the Federal Rules."

(10/30/2012 Krebs email to Moore). Although Tessera continues to believe the most equitable division of time is half for each party, Tessera made this proposal in the spirit of compromise. Sony never responded to Tessera's compromise proposal. The next communication from Sony on the subject was two days later, when Sony emailed Tessera stating that it intended to file its Motion. (11/1/2012 Rodrigues email to Krebs). Tessera tried again to reach compromise with Sony by re-raising its prior proposal. (11/1/2012 Krebs email to Rodrigues). Sony did not respond to this second compromise offer either. Sony's Motion once again ignores Tessera's compromise proposal, presenting no argument or evidence that either of Tessera's proposed splits of time would be inappropriate or unworkable in any way.

1     For all of the reasons set forth above, Tessera respectfully requests that the Court deny Sony's Motion.

Dated: November 5, 2012

Respectfully submitted,

IRELL & MANELLA LLP
Morgan Chu
Carlos R. Moreno
Benjamin W. Hattenbach
Melissa R. McCormick

By: /s/ Benjamin W. Hattenbach
    Benjamin W. Hattenbach
    Attorneys for Plaintiff Tessera, Inc.