**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7        IN THE UNITED STATES DISTRICT COURT

8        FOR THE NORTHERN DISTRICT OF CALIFORNIA

9        SAN JOSE DIVISION

10    TESSERA, INC.,                                    CASE NO. 5:11-cv-04399 EJD

11                                                      **ORDER DENYING DEFENDANT'S**
                   Plaintiff(s),                        **MOTION FOR RELIEF FROM NON-**
12         v.                                           **DISPOSITIVE PRETRIAL ORDER OF**
                                                        **MAGISTRATE JUDGE**
13    SONY CORPORATION,

14                                                      [Docket Item No(s). 95]
                   Defendant(s).
15    _____/

16         Presently before the court is Defendant Sony Corporation's ("Defendant") motion pursuant

17    to Civil Local Rule 72-2 for relief from a non-dispositive discovery ruling issued by Magistrate

18    Judge Howard R. Lloyd.  See Docket Item No. 95.  Plaintiff Tessera, Inc. ("Plaintiff") has filed

19    written opposition to the motion according to this court's briefing order.  See Docket Item No. 121.

20    For the reasons explained below, Defendant's motion will be denied.

21                                    **I.   BACKGROUND**

22         The action underlying this dispute is one for breach of contract and breach of the covenant of

23    good faith and fair dealing.  The subject contract is a License Agreement between Plaintiff and

24    Defendant, pursuant to which Defendant was obligated to pay certain royalties to Plaintiff in

25    exchange for the use of Plaintiff's technology.  The agreement also provided Plaintiff with the right

26    to examine Defendant's records.  Plaintiff conducted an audit of Defendant's records in 2011 for the

27    years 2006 through June 2010.  According to Plaintiff, the audit revealed additional royalties

28
                                                      1
      CASE NO. 5:11-cv-04399 EJD
      ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
      MAGISTRATE JUDGE

United States District Court

For the Northern District of California

1   payable by Defendant.  Plaintiff also contends that Defendant did not permit the auditors to inspect

2   all relevant records.

3       In discovery, Plaintiff sought documents and information from Defendant it believed

4   necessary to calculate damages, including information about products made by third-parties which

5   carry Defendant's brand name.  Defendant objected to the requests as overbroad and burdensome

6   based on its interpretation of key language in the License Agreement, which Defendant believes

7   limits royalty payments to products made by Defendant or designed by Defendant but manufactured

8   by others.  The parties could not informally resolve their dispute and presented it to Magistrate

9   Judge Lloyd.  After briefing and hearing on the matter, Judge Lloyd first recommended the parties

10  reach an agreement limiting the scope of production, but ultimately ordered Defendant to comply

11  with Plaintiff's discovery requests no later than November 8, 2012.  See Docket Item No. 83.  Judge

12  Lloyd thereafter denied Defendant's motion for leave to file a motion for reconsideration of the

13  discovery order.  See Docket Item No. 103.  Defendant now seeks relief from this court.

14                          **II.   LEGAL STANDARD**

15      The district court must consider any timely objections to a magistrate's order on a

16  nondispositive motion and "modify or set aside any part of the order that is clearly erroneous or is

17  contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).  This is a deferential

18  standard.  See Grimes v. City & County of San Francisco, 951 F.2d 236, 241 (9th Cir. 1991).

19  Indeed, "[t]he reviewing court may not simply substitute its judgment for that of the deciding court"

20  or subject the magistrate judge's ruling to a *de novo* review.  Id.

21      Defendant assigns error to a decision concerning discovery and essentially seeks a protective

22  order limiting production to its interpretation of the contract.  Subject to the court's inherent power

23  to control the proceedings before it, "parties may obtain discovery regarding any nonprivileged

24  matter that is relevant to any party's claims or defense."  Fed. R. Civ. P. 26(b).  "Relevant

25  information need not be admissible at the trial if the discovery appears reasonably calculated to lead

26  to the discovery of admissible evidence."  Id.  However, "[t]he court may, for good cause, issue an

27  order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or

28

                                          2
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

United States District Court

For the Northern District of California

1   expense." Fed. R. Civ. P. 26(c)(1).  The requisite 'good cause' maybe shown "by demonstrating

2   harm or prejudice that will result from the discovery." Rivera v. NIBCO, Inc., 364 F.3d 1057, 1063

3   (9th Cir. 2004).  In this circuit, "[a] party asserting good cause bears the burden, for each particular

4   document it seeks to protect, of showing that specific prejudice or harm will result if no protective

5   order is granted." Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d 1122, 1130 (9th Cir. 2003).

6   Generalizations are not enough.  Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 476 (9th Cir.

7   1992) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do

8   not satisfy the Rule 26(c) test" (citation and quotation marks omitted)).

## III.    DISCUSSION

10       In light of the broad standard for relevancy applied in discovery proceedings, the order

11   compelling Defendant to comply with the discovery requests was neither clearly erroneous nor

12   contrary to law.  As Judge Lloyd appropriately recognized, Plaintiff is entitled to reasonable

13   damages discovery based on its interpretation of key language in the License Agreement. Although

14   Defendant disagrees with Plaintiff's interpretation, neither Judge Lloyd nor this court can determine

15   the appropriate interpretation of contract language within the context of this discovery dispute.  At

16   this point, that particular issue appears intertwined with the ultimate question presented by this case:

17   whether Defendant breached the License Agreement by failing to pay royalties according to its

18   terms.  In that regard, Plaintiff has posited one interpretation of the key language; Defendant has

19   posed another.  One may be more extreme, but it is not so extreme so as to be inconceivable.

20   Assuming the parties cannot resolve this action themselves, the court will eventually need to

21   determine which party has put forth the better argument.  But that decision is not one that can be

22   accomplished now without the benefit of a more suitable motion addressing the merits of the

23   interpretation conflict.

24       The same is true of Defendant's contention that Plaintiff's discovery requests are overbroad

25   as to time.  Judge Lloyd found that Plaintiff was entitled to information dating back to when the

26   License Agreement was executed in 1997 because the correct application of contract terms could not

27   be decided as part of a discovery disagreement.  Again, both parties have proposed distinct, yet

28

CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

United States District Court

For the Northern District of California

1    possible, ways to apply the License Agreement.  That being the case, this court agrees with Judge

2    Lloyd that Plaintiff can obtain the information sought.

3         Finally, Defendant argues that the order compelling production *could* impose an extreme

4    burden, perhaps requiring Defendant to spend thousands of hours researching hundreds of thousands

5    of third-party products.  Judge Lloyd found this contention unconvincing because Defendant could

6    not describe the process that would involved in such an undertaking, but nonetheless provided the

7    parties an opportunity to ease any potential burden by reaching an agreement to limit the production

8    to certain representative products.

9         While this court is certainly mindful of the directive contained in Federal Rule of Civil

10   Procedure 26(b)(2)(C) ("[T]he court must limit the frequency or extent of discovery otherwise

11   allowed by these rules or by local rule if it determines that . . . the burden or expense of the proposed

12   discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy,

13   the parties' resources, the importance of the issues at stake in the action, and the importance of the

14   discovery in resolving the issues."), it is also true that "[t]he party who resists discovery has the

15   burden to show that discovery should not be allowed, and has the burden of  clarifying, explaining,

16   and supporting its objection."  Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal.

17   1998).  Defendant has not met its burden here.  Just as before Judge Lloyd, Defendant frames its

18   claim of undue burden only with generalities based on the entire universe of third-party products

19   manufactured for Defendant.  But as Plaintiff points out, the discovery requests at issue pertain to

20   certain products containing ball grid array and land grid array packages, and Defendant's motion as

21   well as the accompanying declaration of its general manager, Shinji Ina, are each silent as to this

22   categorical limitation.  Moreover, Ina himself is only able to speculate as to the extent of any burden

23   ("Because Sony has so many products that contain chips, it is difficult to quantify the work that

24   would be involved in exhaustively searching each product.").  That is not enough.

25        In sum, Defendant's did not establish the good cause required for the type of order it seeks,

26   particularly when Judge Lloyd provided an explicit mechanism to ameliorate Defendant's concern

27   through an agreement narrowing the scope of production.  In any event, the deferential standard

28

4

CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

1  which applies to these types of motions preclude this court from subjecting Judge Lloyd's order to a

2  *de novo* review based on declarations presented for the first time in this motion even if this court

3  were inclined to decide the matter differently.

4  **IV.  ORDER**

5  Based on the foregoing, Defendant's motion is DENIED and all objections to Judge Lloyd's

6  order are OVERRULED.

7  Due to the delay caused by this proceeding, the court finds it appropriate to extend the

8  deadline for Defendant's production.  The court also strongly approves Judge Lloyd's suggestion

9  that the parties reach an agreement defining a fair selection of products for which information will

10  be produced.  Accordingly, the parties shall meet and confer on this issue forthwith, and the court

11  schedules this case for a Status Conference on **December 14, 2012, at 10:00 a.m.** in order to

12  determine the parties' progress in that regard.  On or before **December 7, 2012**, the parties shall file

13  Joint Status Conference Statement which describes the parties' agreement in connection with the

14  discovery at issue, or if one has not been reached, describes the parties' respective positions on the

15  issue.

16  Defendant shall thereafter make its production - whether for agreed-upon products or for all

17  products absent an agreement - no later than **December 31, 2012.**

18  **IT IS SO ORDERED.**

19

20  Dated:  November 26, 2012

EDWARD J. DAVILA
United States District Judge

21

22

23

24

25

26

27

28

5

CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR RELIEF FROM NON-DISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California