1    IRELL & MANELLA LLP
      Morgan Chu (70446) (mchu@irell.com)
2    Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
      Melissa R. McCormick (180384) (mmccormick@irell.com)
3    Lisa S. Glasser (223406) (lglasser@irell.com)
      1800 Avenue of the Stars, Suite 900
4    Los Angeles, California 90067-4276
      Telephone: (310) 277-1010
5    Facsimile: (310) 203-7199

6

7    *Attorneys for Plaintiff Tessera, Inc.*

8    FOLEY & LARDNER LLP
      Eileen R. Ridley (151735) (eridley@foley.com)
9    Matthew B. Lowrie (*pro hac vice*) (mlowrie@foley.com)
      Aaron W. Moore (*pro hac vice*) (amoore@foley.com)
10   Ruben J. Rodrigues (*pro hac vice*) (rrodrigues@foley.com)
      555 California Street, 17th Floor
11   San Francisco, California 94104
      Telephone: (415) 434-4484
12   Facsimile: (415) 434-4507

13

14   *Attorneys for Defendant Sony Corporation*

15

16             UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                SAN JOSE DIVISION

19   TESSERA, INC.,            )    Case No. 5:11-CV-04399-EJD (HRL)
                           )
20          Plaintiff,      )    **JOINT STATUS CONFERENCE**
                           )    **STATEMENT**
21       v.                )
                           )
22   SONY CORPORATION,      )
                           )    Date: December 14, 2012
23         Defendant.    )    Time: 10:00 a.m.
                           )    Judge: Hon. Edward J. Davila
24                            )    Courtroom 4 – Fifth Floor
                           )
25                            )
                           )
26                            )

27

28

1      Pursuant to the Court's November 26, 2012 Order, the parties submit this Joint Status

2  Conference Statement describing the parties' progress in discussing representative products.  D.I.

3  No. 123 at 5.

4      **Tessera's Statement**

5      Tessera has been attempting to discuss representative products with Sony since late July

6  2012.  *See, e.g.*, 2012-07-31 Krebs Email to Moore; 2012-10-12 Hattenbach Email to Moore and

7  Ridley; 2012-10-12 Hattenbach Email to Ridley and Moore; 2012-10-18 Hattenbach Email to

8  Moore.  In response to the Court's November 26 Order, Tessera attempted again on November 28,

9  2012 to meet and confer with Sony.  In the course of that discussion, Sony informed Tessera of its

10  position that Sony has already complied with the Court's Order and that Sony does not have any

11  documents that show whether third-party semiconductor packages Sony uses in its products meet

12  the definition of royalty-bearing products in the parties' license agreement.  Sony's position

13  during the November 28 call echoed the letter Sony sent Tessera on November 8, the original

14  deadline for compliance with Judge Lloyd's Order (the order Sony unsuccessfully challenged in

15  this Court, *see* Dkt. 123), in which Sony stated that it "does not have documents sufficient to show

16  whether the third-party chips [Sony uses in its products] are face-up or face-down, whether or not

17  the substrate is reinforced, and the thickness of the substrate."  2012-11-08 Moore Letter to

18  Hattenbach.

19      Based on Sony's correspondence and the meet and confer, Tessera understands that Sony

20  does not intend to produce any additional documents or other information responsive to Judge

21  Lloyd's Order and this Court's November 26 Order.

22      **Sony's Statement**

23      Because the Order compelling Sony to produce responsive documents by November 8,

24  2012 was not stayed, Sony conducted what it believes was an appropriate search for materials

25  responsive to the Court's order and produced more than 10,000 pages of documents on November

26  8th.  Those documents concerned chips made by or for Sony's Semiconductor Business Group

27  that are believed to meet the definition in the license agreement, and which were encompassed by

28  Judge Lloyd's order.

1     Sony's response to the Order also included a search for documents about third-party chips

2   that would meet the definition in the License Agreement.  (Although this Court's Order states that

3   Judge Lloyd ordered Sony to produce documents regarding "products made by third-parties which

4   carry Defendant's brand name," D.I. 123, at 2, Sony understands Judge Lloyd's order to apply to

5   all third-party chips, regardless of branding.)

6     To conduct this search, Sony inquired of individuals in each of Sony's product categories

7   (headphone, IC recorder, home audio, personal audio, car audio, television, DVD/BD

8   player/recorder, imaging (digital camera, camcorder, and DSLR) and personal computer product

9   lines) to determine whether engineers within each category would have received from third-party

10   suppliers technical information sufficient to determine whether the third-party chips meet the

11   definition in the License Agreement.  The individuals contacted were knowledgeable persons in

12   each category about the purchase and use of third-party chips.  In each case, the individuals

13   concluded that Sony would not have received sufficiently detailed technical information from the

14   suppliers.  In particular, the documents provided to Sony by the suppliers of third-party chips

15   generally do not provide all of the information about internal aspects of the chips that are called

16   out in the License Agreement definition, including whether they are "face-up" or "face-down"

17   devices (referring to the orientation of the silicon chip inside the chip package), whether or not the

18   substrate (which is internal to the package) is reinforced, and the thickness of the substrate.  The

19   one third-party supplier that was an exception was Intel, which does provide more detailed

20   information regarding certain chips provided to Sony's personal computer group.  Sony is working

21   with Intel to obtain permission to produce those documents, which are covered by a confidentiality

22   agreement, a copy of which Sony has produced to Tessera.  (Intel is a Tessera licensee, so Tessera

23   should have already received royalties on chips provided to Sony by Intel.)

24     The lack of detailed information about third-party chips was not a surprise, because, as

25   opposed to Sony's Semiconductor Business Group, which designs chips and therefore would be

26   concerned about, and have information about, the internal structures of the chips, the finished

27   products groups are primarily concerned about the functional aspects and overall size and shape of

28

1  chips they purchase.  Sony has previously explained this to Tessera, and has previously submitted

2  a declaration to that effect.

3       As directed by the Court, the parties have met-and-conferred regarding the question of

4  limiting the production to "representative" products.  While Tessera initially expressed interest in

5  that idea, it appears to have lost interest when Sony explained that the searching it had performed

6  indicated that Sony would not have documents showing which, if any, third party chips in the

7  representative products would be covered by the definition in the License Agreement.

8

9  Dated:  December 7, 2012            IRELL & MANELLA LLP

10                        By:   */s/ Melissa R. McCormick*

11                           Melissa R. McCormick

12                       Attorneys for Plaintiff Tessera, Inc.

13

14 Dated:  December 7, 2012            FOLEY & LARDNER LLP

15                        By:   */s/ Aaron W. Moore*

16                           Aaron W. Moore

17                       Attorneys for Defendant Sony Corp.

18

19 **ATTESTATION OF CONCURRENCE IN FILING**

20      Pursuant to Civil L.R. 5-1(i)(3), I, Melissa R. McCormick, hereby attest that concurrence

21 in the filing of this Joint Status Conference Statement has been obtained from Aaron W. Moore,

22 counsel for Sony.

23

24 Dated:  December 7, 2012            By:   */s/ Melissa R. McCormick*

25                           Melissa R. McCormick

26

27

28

1

2                                **CERTIFICATE OF SERVICE**

3          I hereby certify that on this 7th day of December 2012, a copy of the foregoing was filed

4   electronically through the Court's CM/ECF system, with notice of case activity automatically

5   generated and sent electronically to all parties.

6

7   Dated:  December 7, 2012                    By:___*/s/ Melissa R. McCormick*___
                                                     Melissa R. McCormick
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2730029                                - 4 -        JOINT STATUS CONFERENCE STATEMENT
                                                     CASE NO. 5:11-CV-04399-EJD (HRL)