IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | CASE NO. 5:11-cv-04399 EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS** |
| v. | |
| SONY CORPORATION, | |
| Defendant(s). | [Docket Item No(s). 82] |

## I. INTRODUCTION

In this action for breach of contract, Plaintiff Tessera, Inc. ("Tessera") alleges that Defendant Sony Corporation ("Sony") violated a License Agreement between Tessera and Sony, pursuant to which Sony was obligated to pay certain royalties to Tessera in exchange for the use of Tessera's technology. The License Agreement also provided Tessera with the right to examine Sony's records to ensure that Sony was making complete royalty payments. Tessera conducted an audit of Sony's records in 2011 for the years 2006 through June, 2010, with the assistance of an independent auditor, the Connor Group ("Connor"). According to Tessera, the audit revealed that it was due a substantial amount additional royalties. Sony disputes these claims.

Tessera commenced the instant litigation in state court in May, 2011. After removing the action to this court, Sony filed an Answer on September 8, 2011, and asserted one counterclaim for breach of the covenant of good faith and fair dealing. See Docket Item No. 9.

1
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

1    Presently before the court is Sony's Motion for Leave to File First Amended Answer and
2 Counterclaims.  See Docket Item No. 82.  Specifically, Sony seeks to assert new counterclaims for
3 fraud, violation of California Business and Professions Code § 17200, and civil conspiracy.  Tessera
4 has filed written opposition to the motion.  The court found this matter suitable for decision without
5 oral argument pursuant to Civil Local Rule 7-1(b) and previously submitted it for decision.  Having
6 now carefully reviewed the relevant documents, the court has determined that Sony's motion should
7 be denied for the reasons explained below.

## II.   LEGAL STANDARD

9    Most motions to amend the pleadings are initially subject to the liberal standard for
10 amendments contained in Federal Rule of Civil Procedure 15.  Fed. R. Civ. P. 15(a)(2) ("The court
11 should freely give leave [to amend] when justice so requires."); Morongo Band of Mission Indians
12 v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).  But here, the court-imposed deadline for amendments
13 to the pleadings has passed.  See Docket Item No. 26.  As such, Sony's motion is governed by Rule
14 16 rather than Rule 15.  Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 607-608 (1992).

15    Under Rule 16, Sony must initially demonstrate sufficient "good cause" to modify the
16 scheduling order so as to allow for the late amendment.  See id.; see also Fed. R. Civ. Proc. 16(b)(4)
17 ("A schedule may be modified only for good cause and with the judge's consent.").  If, and only if,
18 the requisite good cause is shown, the court then turns to an examination of the relevant factors
19 under Rule 15.  Hood v. Hartford Life & Accident Ins. Co., 567 F. Supp. 2d 1221, 1224 (E.D. Cal.
20 2008); Johnson, 975 F.2d at 609 ("If that party was not diligent, the inquiry should end.").

## III.   DISCUSSION

22    In examining this matter, the court must be mindful of what can constitute "good cause"
23 under Rule 16.  "Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the
24 party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s 'good
25 cause' standard primarily considers the diligence of the party seeking the amendment."  Johnson,
26 975 F.2d at 609.  "The district court may modify the pretrial schedule if it cannot reasonably be met
27 despite the diligence of the party seeking the extension."  Id. (internal quotations omitted).  "[N]ot

2
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND
COUNTERCLAIMS

United States District Court
For the Northern District of California

only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

In arguing for leave to file the amended Answer, Sony believes it has demonstrated diligence in seeking information from Tessera and Connor through discovery. In that regard, Sony points out that it served its first set of Requests for Production of Documents on Tessera on February 2, 2012, and thereafter served Connor with a third-party subpoena to produce documents on July 25, 2012. See Decl. of Aaron W. Moore ("Moore Decl."), Docket Item No. 82, at Ex. C; see also Decl. of Carlos R. Moreno ("Moreno Decl."), Docket Item No. 93, at Ex. P. Sony alleges, however, that both Tessera and Connor delayed in properly responding to its discovery demands. According to Sony, it did not receive a complete set of responsive documents from Tessera until September 7, 2012, and did not receive documents from Connor until September 13, 2012. See Moore Decl., at Exs. E, F. After reviewing all of the documents, Sony then proposed the amended Answer to Tessera on October 1, 2012, but Tessera would not stipulate to its filing. As a result, Sony promptly filed this motion on October 10, 2012. Sony believes it could not have acted sooner because it did not have sufficient information to support the proposed counterclaims - each of which are subject to a heightened pleading standard - until it received documents from Tessera and Connor.

As expected, Tessera disagrees with Sony's articulation of diligence and primarily argues that many of the "new facts" underlying the proposed counterclaims were known to Sony long before it proposed the amended Answer. In support, Tessera relies on: (1) correspondence from Sony to Connor dated March 11, 2011 (the "March 11th letter"), in which a Sony Vice President asserts that the Connor audit report cannot be read "without concluding that this auditor is not an 'independent third party'" and further describes the report as "written as though intended to support the highest possible claim for Tessera;" and (2) an email from Connor's director to a Sony employee which acknowledges that Connor was providing draft audit reports to Tessera. See Moreno Decl., at

3
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND COUNTERCLAIMS

1  Exs. E, H.  Tessera also emphasizes that many of the new allegations contained in the amended
2  Answer cite communications between Sony and Tessera or Sony and Connor, all of which Sony
3  must have possessed long before this litigation was initiated.  See Moore Decl., at Ex. A.  Finally,
4  Tessera cites to the parties' Joint Case Management Statement filed in anticipation of the February
5  3rd scheduling conference, wherein Sony agreed that "amendments to any pleadings in this action
6  should occur on or before April 9, 2012."  See Docket Item No. 29.

   Having considered the positions of both parties, the court has concluded that Sony has not
demonstrated diligence sufficient to meets its burden under Rule 16.  As the March 11th letter
demonstrates, Sony was aware even before this litigation commenced that it may have viable fraud-based
causes of action against Tessera.  For whatever reason, it chose not to include them in its original set of
counterclaims.  Sony now contends it could not assert them earlier because it did not have sufficient
information to do so.  But this statement is belied by Sony's conduct.  Even if Sony needed more factual
development to support fraud-based claims, Sony did nothing to pursue the necessary information other
than send a document request to Tessera and a subpoena to Connor, neither of which it sought to actively
enforce against either party when it became apparent that responses would be incomplete or untimely.
No motions to compel were filed until September, 2012 (see Docket Item No. 71), and despite the fact
that the discovery requests were served on Tessera in *February*, the only meet and confer correspondence
produced by Sony is dated *August 3, 2012*.  See Moore Decl., at Ex. D.  Those delays are unexplained.

   Moreover, despite its knowledge that additional counterclaims were possible, Sony agreed to -
and received - a deadline for amendments to pleadings which would expire months before discovery
would conclude.  It also was aware of the availability of the magistrate judge to hear discovery motions
long before it decided to file one in pursuit of Tessera's documents since it filed a prior discovery motion
in June, 2012.  See Docket Item No. 44.

   Although it is true that "[c]ourts routinely allow parties to amend their pleadings after new
information comes to light during discovery," this only applies if the moving party has been diligent in
the discovery process.  M.H. v. County of Alameda, No. 11-2868 CW, 2012 U.S. Dist. LEXIS 168412,
at *9, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012).  Here, Sony did little - if anything - to ensure that

4
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE FIRST AMENDED ANSWER AND
COUNTERCLAIMS

the discovery it needed to support the proposed counterclaims would be completed in a timely manner. A scheduling order is not a mere suggestion or a trifle that can be disregarded when it becomes inconvenient; it is an order from the court. Just like any other order, the court expects compliance. Under the circumstances presented, whether and when it received discovery responses was entirely within Sony's control. Instead of pursuing discovery diligently, it chose to a passive approach. That is not enough, and the fact that this motion appears so late in the process is prejudicial to Tessera. While Sony might not think it necessary to conduct additional discovery for the new counterclaims, Tessera will certainly need to do so, and this case will be delayed further by the re-opening of fact discovery and the motion practice that will inevitably result. Thus, in addition to the lack of good cause, the prejudice to Tessera is yet another reason to preclude Sony's proposed amendments. See Coleman v. Quaker Oats Co., 232 F.3d 1271, 1295 (9th Cir. 2000).

Accordingly, Sony's motion will be denied.

### III. ORDER

Based on the foregoing, Sony's Motion for Leave to File First Amended Answer and Counterclaims (Docket Item No. 82) is DENIED.

An amended scheduling order resetting the deadlines for expert discovery shall issue in short order.

**IT IS SO ORDERED.**

Dated: January 7, 2013

_____
EDWARD J. DAVILA
United States District Judge