**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 California Street, 17th Floor
San Francisco, CA 94104
Telephone: 415.434.4484
Facsimile: 415.434.4507
Eileen R. Ridley, CA Bar No. 151735
eridley@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 Huntington Ave., Ste. 2600
Boston, Ma 02199-7610
Telephone: 617.342.4000
Facsimile: 617.342.4001
Matthew B. Lowrie *(Pro Hac Vice)*
mlowrie@foley.com
Aaron W. Moore *(Pro Hac Vice)*
amoore@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 North Clark St., Ste. 2800
Chicago, Ill. 60654-5313
Telephone: 312.832.4568
Facsimile: 312.832.4700
Ruben J. Rodrigues *(Pro Hac Vice)*
rrodrigues@foley.com

Attorneys for Defendant SONY CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TESSERA, INC., a Delaware Corporation.<br><br>Plaintiff,<br><br>vs.<br><br>SONY CORPORATION, a Japanese Corporation,<br><br>Defendant | CASE NO: 5:11-CV-04399-EJD (HRL)<br><br>SONY CORPORATION'S REPLY BRIEF IN SUPPORT OF ITS MOTION TO SHORTEN THE BRIEFING AND HEARING SCHEDULE RELATING TO ITS MOTION TO STRIKE THE EXPERT REPORTS OF JOHN C. BRAVMAN AND JULIE L. DAVIS<br><br>Demand for Jury Trial<br><br>Judge: Hon. Edward J. Davila |

I. INTRODUCTION

Tessera's opposition continues its desperate, but unceasing, efforts to misrepresent and distort the record, and to pursue claims that have absolutely no basis in law or fact.

There were no "extensive breaches" of the License Agreement. Tessera's claims about the audit report are based almost entirely on a portion of the auditor's work which, *according to the auditor himself*, was nothing more than estimate that was intended to facilitate discussion between the parties. It does not even purport to be an audit result, and the auditor took pains to point out that it was not even an estimate of chips that would be royalty bearing under the agreement.

Tessera knows this, and so has now largely abandoned the audit report claim in favor of lengthy reports from a technical expert and a damages expert that purport to find that Sony failed to pay *millions* in royalties, but that are, without question, based on theories that were *never disclosed during the fact discovery period in this case*. This is sandbagging at its absolute worst, and Tessera is making a mockery of the civil litigation process and the Federal Rules of Civil Procedure.

Tessera's new analysis is defective because it is based predominately on chips purchased from third parties, for which Sony clearly does not have any royalty obligation. Nevertheless, Sony must respond to the substance of the reports by February 13, 2013, but its ability to do so is severely hampered (by design, no doubt) because (a) Tessera did not identify *any of the chips that form the basis of its expert reports during the discovery period in this case*, preventing Sony from taking its own discovery of these chips made by others, (b) Tessera still has not produced any of the images, reports, or data underlying the technical experts analysis, and refuses to do so, and (c) the amount of time provided in the current expert schedule is insufficient to respond to an analysis that took Tessera's technical expert hundreds of hours.

The reason to shorten time is that the rebuttal reports are due a week from Wednesday and expert depositions are scheduled to take place during the two weeks after that. Tessera

simply ignored the discovery rules, hiding *all* of its contentions during the fact discovery period, and instead providing them for the first time in lengthy expert reports that it spent months preparing, but that Sony would need to rebut in just three weeks, with no prior notice and without even having access to the underlying data.

The briefing time should be shortened because Tessera's deliberate withholding of the entire theory of its case is prejudicially unfair, and it would make little sense to prepare and serve rebuttal reports and take expert depositions without first deciding whether the expert reports offering brand new theories should be stricken, or fact discovery reopened to allow Sony to take discovery on the new theories.

## II. TESSERA WITHHELD ITS THEORIES DURING THE DISCOVERY PERIOD.

Tessera first argues in its opposition that Sony's motion should be denied because Tessera did disclose this information in its interrogatory answers because the interrogatory answers say that Tessera would rely on "*publicly available information*," and the hundreds of pages of new analysis was based on chips that Tessera's expert acquired in the market. That argument is absurd.

The interrogatory answers *completely fail* to identify the specific information—the identities of the chips for which royalties were allegedly unpaid—that was sought in Sony's interrogatories. The interrogatories did not ask whether Tessera would use public or private information, they asked for the ***identities of the chips that would form the basis of Tessera's claims***. Tessera did not provide that information when requested in discovery and, therefore, completely deprived Sony of the opportunity to take discovery of the third-parties who made those chips. The answer stating that Tessera would use "public information" is meaningless without a description of what that public information would be.

Moreover, the information that the technical expert analyzes is *not* public information. Instead, it is proprietary information that Tessera only obtained through hundreds of hours of "reverse engineering," and which Tessera now refuses to produce to Sony. Even if it were

3

CASE NO.5:11-CV-04399-EJD (HRL)    REPLY ISO MOTION TO SHORTEN BRIEFING
SCHEDULE RELATING TO MOTION TO STRIKE
EXPERT REPORTS OF BRAVMAN AND DAVIS

sufficient for an interrogatory answer to simply say "we will rely on public information"—and it certainly is unlikely that our system would work if that were the case—the Bravman report, and the Davis report that follows it, are based on *non-public information*.

### III. SONY DID NOT FAIL TO PRODUCE INFORMATION.

Tessera tries to excuse its failure to disclose the new theories in the Bravman and Davis reports on the grounds Sony failed to produce documents. Tessera's complaints are fabrications intended divert attention from its own egregious misconduct.

In this case, Sony produced the technical information that it maintains concerning the chips it designs, whether the chips are made by Sony or by someone else for Sony. Sony did not produce documents for third-party chips because Sony does not receive information about the internal structures of chips from its suppliers and would, therefore, have no way to know which, if any, third party chips might meet the definition in the License Agreement. Sony was ordered to produce any information about third-party chips that would meet the definition in the license agreement, conducted what it believes was a complete and appropriate search, and did not find any documents. On December 7, 2012, the parties filed a Joint Status Conference Statement (D.I. 128) in which Sony explained its search and that the only responsive documents Sony could locate were from Intel. Those documents were subsequently produced. On December 14, 2012, the parties attended a Status Conference concerning Sony's document production. Sony explained that it searched for but was unable to locate detailed technical documents concerning third-party chips. The document production issues were *resolved* at that point, with Tessera making *no further objection*.

All of the alleged failures to produce listed in bullet points on pages 3-4 of Tessera's opposition are demonstrably wrong and/or deliberately misleading:

- The issues raised in the first two bullet points, complaints about specific document requests, were resolved, as described above. Tessera does not even mention the resolution of those issues before the Court.

4

CASE NO.5:11-CV-04399-EJD (HRL)  REPLY ISO MOTION TO SHORTEN BRIEFING SCHEDULE RELATING TO MOTION TO STRIKE EXPERT REPORTS OF BRAVMAN AND DAVIS

- The third bullet point is simply wrong. Sony produced documents for all chips designed by Sony that would have been covered by the License Agreement.
- As explained in the Joint Status Conference Statement (D.I. 128), Tessera abandoned the "representative product analysis" once it became clear that Sony did not have documents about third-party chips. Tessera's opposition fails to even mention that the subject was discussed in the Joint Status Conference Statement.
- Tessera's last bullet point simply describes the process leading to the resolution described above, culminating in the Joint Status Conference Statement and subsequent conference, but again fails to note that the issues were *resolved* when Sony searched for documents and did not find any.

The fundamental problem here is that Tessera did not develop the facts of its case during the discovery period. Tessera failed to pursue its claims diligently, apparently assuming incorrectly that Sony would have documents concerning the third-party chips. Since Sony does not have that information, Tessera should have obtained it either from the third-parties themselves, or publically, *but in either case in a manner that would have resulted in Tessera disclosing the theories of its case to Sony in response to discovery requests, and in time for Sony to use the tools of discovery to develop its defenses*.

If Tessera needed more time because it did not diligently pursue its claims during the original discovery period, it should have sought to extend the discovery period. But it would be grossly unfair for Tessera to be permitted to fail to disclose the theories of its case during the fact discovery period and then rely on them after disclosing them too late for Sony to properly respond. The federal courts do not permit "trial by ambush."

## IV. CONCLUSION

For these reasons, Sony respectfully requests that Sony's motion to shorten time be GRANTED.

Dated: February 4, 2013

FOLEY & LARDNER LLP
Matthew B. Lowrie
Eileen R. Ridley
Aaron W. Moore
Ruben J. Rodrigues

By: _____/s/ Aaron W. Moore_____
Aaron W. Moore

Attorneys For Defendant SONY CORP.

**CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of February 2013, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

By: */s/ Ruben J. Rodrigues*
Ruben J. Rodrigues