1  IRELL & MANELLA LLP
   Morgan Chu (70446) (mchu@irell.com)
2  Benjamin W. Hattenbach (186455) (bhattenbach@irell.com)
   Melissa R. McCormick (180384) (mmccormick@irell.com)
3  Lisa S. Glasser (223406) (lglasser@irell.com)
   1800 Avenue of the Stars, Suite 900
4  Los Angeles, California 90067-4276
   Telephone:  (310) 277-1010
5  Facsimile:   (310) 203-7199

6  *Attorneys for Plaintiff Tessera, Inc.*

7  FOLEY & LARDNER LLP
   Eileen R. Ridley (151735) (eridley@foley.com)
8  555 California Street, Suite 1700
   San Francisco, California 94104-1520
9  Telephone:  (415) 438-6469

10 Matthew B. Lowrie (*Pro Hac Vice*) (mlowrie@foley.com)
   Aaron W. Moore (*Pro Hac Vice*) (amoore@foley.com)
11 111 Huntington Ave, Suite 2600
   Boston, Massachusetts 02199-7610
12 Telephone:  (617) 342-4000

13 *Attorneys for Defendant Sony Corporation*

14

15              UNITED STATES DISTRICT COURT

16            NORTHERN DISTRICT OF CALIFORNIA

17                   SAN JOSE DIVISION

18 TESSERA, INC.,                  )  Case No. 5:11-CV-04399-EJD (HRL)
                                   )
19           Plaintiff,            )  **JOINT PRELIMINARY PRETRIAL**
                                   )  **CONFERENCE STATEMENT**
20      v.                         )
                                   )  Date: March 22, 2013
21 SONY CORPORATION,               )  Time:  11:00 a.m.
                                   )  Location:  Courtroom 4, 5th Floor
22           Defendant.            )
                                   )
23 _____ )

24        Pursuant to the Court's January 7, 2013 Amended Case Management Order and the

25 Court's Standing Order Re: Preliminary and Final Pretrial Conferences and Trial Preparation in

26 Civil Cases, Plaintiff Tessera, Inc. ("Tessera") and Defendant Sony Corporation ("Sony"), by and

27 through their counsel of record, hereby respectfully submit this Joint Preliminary Pretrial

28 Conference Statement ("Joint Statement").

## JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT

**1.   JURISDICTION**

This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(2).  Tessera is incorporated in Delaware with its principal place of business in San Jose in the State of California, and Sony is a corporation existing and operating under the laws of Japan with its principal place of business in Tokyo.  The amount in controversy in this case is greater than $75,000.

**2.   SUBSTANCE OF THE ACTION**

A.   Tessera's Position

The Plaintiff, Tessera, is a company whose business includes the research and development of semiconductor packaging technologies.  The United States Patent and Trademark Office has awarded Tessera hundreds of patents.  Many of the largest companies in the semiconductor and electronics industries, including Intel, Texas Instruments, and Motorola, have signed patent license agreements with Tessera, whose terms grant them limited licenses under specified circumstances to practice certain Tessera patents and other technology.  Tessera receives royalties on billions of semiconductor packages annually.

The Defendant, Sony, is one of the electronics companies that entered into a license agreement with Tessera involving hundreds of Tessera's patents and other technology.  Tessera and Sony entered into this Agreement in October 1997.  The parties subsequently supplemented the Agreement by an October 1997 First Addendum and by a January 2004 Second Addendum.

Under the Agreement as amended, Sony had the obligation to report and pay royalties to Tessera for products made by or for Sony that met certain contractually-defined technical criteria. The Agreement also gave Tessera the right to examine and audit all records of Sony that may contain information bearing upon the amounts due under the Agreement, and obligated Sony to cooperate with such audits.  The Agreement further obligated Sony, within thirty (30) days after receiving a final audit report, to pay Tessera any amounts found to be payable.

In August 2010, the Connor Group, an independent third party CPA firm, conducted an audit of Sony's records pursuant to the Agreement.  Sony refused to cooperate with the auditors'

1    requests for information, as evidenced by documents produced in this case as well as deposition

2    testimony by the independent auditors and Sony employees.  Despite Sony's breach of its

3    obligation to cooperate, the auditors ultimately determined that Sony owed Tessera millions of

4    dollars in unpaid royalties for royalty-bearing products made by or for Sony under the Agreement.

5    The auditors' findings were based on Sony's records and publicly available information such as

6    Sony's annual reports and product teardown reports.  Sony refused to pay.

7           As a result of Sony's breaches, Tessera filed the Complaint in this action for breach of

8    contract and breach of the implied covenant of good faith and fair dealing on May 26, 2011.

9    Tessera's Complaint alleges that Sony has breached the Agreement by among other things failing

10   to pay royalties owed to Tessera spanning the life of the parties' contractual relationship.  During

11   discovery in this case, Sony again refused to provide requested information about its royalty-

12   bearing products, despite multiple Court orders compelling it to do so.  As a result of Sony's

13   refusal to provide discovery about its products, Tessera's expert, Dr. John C. Bravman, had to

14   obtain publicly available Sony products for reverse engineering analyses.  With the assistance of

15   Dr. Bravman and Tessera's damages expert Julie L. Davis, Tessera confirmed that Sony's

16   breaches of its contractual obligations to Tessera were, as the auditors had discovered, extensive.

17   Indeed, teardown analysis of Sony products purchased on the open market revealed numerous

18   royalty-bearing packages made by or for Sony, many prominently branded "Sony," which Sony

19   never reported to Tessera, disclosed to the auditors, or identified during discovery in this litigation.

20   Apparently unhappy with these findings, Sony filed a motion to strike the Bravman and Davis

21   expert reports in an effort to eliminate evidence of its contractual breaches.   In the process Sony

22   made numerous intentional misrepresentations to the Court that are the subject of Tessera's

23   pending Motion to Preclude.

24          Tessera seeks relief in this case including  (1) monetary damages in at least the amount of

25   royalties owed but not paid under the Agreement; (2) monetary damages resulting from Sony's

26   other contractual breaches, including breaches of the Agreement's audit provision; (3) monetary

27   damages resulting from Sony's breach of the Agreement's implied covenant of good faith and fair

28

1  dealing; (4) Tessera's fees and costs; and (5) such other and further relief as the Court may deem

2  just and proper, in amounts as yet unknown.

3         B.     <u>Sony's Position</u>

4       Sony Corporation ("Sony") is a Japanese corporation based in Tokyo, Japan and with

5  operations throughout the globe.  Sony and Tessera entered into a Master License Agreement on

6  October 15, 1997, which was immediately supplemented by a First Addendum and then a Second

7  Addendum on January 28, 2004 (collectively the "Agreement").  The Agreement expired on

8  September 24, 2010 when Sony elected to not to renew it.

9       This is a breach of contract case in which Tessera alleged that Sony breached the

10  Agreement by failing to pay amounts allegedly found owing following an audit of Sony in 2010.

11  Specifically, Tessera alleged that Sony failed to pay royalties on "scrap" units, amounting to less

12  than $100,000, and that Sony failed to pay the amount of a "Royalty Estimate Analysis"

13  performed by the auditor that was not based on Sony's records and that was (expressly) not

14  limited to products that would have been royalty bearing under the Agreement.  Tessera's

15  assertion that "the auditors ultimately determined that Sony owed Tessera millions of dollars in

16  unpaid royalties for royalty-bearing products made by or for Sony under the Agreement" is

17  completely false and will forever be contrary to the express language of the audit report, no matter

18  how many times Tessera repeats it.  Tessera also alleged that Sony failed to cooperate with the

19  auditor, an assertion that is not borne out by the records and correspondence concerning the audit.

20  In fact, the auditor who conducted the "fieldwork" portion of the audit repeatedly thanked Sony

21  for its cooperation in audit, and the lead auditor never asked for the information that Tessera

22  claims was not provided.  Sony believes that this suit is baseless and is being pursued to punish

23  Sony for declining to renew the Agreement.

24       Sony has counterclaimed that Tessera has breached the implied covenant of good faith and

25  fair dealing by improperly and unfairly demanding payment premised on the "Royalty Estimate

26  Analysis" (which is not an audit), asserting that the "Royalty Estimate Analysis" was an audit,

27  alleging that various items are royalty bearing when they are not, seeking double recoveries, and

28  by bringing this lawsuit.

1   Tessera has recently attempted, through its expert reports, to broaden the scope of this

2   action to purported breaches over the entire length of the agreement, and to seek royalties on

3   hundreds of specific products that were never identified during the fact discovery period in this

4   case and for which:  (a) Sony had no royalty obligations under the Agreement because the

5   products were designed and made by third-parties; (b) royalties have already been paid by third-

6   parties; and (c) Tessera's rights have already been exhausted through other licenses to those third-

7   parties.

8   Tessera's broadening of its theories, and the belated identification of hundreds of specific

9   chips that were never identified in response to Sony's discovery requests, is the subject of Sony's

10  pending Motion to Strike the Expert Reports of John C. Bravman and Julie L. Davis (Dkt. 134).

11  Tessera failed to identify the hundreds of chips for which it now claims to be owed royalties

12  during the fact discovery period, completely preventing Sony from taking discovery of the third

13  parties who actually made most of the chips in Tessera's expert reports.  Tessera claims, over and

14  over, that its delay in identifying the chips was a result of Sony "refus[ing] to provide requested

15  information about its royalty-bearing products, despite multiple Court orders compelling it to do

16  so."  In fact, as Sony has repeatedly explained, it does not have information about the internal

17  structures of chips that it neither designs nor makes.  Tessera should have sought that information

18  from the third-parties during the fact discovery period, but failed to diligently pursue it.

19  Trying desperately to distract attention from its own failings, Tessera has now filed a

20  motion to preclude Sony from even responding to the improper expert reports, making truly

21  baseless allegations about supposed "misrepresentations," that were, in fact, entirely accurate.

22  **3.    LEGAL ISSUES**

23  A.    Tessera's Position

24  The issues for trial are Sony's breach of the Agreement, the parties' respective claims that

25  the implied covenant of good faith and fair dealing has been breached, and damages.  As the more

26  detailed description of the parties' claims in Section 2 ("Substance of the Action"), above,

27  illustrates, Sony's portion of this "Legal Issues" section does not accurately describe Tessera's

28  claims.  Moreover, Sony's section appears to be directed to disputes of fact, not law.  *See, e.g.,*

1   *City of Hope v. Genentech, Inc.*, 43 Cal. 4th 375, 395 (2008) ("Interpretation of a written

2   instrument becomes solely a judicial function only when it is based on the words of the instrument

3   alone, when there is no conflict in the extrinsic evidence, or a determination was made based on

4   incompetent evidence.").  Neither party has identified any disputed points of law that currently

5   require resolution, and Tessera expects that any such disputes that may arise (for example

6   involving proposed jury instructions) will be addressed at the Final Pretrial Conference.

7         B.     <u>Sony's Position</u>

8                    1.     Whether the Agreement obligates Sony to pay royalties on chips designed

9                         and made by third-parties, where Sony's royalty obligation is limited to

10                         chips "made by or for Sony."

11                    2.     Whether Sony breached the Agreement by not paying the amount calculated

12                         in the Connor Group's "Royalty Estimate Analysis."

13                    3.     Whether Sony breached the Agreement by not paying the amount calculated

14                         by the Connor Group for manufacturing "scrap."

15                    4.     Whether Tessera breached the Covenant of Good Faith and Fair Dealing by

16                         asserting that the Connor Group's "Royalty Estimate Analysis" was an

17                         audit under the Agreement.

18                    5.     Whether Tessera breached the Covenant of Good Faith and Fair Dealing by

19                         alleging that various products are royalty bearing, when they are not, and by

20                         seeking double recovery.

21                    6.     Whether Tessera breached the Covenant of Good Faith and Fair Dealing by

22                         bringing this lawsuit against Sony.

23   **4.**      **MOTIONS**

| Motion | Moving Party | Issue | Result |
|---|---|---|---|
| Motion for a Protective Order Concerning the Depositions of Sony Corporation and Etsujiro Katsushima | Sony | Whether the depositions of Sony Corporation and Etsujiro Katsushima should be limited to two days | Denied |

| Motion | Moving Party | Issue | Result |
|---|---|---|---|
| Discovery Dispute Joint Report #1 | Tessera | Whether certain Sony witnesses should be deposed in the United States | Denied |
| Discovery Dispute Joint Report #2 | Tessera | Whether the Court should compel Sony to produce four categories of documents requested by Tessera | Granted |
| Discovery Dispute Joint Report #3 | Sony | Whether the Court should compel Tessera to produce two categories of documents requested by Sony | Denied |
| Discovery Dispute Joint Report #4 | Tessera | Whether the Court should compel Sony to comply with Tessera's Second Sets of Requests for Production and Interrogatories | Granted |
| Motion for Leave to File Motion for Reconsideration of Magistrate Judge Lloyd's October 10, 2012 Order | Sony | Whether Judge Lloyd erred by ordering Sony to produce documents related to DDJR#4 | Denied |
| Motion to Stay Judge Lloyd's Order on DDJR#4 | Sony | Whether the Court should stay Judge Lloyd's order related to DDJR#4 pending the Court's resolution of Sony's Motion for Relief from the same | Mooted and overruled by Court's 11/26/2012 Order. |
| Motion for Relief from Non-dispositive Pretrial Order of Magistrate Judge Lloyd | Sony | Whether the Court should overturn Judge Lloyd's order related to DDJR#4 | Denied |
| Sony's Motion for Leave to File First Amended Answer and Counterclaims | Sony | Whether Sony can file an amended answer and counterclaims | Denied |
| Motion to Enforce Court's Order Regarding Sony's Depositions of Third-Parties | Sony | Whether Tessera should be prevented from cross-examining third party witnesses at deposition | Order allocating deposition examination time between the parties |
| Motion to Strike the Expert Reports of John C. Bravman and Julie L. Davis or, in the Alternative, to Modify the Case Management Order | Sony | Whether the Court should strike the Bravman and Davis expert reports or, in the alternative, modify the Case Management Order | Pending |

Joint Preliminary Pretrial Conference Statement
Case No. 5:11-cv-04399-EJD (HRL)

| Motion | Moving Party | Issue | Result |
|---|---|---|---|
| Motion to Preclude Sony from Submitting Rebuttal Reports to Expert Reports of John C. Bravman and Julie L. Davis | Tessera | Whether the Court should preclude Sony from submitting rebuttal reports to the Bravman and Davis expert reports | Pending |
| Motion to Continue the March 22, 2013 Hearings and Preliminary Pretrial Conference Date | Sony | Whether the Court should continue the March 22, 2013 hearings and Preliminary Pretrial Conference | Denied |

**5.    DISCOVERY**

    A.    <u>Tessera's Position</u>

    Pursuant to the Court's Case Management Order, fact discovery closed on October 19, 2012. D.I. 30. Expert discovery was on track to conclude by March 1, 2013, pursuant to the Court's Amended Case Management Order. D.I. 131. However, shortly after the submission of opening expert reports on January 23, 2013, Sony moved to strike the reports of Tessera's experts John C. Bravman and Julie L. Davis and, in its related briefing, made a series of intentional misrepresentations to the Court – some of which Sony repeats in its sections of this Joint Statement. Sony's misrepresentations are the subject of Tessera's pending Motion to Preclude. Based on Sony's misrepresentations, the Court stayed all expert discovery deadlines pending further order of the Court. D.I. 139. Tessera respectfully requests that the Court set expert discovery deadlines in accordance with Tessera's proposed dates in Section 9 below.

    B.    <u>Sony's Position</u>

    Fact discovery closed on October 19, 2012. Expert discovery is currently stayed pending resolution of Sony's Motion to Strike the Expert Reports of John C. Bravman and Julie L. Davis (Dkt. 134), which seeks to strike the reports due to Tessera's failure to identify the chips for which it would be seeking royalties during the fact discovery period, thereby preventing Sony from conducting fact discovery of the third-parties that designed and made most of the chips, and preventing Sony from pursuing further discovery of Tessera regarding royalties that Tessera has already received from those third-parties for those chips. Should the reports not be stricken, Sony

1    respectfully requests that the Court reopen fact discovery so that Sony may take discovery on

2    Tessera's newly made allegations.  Tessera's assertion above that Sony has made or is making

3    misrepresentations is simply false—another cheap ploy intended to distract attention from the fact

4    the Tessera deliberately withheld virtually its entire case until is served its opening expert reports.

5    **6.    SETTLEMENT AND ADR**

6              A.      Tessera's Position

7              Pursuant to ADR L.R. 3-5 and the Court's April 5, 2012 Order Setting Deadline to File

8    Joint Status Report or Referral to Private ADR, the parties submitted a Joint Status Report

9    Regarding Settlement Efforts on June 4, 2012.  D.I. 39.  The parties have engaged in Court-

10   sponsored ADR phone conferences with Northern District ADR legal staff.  The parties have also

11   had direct discussions regarding settlement.  The parties will continue to participate in direct

12   discussions regarding the possibility of settlement, and agree that referral to Private ADR would

13   not be beneficial at this juncture.  The parties will continue to apprise the Court of any changes in

14   circumstances relating to settlement discussions.

15             B.      Sony's Position

16             The parties have previously discussed possible settlement, but are not currently prepared to

17   settle.  Additionally, the parties do not believe ADR efforts will be beneficial at this time.

18   **7.    BIFURCATION AND SEPARATE TRIAL OF ISSUES**

19             A.      Tessera's Position

20             Tessera does not believe that bifurcation or a separate trial of specific issues is appropriate

21   or desired at this time.  Bifurcation of liability and damages in this straightforward contract case

22   would result in a longer and more complicated trial, not a shorter one.

23             B.      Sony's Position

24             Sony requests separate trials on liability and damages.  Tessera's liability theory is based

25   primarily on the legally untenable position that Sony is obligated to pay royalties to Tessera on

26   chips that are designed and made by others.  Resolution of that issue in Sony's favor would

27   *substantially* streamline the damages portion of the case.

28

JOINT PRELIMINARY PRETRIAL CONFERENCE
STATEMENT
CASE NO. 5:11-CV-04399-EJD (HRL)

**8.     TRIAL**

      **A.**    <u>Tessera's Position</u>

Tessera respectfully requests that the Court set expert discovery deadlines in accordance with Tessera's proposed dates in Section 9 below.  Once expert discovery is complete, Tessera believes that the parties will be prepared to try the case promptly.  Both parties have requested a trial by jury.  Tessera presently believes that a seven day trial would be appropriate.

On March 8, 2013, two business days before this Preliminary Pretrial Conference Statement was due, Sony first proposed that the case schedule be extended to provide for a new summary judgment period.   The deadline for filing dispositive motions was January 11, 2013. D.I. 30.  The parties and the Court repeatedly reaffirmed the January 11, 2013 deadline, including in connection with a prior stipulated modification to the Scheduling Order.  *See*  D.I. 79 ("Adopting these proposed new deadlines would not alter the currently scheduled deadline for filing of dispositive motions on January 11, 2013"); Moore Declaration ¶ 10 [D.I. 75-1] ("Under the stipulated schedule, the presently scheduled deadlines for filing dispositive motions (January 11, 2013) . . . need not change.").  Similarly, during the December 14, 2012 status conference to discuss the Scheduling Order, Sony again did not request any change to the January 11, 2013 deadline.  The Court's January 7, 2013 Amended Case Management Order neither vacated nor modified the January 11, 2013 deadline.  D.I. 131.

Sony's belated request that the Court re-open the summary judgment period, significantly delaying trial of this matter, is baseless.  Sony does not even purport to satisfy the Rule 16 good standard for modifying the Scheduling Order, nor could it do so.  Sony contends that it was surprised by Tessera's expert reports, but even Sony does not claim that the expert reports have changed *any* of the vigorously disputed facts that underlie the negotiation history of the Agreement and Sony's conduct during the term of the Agreement.  To the contrary, Sony continues to recycle (in this submission and indeed in its own opening expert reports) exactly the same arguments that it presented to this Court and Judge Lloyd throughout this litigation—the same arguments that Sony chose not to present as a summary judgment motion before the summary judgment cutoff.

JOINT PRELIMINARY PRETRIAL CONFERENCE STATEMENT
CASE NO. 5:11-cv-04399-EJD (HRL)

1   Sony's argument that the summary judgment deadline was "vacated" by the Court's

2   extension of the expert discovery deadline is baseless.  No party ever requested that the summary

3   judgment deadline be vacated, and the Court did not do so.  Sony's claim that summary judgment

4   cannot take place until after expert discovery also is misplaced, particularly as there is no

5   contention that the parties' expert reports have eliminated any of the fundamental *fact* disputes

6   underlying the parties' claims.  Sony's attempt to flout the Scheduling Order should be rejected as

7   the latest in Sony's series of tactics to delay trial of this matter, to Tessera's prejudice.

8       B.      <u>Sony's Position</u>

9   Expert discovery is currently stayed, and Sony expects to file Motions for Summary

10  Judgment shortly after the close of Expert Discovery.  Therefore, Sony does not believe the parties

11  are ready for trial.  At this point, Sony estimates that a trial would last 5 days, though it may be

12  much longer if Sony's Motion to Strike the Expert Reports of John C. Bravman and Julie L. Davis

13  (Dkt. 134) is not granted.

14  It is Sony's understanding that the January 11, 2013 deadline for dispositive motions was

15  taken off the calendar at the time the expert deadlines were continued.  As the schedule was

16  originally set, the dispositive motion deadline was calendared to follow the exchange of expert

17  reports and the close of expert discovery.  Sony understood that the continuation of the expert

18  discovery deadlines would necessarily extend the dispositive motion deadline.  Were that not the

19  case, the deadline for dispositive motions would have fallen before even the opening expert

20  reports were served.  At that point, Tessera had not even identified the chips for which is it seeking

21  royalties.

22  While Tessera cites two filings from earlier in the case (D.I. 75 & 79) indicating that the

23  dispositive motion deadline would not need to move, the case schedule at the time of those filings

24  still contemplated that expert discovery would close prior to the January 11, 2013 dispositive

25  motion deadline.  That is why the dispositive motion deadline would not have been affected.

26  Tessera fails to observe that the circumstances changed after that, when the Court issued a new

27  Scheduling Order (D.I. 131), moving the deadline for the close of expert discovery from January

28  9, 2013 to March 1, 2013.

JOINT PRELIMINARY PRETRIAL CONFERENCE
STATEMENT
CASE NO. 5:11-CV-04399-EJD (HRL)

1    Docket 131 is the operable Amended Case Management order.  It was issued **before** the

2 original January 11, 2013 dispositive motion deadline, but does not include a date for dispositive

3 motions.

4  **9.      SCHEDULING**

5       A.      Tessera's Position

6       Tessera proposes the following schedule:

| Event | Tessera's Proposed Date (* = deadline per rule or court order) |
|---|---|
| Preliminary Pretrial Conference | March 22, 2013* |
| Designation of Rebuttal Experts with Reports | March 29, 2013 |
| Expert Discovery Cutoff | April 19, 2013 |
| Joint Final Pretrial Conference Statement | June 28, 2013 |
| Final Pretrial Conference | July 12, 2013 |
| Trial | August 21-29, 2013 |

16       B.      Sony's Position

17       In the event that its Motion to Strike is granted and the Bravman and Davis reports are

18 stricken, or the Motion is denied, the reports are not stricken, and Sony is not granted discovery

19 concerning the third-party chips, Sony respectfully requests that the Court set the following

20 schedule:

| Event | |
|---|---|
| Designation of Rebuttal Experts with Reports | April 12, 2013 |
| Expert Discovery Cutoff | May 10, 2013 |
| Motions for Summary Judgment | June 7, 2013 |
| Oppositions to Motions for Summary Judgment | June 28, 2013 |
| Replies to Oppositions to Motions for Summary Judgment | July 10, 2013 |

JOINT PRELIMINARY PRETRIAL CONFERENCE
STATEMENT
CASE NO. 5:11-CV-04399-EJD (HRL)

1  In the event that its Motion to Strike is granted and fact discovery is extended for Sony to

2  take discovery on the third-party-chips, Sony respectfully requests that the Court set the following

3  schedule:

| Event | |
|---|---|
| Close of Fact Discovery | August 16, 2013 |
| Designation of Rebuttal Experts with Reports | August 30, 2013 |
| Expert Discovery Cutoff | September 27, 2013 |
| Motions for Summary Judgment | October 25, 2013 |
| Oppositions to Motions for Summary Judgment | November 15, 2013 |
| Replies to Oppositions to Motions for Summary Judgment | November 29, 2013 |

Sony further requests that any trial be scheduled to begin at least three months after the

Court rules on Sony's Motion for Summary Judgment.

## 10.    OTHER MATTERS

The parties have no other matters to report at this time.

Respectfully submitted,

**IRELL & MANELLA** LLP

Dated:  March 12, 2013          By:____/s/ Benjamin W. Hattenbach_____
                                            Benjamin W. Hattenbach
                                            Attorneys *for Plaintiff Tessera, Inc.*

**FOLEY AND LARDNER LLP**

Dated:  March 12, 2013          By: _____/s/ Aaron W. Moore_____
                                            Aaron W. Moore
                                            Attorneys *for Defendant Sony Corp.*

JOINT PRELIMINARY PRETRIAL CONFERENCE
STATEMENT
CASE NO. 5:11-cv-04399-EJD (HRL)