United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TESSERA, INC., | CASE NO. 5:11-cv-04399 EJD |
| Plaintiff(s), | **ORDER DENYING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |
| v. | |
| SONY CORPORATION, | [Docket Item No(s). 134, 144] |
| Defendant(s). | |

## I. INTRODUCTION

Whether for good or bad, the docket in this breach of contract action demonstrates why it is a familiar one to the court. Plaintiff Tessera, Inc. ("Tessera") alleges that Defendant Sony Corporation ("Sony") violated a License Agreement between Tessera and Sony, pursuant to which Sony was obligated to pay certain royalties to Tessera in exchange for the use of Tessera's technology. The License Agreement (the "Agreement") also provided Tessera with the right to examine Sony's records to ensure that Sony was making complete royalty payments. Tessera conducted either an audit or a "reasonableness check" of Sony's records in 2011 for the years 2006 through June, 2010, with the assistance of an independent auditor, the Connor Group. According to Tessera, the review revealed that it was due a substantial amount of additional royalties. Sony disputes these claims.

Tessera commenced the instant litigation in state court in May, 2011, asserting causes of action for breach of contract and breach of the covenant of good faith and fair dealing. See Docket

Item No. 1. After removing the action to this court, Sony filed an Answer on September 8, 2011, and asserted one counterclaim for breach of the covenant of good faith and fair dealing. See Docket Item No. 9.

Presently before the Court are two motions: (1) Sony's Motion to Strike two expert reports served by Tessera, one from Dr. John C. Bravman ("Bravman") and one from Julie L. Davis ("Davis"), or in the alternative, to modify the scheduling order; and (2) Tessera's Motion to Preclude Sony from submitting rebuttal reports as a sanction. See Docket Item Nos. 134, 144. The court held a hearing on these motions on March 22, 2013. Having carefully considered the relevant pleadings and the arguments of counsel, the court has determined that both motions should be denied for the reasons explained below.

## II. DISCUSSION

### A. Sony's Motion to Strike or Amend the Scheduling Order

Sony argues that the Bravman and Davis reports must be stricken because they present evidence, arguments, and theories that Tessera failed to disclosure during fact discovery, in violation of Federal Rule of Civil Procedure 26(e)(1). Tessera, unsurprisingly, disagrees that it has changed theories or presented new arguments or evidence in its expert reports.

Federal Rule of Civil Procedure 26(e)(1) requires parties to "supplement or correct" its disclosures and discovery responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." This is a *sua sponte* obligation; the parties are expected to "supplement and/or correct their disclosures promptly when required under that Rule, without the need for a request from opposing counsel." Apple, Inc. v. Samsung Elecs. Co., Ltd., No. 11-CV-01846-LHK, 2012 U.S. Dist. LEXIS 108648, at *12, 2012 WL 3155574 (N.D. Cal. Aug. 2, 2012).

Parties who fail to in the duty mandated by Rule 26(e)(1) become subject to Federal Rule of Civil Procedure 37. Specifically, subsection (c)(1) of that Rule designates the sanction that may result: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a

1  hearing, or at a trial, unless the failure was substantially justified or is harmless." If a Rule 26
2  violation is shown, "[t]he party facing sanctions bears the burden of proving that its failure to
3  disclose the required information was substantially justified or is harmless." R&R Sails, Inc. v. Ins.
4  Co. of the State of Pa., 673 F.3d 1240, 1246 (9th Cir. 2012).

5  The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue
6  sanctions under Rule 37(c)(1)." Yeti by Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106
7  (9th Cir. 2001). "A court need not find bad faith before imposing sanctions for violations of Rule
8  37." Oracle USA, Inc. v. SAP AG, 264 F.R.D. 541, 545 (N.D. Cal. 2009) (citing Yeti by Molly, 259
9  F.3d at 1106).

10  The court has reviewed the Complaint in conjunction with the extensive documentation
11  provided by the parties for this motion. Having done so, the court disagrees with Sony that the
12  expert reports introduce a new theory of liability not previously asserted by Tessera. In particular,
13  both the Complaint and Tessera's discovery responses demonstrate that Tessera has never limited
14  this action to the findings of the Connor Group, as Sony contends.[1] See Compl., at ¶ 14; see also
15  Decl. of Melissa R. McCormick ("McCormick Decl."), Docket Item No. 141, at Ex. 7.

16  In addition, the court is not persuaded that Tessera was required to supplement its discovery
17  responses to identify the *specific* Sony products subject to Bravman's findings. As Tessera points
18  out, the two interrogatories on which Sony relies for this proposition are not drafted so as to require
19  the identification of specific products covered solely by the Agreement and subject to royalties.
20  Instead, those interrogatories request the identification of products primarily covered by patents.
21  See McCormick Decl., at Ex. 29. And, in any event, Sony did not move to compel Tessera's
22  responses to the interrogatories after it received them in March, 2012, if it felt Tessera was required
23  to identify specific products or produce a claim chart.

24  But even if the court assumes, *arguendo*, that Tessera was required to supplement its
25  discovery responses pursuant to Rule 26(e)(1), it would not strike the expert reports as a sanction

---

[1] While the court would normally provide more specific details in an order such as this, those details have been excluded due to the number of items deemed confidential by the parties and filed under seal.

United States District Court
For the Northern District of California

under Rule 37(c)(1) because Tessera's conduct was substantially justified as a reaction to Sony's failure to cooperate during fact discovery. Indeed, despite two court orders compelling Sony to produce documents related to third-party products or agree on a representative sample of products for which documents would be produced, it chose not to do so.[2] While it later argued (and apparently maintains) that responsive documents were never in its possession, such an argument was not raised before the magistrate judge that decided the motion to compel or before this court in a subsequent request for *de novo* review. To the contrary, Sony resisted production based on burden it allegedly imposed. Its current position, therefore, seems to be an all too convenient excuse for continuing non-compliance. Under these circumstances, and in the absence of Sony's production of responsive information - which Judge Lloyd, this court and Tessera were all led to believe was in Sony's possession - Tessera's choice to engage Bravman and Davis in the manner it did was a reasonable one. Moreover, Sony cannot now complain, in hindsight, that Tessera should have taken third-party discovery when Sony chose not do so despite the opportunity.

For similar reasons, the court will not amend the scheduling order to allow for further discovery. Under Federal Rule of Civil Procedure 16, a party seeking to amend a scheduling order must demonstrate sufficient "good cause." Fed. R. Civ. Proc. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."). Diligence on the part of the moving party is the focus of the inquiry. See Johnson v. Mammoth Recreations Inc., 975 F.2d 604, 609 (1992). "[N]ot only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999). "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Johnson, 975 F.2d at 609.

As noted, Sony was not diligent in seeking third-party discovery before the deadline to complete fact discovery, despite being on notice that Tessera was seeking recovery for all Sony products covered by the Agreement - including third party products. Again, the court does not share

---

[2] In that regard, the court disagrees with Sony's characterization of this discovery issue as having ever been "resolved."

4
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SANCTIONS

1  Sony's belief that this action was ever limited solely to the Connor Group's report. And Sony's lack
2  of diligence is only magnified by its failure to comply with the discovery orders referenced.
3      It is also notable that the information relied upon by Bravman is not unique to Tessera but is
4  equally available to Sony. Sony can provide the same information to its experts, who then form
5  their own opinions based on the same information. As such, Sony's contention that it will be
6  severely prejudiced in the absence of further discovery is unpersuasive.
7      Accordingly, Sony's motion to strike Tessera's expert reports, or to amend the scheduling
8  order in the alternative, will be denied.

### B. Tessera's Motion to Preclude Rebuttal Reports

10  Tessera seeks an order precluding Sony from submitting rebuttal expert reports as a sanction
11  for "material misrepresentations." Tessera bases this motion on the court's inherent powers and
12  Local Civil 1-4. See B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107-1108 (9th Cir. 2002)
13  ((recognizing "the long-standing principle that courts of justice are universally acknowledged to be
14  vested, by their very creation, with power to impose silence, respect, and decorum, in their presence,
15  and submission to their lawful mandates.") (internal quotations omitted)); see also Civ. L.R. 1-4
16  ("Failure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule
17  may be a ground for imposition of any authorized sanction."). Under Ninth Circuit "controlling
18  cases, conduct that is 'tantamount to bad faith' is sanctionable." B.K.B., 276 F.3d at 1108 (quoting
19  Roadway Express, Inc. v. Piper, 447 U.S. 752, 767 (1980)).
20      Although Tessera cites numerous instances of what it considers "material
21  misrepresentations," the court does not find that Sony's conduct amounts to bad faith sufficient to
22  justify the imposition of sanctions. Accordingly, Tessera's motion will be denied.

### III. ORDER

24  Sony's Motion to Stike (Docket Item No. 134) and Tessera's Motion for Sanctions (Docket
25  Item No. 144) are DENIED. A scheduling order will issue separately forthwith.
26  **IT IS SO ORDERED.**
27  Dated: March 22, 2013

EDWARD J. DAVILA
United States District Judge

5
CASE NO. 5:11-cv-04399 EJD
ORDER DENYING DEFENDANT'S MOTION TO STRIKE; DENYING PLAINTIFF'S MOTION FOR SANCTIONS