1  **FOLEY & LARDNER LLP**
   ATTORNEYS AT LAW
2  555 California Street, 17th Floor
   San Francisco, CA 94104
3  Telephone:  415.434.4484
   Facsimile:  415.434.4507
4  Eileen R. Ridley, CA Bar No. 151735
   eridley@foley.com
5
   **FOLEY & LARDNER LLP**
6  ATTORNEYS AT LAW
   111 Huntington Ave., Ste. 2600
7  Boston, Ma 02199-7610
   Telephone:  617.342.4000
8  Facsimile:  617.342.4001
   Matthew B. Lowrie *(Pro Hac Vice)*
9  mlowrie@foley.com
   Aaron W. Moore *(Pro Hac Vice)*
10 amoore@foley.com

11 **FOLEY & LARDNER LLP**
   ATTORNEYS AT LAW
12 321 North Clark St., Ste. 2800
   Chicago, Ill. 60654-5313
13 Telephone:  312.832.4568
   Facsimile:  312.832.4700
14 Ruben J. Rodrigues *(Pro Hac Vice)*
   rrodrigues@foley.com
15
   Attorneys for Defendant SONY
16 CORPORATION

17                 **UNITED STATES DISTRICT COURT**
18              **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN JOSE DIVISION**
19

20

21 TESSERA, INC.,                    ) Case No:  5:11-CV-04399-EJD
   a Delaware Corporation.           )
22                                   ) **SONY'S OPPOSITION TO TESSERA'S**
                  Plaintiff,         ) **MOTION TO STRIKE SONY'S MOTION**
23                                   ) **FOR PARTIAL SUMMARY JUDGMENT**
          vs.                        )
24                                   ) Judge:  Hon. Edward S. Davila
   SONY CORPORATION,                 )  Mag. Judge: Hon. Howard R. Lloyd
25 a Japanese Corporation,           )
                                     )
26                Defendant.         )
                                     )
27 ─────────────────────────────────)

28

CASE NO.5:11-CV-04399-EJD (HRL)                    SONY'S OPPOSITION TO TESSERA'S
                                                   MOTION TO STRIKE SONY'S MOTION
                                                   FOR PARTIAL SUMMARY JUDGMENT

# **ARGUMENT**

Sony most certainly has not "violated the Court's orders," and Tessera's assertions to the contrary are without any basis in fact.  This repeated claim, and many others like it, is calculated to unfairly and improperly prejudice the Court against Sony.  Tessera's conduct is improper, it is unethical, it is unseemly, and it should stop.

Setting aside the relentless and baseless attacks on Sony and its counsel, Tessera's argument is that Sony should not be permitted to file a motion for summary judgment because any motion should have been filed in January.  The argument must fail because there was no such deadline.  Fed. R. Civ. P. 56(c) provides that "[u]nless a different time is set by local rule or the court orders otherwise, a party may file a motion for summary judgment at any time until 30 days after the close of all discovery."  Here, the original January 11th deadline was removed in the January 7th Order extending expert discovery past the January 11th date.  (D.I. 131.)  Thus, without any other deadline being set, the Federal Rules provide that summary judgment motions were due thirty-days after all discovery closed, on July 1, 2013.

The deadline could not have been in January, when it would have fallen long before expert reports were served, and long before expert discovery completed.  Under Tessera's theory, Sony can ***never*** seek summary judgment on issues raised in Tessera's expert reports.

And, to be very clear, had Sony moved for summary judgment in January—on the grounds, for example, that there was no evidence of any failure by Sony to pay royalties—Tessera surely would have objected that the motion was "premature" because at that time Tessera was still working on the report of its expert, Dr. Bravman, which identified for the first time the products on which Sony has allegedly failed to pay royalties owed under the Agreement.

Tessera desperately wants to avoid the summary judgment process because its entire case is based on gross misreadings of the License Agreement, one of which the Court has already characterized as "extreme."  (*See* D.I. 83.)  These legal issues need to be resolved prior to trial, and addressing them through summary judgment would be far and away the most efficient way to handle them, and likely the

1

SONY'S OPPOSITION TO TESSERA'S
MOTION TO STRIKE SONY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

1    only way to facilitate a pretrial settlement.

2           Because Sony filed its Motion for Summary Judgment within the time provided by the Rules,

3    Tessera's Motion to Strike should be denied.

4    **I.      January 11, 2013 Was Not the Summary Judgment Deadline**

5           The original schedule provided for fact discovery, followed by expert discovery, followed by a

6    summary judgment deadline of January 11, 2013.  (*See* D.I. 30.)  As a result of a discovery dispute,

7    however, the deadlines for expert discovery were extended.  That happened by operation of an Order of

8    the Court (D.I. 131) on January 7, 2013—***before the original summary judgment deadline***—which

9    provided that "the following amended schedule shall apply to this case":

| EVENT | DEADLINE |
|---|---|
| Designation of Opening Experts with Reports | January 23, 2013 |
| Designation of Rebuttal Experts with Reports | February 13, 2013 |
| Expert Discovery Cutoff | March 1, 2013 |
| Preliminary Pretrial Conference | 11:00 a.m. on March 22, 2013 |
| Joint Preliminary Pretrial Conference Statement | March 12, 2013 |

15          Thus, the January 7th Order set a new schedule that did not include any deadline for summary

16   judgment motions, and Sony's counsel removed the date from its docket.  Pursuant to Fed. R. Civ. P.

17   56(c), since there was no other deadline set, the parties were free to file summary judgment motions "at

18   any time until 30 days after the close of all discovery."

19          In addition to the fact that the Court issued a new Scheduling Order that did not include a

20   summary judgment deadline in January, the deadline cannot have fallen on January 11, 2013 because

21   that would have been long before all discovery was complete.  Tessera is offering essentially its entire

22   case though its experts, and they had not served their opening reports, served their rebuttal reports, or

23   been deposed in January.

24          For example, one issue in this case is the fact that Tessera's technical expert concludes that

25   various Sony chips meet the technical definition in the License Agreement by misconstruing the term

26

27                                                            2

28   CASE NO.5:11-CV-04399-EJD (HRL)                          SONY'S OPPOSITION TO TESSERA'S
                                                              MOTION TO STRIKE SONY'S MOTION
                                                              FOR PARTIAL SUMMARY JUDGMENT

1   "substrate" in the Agreement, in a way that renders the Agreement internally inconsistent, but allows

2   him to measure a key structural dimension improperly.  (*See* D.I. 189 at 24-25.)  Tessera did not raise

3   that argument until after the original summary judgment deadline passed.  Under Tessera's theory, Sony

4   can never address that issue via summary judgment.

5          Another issue involves the "finality" provision in the Agreement.  The parties' experts agree that

6   audits under the Agreement are final and, recognizing there to be no dispute, Sony has presented this

7   issue to the Court for resolution on summary judgment.  This aspect of the case did not crystallize until

8   expert discovery and Sony certainly would not have had an opportunity to raise it had the summary

9   judgment deadline fallen before expert discovery even began.

10         Tessera completely mischaracterizes two docket entries, D.I. 75-1 and D.I. 79-1, to argue that

11  "the parties and the Court repeatedly reaffirmed the January 11, 2013 deadline."  (D.I. 191, at 2.)  In

12  fact, those quotations concerned an *earlier* adjustment to the schedule, in which the summary judgment

13  deadline would not have had to move, because expert discovery still would have closed before the

14  original summary judgment deadline.  Those comments have nothing to do with the current situation

15  (because the later change *did* move expert discovery well past the original summary judgment date), and

16  it is disingenuous for Tessera to argue to the Court that they do.

17         The new schedule that the Court issued on January 7th—the one that "shall apply to this case"—

18  did not include a summary judgment deadline, meaning that the default deadline of Fed. R. Civ. P. 56

19  applied, and Sony's summary judgment motion was timely.

20  **II.    The Court Did Not "Reject Sony's Request for a New**

21         **Summary Judgment Deadline"**

22         In connection with the Preliminary Pretrial Conference that took place on March 22, 2013, the

23  parties submitted competing schedules, neither of which was adopted by the Court.  Instead, the Court

24  issued its own schedule for the rest of the case, which provided for the service of expert reports and the

25  completion of expert discovery.  (D.I. 197.)  The Order did not include any summary judgment deadline,

26  however, meaning that, again, the default deadline of Fed. R. Civ. P. 56 would apply.

27                                                    3

28  CASE NO.5:11-CV-04399-EJD (HRL)                                SONY'S OPPOSITION TO TESSERA'S
                                                                   MOTION TO STRIKE SONY'S MOTION
                                                                   FOR PARTIAL SUMMARY JUDGMENT

Tessera argues that the March 22nd Order was the "final case schedule." That is true, but it does not alter the fact that the Federal Rules provide for the summary judgment deadline as part of that schedule where, as here, the Court and the Local Rules do not set an alternative. Sony is not seeking to "amend the Pretrial Order," it is simply following the Federal Rules of Civil Procedure.

## III. Sony Does Not "Ignore the Court's Rules"

In Section III of its brief, Tessera again attacks, complaining that "Sony then, apparently falsely, stated in its summary judgment motion that '[c]ounsel for Sony attempted to reserve a hearing date for this Motion prior to filing, however, was unable to confer with Judge Davila's Courtroom Deputy to confirm a reservation.'" (D.I. 191, at 4.) In fact, that is exactly what happened, as counsel tried several times without success to contact the Court on July 1st. Unable to reach the Court, Sony noticed the motion for a day upon which the parties would already be before the Court, expecting that the clerk would reset the date once Sony had an opportunity to discuss a reservation with Judge Davila's Courtroom Deputy. Tessera made no inquiry of Sony's counsel regarding its attempts to contact the Court and is instead content to attack Sony even where it admittedly has no basis for doing so.

## IV. The Motion Should Not be Stricken

Again, Sony acted in full compliance with the Rules. The original summary judgment date having been removed before it was reached when the Court issued a new scheduling order, and no other deadline ever having been imposed by the Court or by the Local Rules, Sony filed its motion within the time expressly provided for by the Federal Rules. Sony's motion was not "unauthorized"—it was *specifically* authorized by Fed. R. Civ. P. 56.

Tessera's claims that Sony is "disregarding" the scheduling order and "willfully violating the Court's Order" are based on the false premise that the January 11 deadline—which was removed before it was reached, and which fell before Tessera served its expert reports—was the operable deadline. That cannot be correct, for the reasons described above. Tessera's attacks are improper, unfair, and entirely unfounded.

Tessera also argues that Sony could have moved for summary judgment on some issues earlier.

4

1   That argument misses the mark.  Even if some issues were ripe for summary judgment earlier, that does

2   not mean that all issues were and, in fact, Sony's motion addresses issues, including the "substrate" and

3   "finality" issues described above, that were not even known until Tessera filed its expert reports.

4   Moreover, almost all of Tessera's experts at least try to address multiple issues addressed in Sony's

5   motion.  It is abundantly clear that, had Sony moved for summary judgment earlier, Tessera would have

6   objected that the motion was premature, no doubt vociferously attacking Sony for various types of

7   imagined misconduct along the way.  It is also clear that if Sony had filed an early summary judgment

8   motion and then sought to file another one, after seeing the new arguments made for the first time in

9   Tessera's expert reports, Tessera would have objected on the grounds that Sony should not be permitted

10  to file multiple motions.  The argument that Sony could have filed earlier is nothing more than a red

11  herring.

12         The timing of Sony's motion follows the original framework of the case—fact discovery,

13  followed by expert discovery, followed by summary judgment—as well as the framework of the Federal

14  Rules of Civil procedure, which provide for the filing of summary judgment motions 30 days after the

15  close of all discovery.  More fundamentally, the entire purpose of the summary judgment procedure is to

16  streamline cases for trial.  Tessera is trying to impose a situation in which that important procedural tool

17  is entirely unavailable to Sony, turning the trial of this case into a free-for-all.  This would be the

18  antithesis of the "orderly process" to which Tessera gives lip service.  (*See* D.I. 191, at 5.)

19         Because Sony certainly has not "flagrantly disregarded" any Court order, and because Sony's

20  summary judgment motion is timely under the Rules and could not have been filed earlier, Tessera's

21  motion to strike should be denied

22

23

24

25

26

27                                             5

28  CASE NO.5:11-CV-04399-EJD (HRL)                    SONY'S OPPOSITION TO TESSERA'S
                                                       MOTION TO STRIKE SONY'S MOTION
                                                       FOR PARTIAL SUMMARY JUDGMENT

Dated:  July 8, 2013                          FOLEY & LARDNER LLP

                                              Matthew B. Lowrie
                                              Eileen R. Ridley
                                              Aaron W. Moore
                                              Ruben J. Rodrigues


                                              By:  _____/s/ Aaron W. Moore
                                              Aaron W. Moore

                                              Attorneys For Defendant SONY CORP.

6

SONY'S OPPOSITION TO TESSERA'S
MOTION TO STRIKE SONY'S MOTION
FOR PARTIAL SUMMARY JUDGMENT

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 8th day of July, 2013, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

By: */s/ Ruben J. Rodrigues*

Ruben J. Rodrigues

7