**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
555 California Street, 17th Floor
San Francisco, CA 94104
Telephone: 415.434.4484
Facsimile: 415.434.4507
Eileen R. Ridley, CA Bar No. 151735
eridley@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
111 Huntington Ave., Ste. 2600
Boston, Ma 02199-7610
Telephone: 617.342.4000
Facsimile: 617.342.4001
Matthew B. Lowrie *(Pro Hac Vice)*
mlowrie@foley.com
Aaron W. Moore *(Pro Hac Vice)*
amoore@foley.com

**FOLEY & LARDNER LLP**
ATTORNEYS AT LAW
321 North Clark St., Ste. 2800
Chicago, Ill. 60654-5313
Telephone: 312.832.4568
Facsimile: 312.832.4700
Ruben J. Rodrigues *(Pro Hac Vice)*
rrodrigues@foley.com

Attorneys for Defendant SONY CORPORATION

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN JOSE DIVISION**

| | |
|---|---|
| TESSERA, INC., a Delaware Corporation. <br><br> Plaintiff <br><br> vs. <br><br> SONY CORPORATION, a Japanese Corporation, <br><br> Defendant. | Case No: 5:11-CV-04399-EJD (HRL) <br><br> **SONY CORPORATION'S NOTICE OF MOTION AND ADMINISTRATIVE MOTION TO STRIKE TESSERA, INC.'S MOTION FOR SANCTIONS AGAINST DEFENDANT SONY CORPORATION FOR NON-COMPLIANCE WITH DISCOVERY ORDERS FOR UNTIMELINESS** <br><br> Mag. Judge: Hon. Howard R. Lloyd |

1

CASE NO.5:11-CV-04399-EJD (HRL)　　　　Sony's Admin. Mot. to Strike Tessera's Mot. for Sanctions for Untimeliness

# NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT, pursuant to Civil Local Rule 7-11, Defendant Sony Corporation ("Sony") respectfully moves the Court for an order striking Tessera's "Motion for Sanctions Against Sony Corporation for Non-Compliance with Discovery Orders" on the grounds that it is untimely under Local Rule 7-8 and not in compliance with Fed. R. Civ. P. 37.

This motion is based upon the Memorandum of Points and Authorities filed in support hereof and the supporting Declaration of Aaron W. Moore.

# MEMORANDUM OF POINTS AND AUTHORITIES

Tessera continues to grossly mischaracterize the record in this case, with relentless but incorrect and unfounded accusations, many of which border on outright fabrication,[1] in an effort to prejudice the Court against Sony.  But putting aside for the moment its many demonstrable mischaracterizations, the motion for sanctions should be stricken as untimely under Local Rule 7-8, which requires that a motion for sanctions be brought "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate," a requirement that Tessera does not even mention, and certainty cannot satisfy.

Even if Tessera's attempt to recast its stale complaints as arising from the more recent expert reports were successful, the motion would still be untimely as to those issues, because Sony's rebuttal expert reports were served *more than four months ago*, on April 5, 2013.

Tessera's half-hearted attempt to seek recovery of fees for the preparation of the Bravman expert report due to an alleged failure to produce documents is also completely stale, and thus barred by Local Rule 7-8, because Sony completed its document production pursuant to Judge Davila's order on December 31, 2012, more than *seven months* before Tessera filed its

---

[1] For example, Tessera cites various Requests for Production served by Tessera in this case, to which Sony timely objected, and then cites to Judge Lloyd's order on DDJR#4.  However, Tessera *significantly narrowed* its requests in conjunction with the preparation of DDJR#4 in an attempt to more closely relate its requests to the agreement at issue. (*See* Dkt. No. 77)  Tessera fails to note that the Court *did not* order discovery on Tessera's original requests for production, which remain extraordinarily and improperly broad.

1

CASE NO.5:11-CV-04399-EJD (HRL)    SONY'S ADMIN. MOT. TO STRIKE TESSERA'S MOT. FOR SANCTIONS FOR UNTIMELINESS

1  motion, and Tessera served the expert report on January 23, 2013, *six and a half months* before
2  it filed its motion.
3        Finally, to the extent Tessera's motion complains about instructions not to answer given
4  at Dr. Clech's May 21, 2013 deposition, it is similarly stale and also completely frivolous
5  because the sanctions rule that Tessera apparently seeks to invoke, Fed. R. Civ. P.
6  37(b)(2)(A)(ii), requires a violation of a discovery order, and the instructions unquestionably did
7  not violate any order, nor does Tessera even allege that they did.
8        Most troubling—but also most telling—is that, despite the lengthy amount of time that
9  has passed since the events about which Tessera now complains, Tessera waited until the
10 evening before the Court-ordered settlement conference before Magistrate Judge Grewal to file
11 the present motion, in an obvious effort to poison the settlement conference with unfounded
12 allegations of misconduct, to which Sony would not have an opportunity to respond. Tessera has
13 now graduated from seeking to frustrate Sony's efforts to obtain a fair adjudication to seeking to
14 frustrate the Court's efforts to facilitate a reasonable settlement.

### Tessera's Motion is Untimely

16 Local Rule 7-8 is clear that "[a]ny motion for sanctions, regardless of the sources of
17 authority invoked . . . must be made as soon as practicable after the filing party learns of the
18 circumstances that it alleges make the motion appropriate." Civ. L.R. 7-8; *see, e.g., Mondragon*
19 *v. Fernandez*, No. 08-cv-05722, 2010 U.S. Dist. LEXIS 56093 (N.D. Cal. May 18, 2010)
20 (denying a motion for sanctions filed after a five month delay, explaining that the Local Rules
21 require that a motion for sanctions be made "as soon as practicable after the filing party learns of
22 the circumstances that it alleges make the motion appropriate").
23       Despite Tessera's lengthy and misleading description of the procedural history of this
24 case, Tessera's motion actually seeks sanctions for just three things, all of which are stale, and
25 one of which is also frivolous on its face.

### *Tessera's Complaints About Sony's Expert Reports are Untimely*

Tessera first complains that Sony's experts, Dr. Clech and Dr. Serwin, in rebutting allegations made for the first time in Tessera's opening expert reports, relied on documents that Sony was allegedly required to but did not produce.

Sony strongly disagrees with the endlessly repeated allegations that documents were improperly withheld. But even if there could be merit to such claims, the Clech and Serwin reports were served on *April 5, 2013*, more than *four months* before Tessera filed the instant motion. And not only did Tessera wait four months to file this motion for sanctions, it made no objection to inclusion of the material in the reports—despite deposing both experts at length—at any point prior to the August 6th filing of the motion. Sony did not even know that Tessera had such complaints until it read the instant motion papers.

Tessera cannot argue that it was not aware of this issue *four months* ago, nor does it even try to excuse its lengthy delay. This complaint is therefore barred by Local Rule 7-8, as it clearly was not made "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate," as required by this Court's rules.

### *Tessera's Complaints About Its Own Expert Report Are Even More Untimely*

Tessera also seeks $640,000 in a one paragraph argument on the last page of its motion. The claim is that Sony should pay for the preparation of Tessera's expert report because Sony allegedly did not produce documents. This allegation is particularly deceptive because, as Tessera knows, Sony does not have documents showing the *internal* structures of the chips that are made by *others* and assembled (often by *others*) into Sony products or components used in Sony products. Tessera does not have documents about such chips because Sony does not have them, but also because Tessera did not even try to take any third-party discovery in this case.

In any event, Tessera served the completed Bravman expert report on January 23, 2013, *six and a half months* before Tessera filed this motion. Because Tessera cannot argue that it

3

CASE NO.5:11-CV-04399-EJD (HRL)　　　　　　　　　Sony's Admin. Mot. to Strike Tessera's Mot. for Sanctions for Untimeliness

was not aware of this issue well over **six months** ago, and it makes no effort to excuse its lengthy delay, this complaint also is barred by Local Rule 7-8 as not raised "as soon as practicable after the filing party learns of the circumstances that it alleges make the motion appropriate."

*Tessera's Complaints About Instructions At Dr. Clech's*

*Deposition Are Both Frivolous and Untimely*

Finally, Tessera argues that testimony of Dr. Clech should be excluded as a sanction because Sony's counsel instructed him to not answer certain questions relating to his communications with counsel in preparing his report. Tessera is right to be concerned about this testimony because it involves Dr. Clech's identification of a shocking number of significant errors and omissions in an analysis conducted by unidentified consultants whose work product Dr. Bravman adopted and incorporated into his expert report.

However, the instructions given by Sony's counsel were entirely proper under Fed. R. Civ. P. 26, which specifically immunizes attorney-expert communications from discovery. *See* Fed. R. Civ. P. 26(b)(3)(A) and (B). This is something that Tessera knows quite well, having refused to have its own experts answer such questions. (*See, e.g.*, Declaration of Mr. A. Moore, Ex. A, Transcript of the Deposition of David Cabello, at 69 (Tessera's counsel confirming at the deposition of its own expert that drafting and drafts of expert reports are not appropriate subjects of inquiry).) Tessera's argument that these instructions were improper is contradicted by its counsels' instructions to its own experts.

Worse, Tessera's motion for sanctions on this issue is improper on its face because Rule 37 requires violation of a discovery order, *see* Rule 37(b)(2)(A)(ii) (providing for sanctions where a party "fails to obey an order to provide or permit discovery"), and the instructions are not even alleged to violate any order. And, under the Local Rules, it is too late to file a motion to compel. *See* Local Rule 37-3 (providing that "no motions to compel expert discovery may be filed more than 7 days after the expert discovery cut-off"). Thus, there is absolutely no basis for "sanctions" stemming from the deposition instructions.

Finally, in addition to being completely unfounded, the sanctions effort concerning the deposition instructions is also untimely, as the Clech deposition took place on May 21, 2013, ***two and half months*** before the filing of Tessera's motion.  In this instance, the allegedly improper conduct took place on the record at a deposition being taken by Tessera's lead counsel in this case.  Again, however, Tessera makes no effort to explain why it did not bring this motion "as soon as practicable after . . . learn[ing] of the circumstances that it alleges make the motion appropriate."

## **Conclusion**

The simple fact is that Tessera had no interest in moving to compel additional discovery prior to the expert-discovery cut-off, nor did it seek a timely motion for contempt or for sanctions prior to either the fact or expert discovery cut-off dates, or even at a reasonably prompt time after those cut-offs.

Having sat on its hands for many months, Tessera is barred by the rules of this Court from seeking sanctions.

Dated:   August 8, 2013

FOLEY & LARDNER LLP
Matthew B. Lowrie
Eileen R. Ridley
Aaron W. Moore
Ruben J. Rodrigues

By:    */s/ Aaron W. Moore*
              Aaron W. Moore

Attorneys For Defendant SONY CORPORATION

**CERTIFICATE OF SERVICE**

  I hereby certify that on this 8th day of August, 2013, a copy of the foregoing was filed electronically through the Court's CM/ECF system, with notice of case activity automatically generated and sent electronically to all parties.

DATE:   August 8, 2013

              By:  */s/ Ruben J. Rodrigues*
                  Ruben J. Rodrigues

6

CASE NO.5:11-CV-04399-EJD (HRL)      SONY'S ADMIN. MOT. TO STRIKE TESSERA'S MOT.
                           FOR SANCTIONS FOR UNTIMELINESS